**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| **JOHN M. PITMAN, III** | ) |
| | ) |
| **and** | ) |
| | ) |
| **PENINSULA PLASTIC SURGERY CENTER, LTD** | ) **Civil Action No.:** |
| | ) **4:16-cv-00179-HCM-DEM** |
| *Plaintiffs,* | ) |
| | ) |
| **v.** | ) |
| | ) |
| **XCENTRIC VENTURES, LLC** | ) |
| | ) |
| **and** | ) |
| | ) |
| **EDWARD MAGEDSON** | ) |
| | ) |
| **and** | ) |
| | ) |
| **DARREN M. MEADE** | ) |
| | ) |
| **and** | ) |
| | ) |
| **TRACEY A. RICHTER** | ) |
| | ) |
| **and** | ) |
| | ) |
| **ANNA RICHTER** | ) |
| | ) |
| **and** | ) |
| | ) |
| **BERT PITMAN (a/k/a BERT RICHTER)** | ) |
| | ) |
| *Defendants.* | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION TO STRIKE AFFIDAVIT OF EDWARD MAGEDSON**

Plaintiffs, John M. Pitman ("Pitman") and Peninsula Plastic Surgery Center, LTD.

("PPS') (collectively the "Plaintiffs"), by counsel, submit the following Memorandum in Support

of Plaintiffs' Motion to Strike Affidavit of Edward Magedson. ("Magedson") which was filed

with Defendant Xcentric Ventures, LLC's ("Xcentric") Notice of Removal.  In support thereof,

Plaintiffs state as follows:

**PRELIMINARY STATEMENT**

The affidavit of Magedson is filled with declarations based solely on the statements of his

friend and Co-Defendant Anna Richter.  These unsupported statements are hearsay and allegedly

detail the activities of Ms. Richter's grandson and Co-Defendant Bert Pitman.  Since the

Declaration is based solely on inadmissible hearsay, it should be stricken.

**ARGUMENT & AUTHORITIES**

**I.      The Affidavit Contains Inadmissible Hearsay and it Otherwise Defective in
        Violation of Well Established Precedent Governing the Admissibility of
        Affidavits in Federal Court Proceedings.**

It is well established that federal courts have the "authority to look beyond the pleadings

and consider summary-judgment-type evidence, such as the affidavits and the depositions

accompanying either a notice of removal or a motion to remand."  *See Linnin v. Michielsens*, 372

F.Supp.2d 811, 819 (E.D. Va. 2005) (*quoting* Charles A. Wright, Arthur R. Miller, & Edward H.

Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3641); *See also* Fed. R. Civ. P

43(c).  In evaluating affidavits, federal courts have consistently held that the sworn statements

must be based personal knowledge and must set out facts that would be admissible in evidence.

*See Greensboro Professional Fire Fighters Ass'n v. City of Greensboro*, 64 F.3d 962, 967 (4th

Cir.1995) (inadmissible hearsay in depositions and affidavits may not support or oppose

summary judgment motion; *Versatile v. Johnson*, 2011 WL 1167440 (E.D. Va 2011) (granting

motion to strike affidavits containing inadmissible hearsay).

The Magedson affidavit is based entirely upon inadmissible hearsay.  Hearsay is a

statement, other than one made by the declarant while testify at the trial or hearing, offered in

2

evidence to prove the truth of the matter asserted.  *See* Fed. R. Evid. 801(c).  The Federal Rules

of Evidence further provide that: "Hearsay is not admissible except as provided by these rules . .

." Fed. R. Evid. 802.  The affidavit is not based upon Magedson's personal knowledge, but

instead only offers the statements of Anna Richter and other unknown sources.

All the operative paragraphs of the Magedson affidavit contain hearsay.  At the outset,

the affidavit states that Magedson has "spoken with codefendant Anna Richter about the

domicile of codefendant Bert Pitman."  (Magedson Aff. ¶ 2).  The affidavit then outlines what

Anna Richter told Magedson about Bert Pitman.  Paragraph three of the affidavit offers

unadulterated hearsay and relays the out-of-court statements of Anna Richter through Magedson.

By way of Magedson, Anna Richter claims that "contrary to the allegations of the complaint in

the referenced action, Mr. [Bert] Pitman resides in Iowa."  (Magedson Aff. ¶ 3).  This is hearsay.

Paragraph four also contains inadmissible hearsay and provides that "Ms. Richter

*reported* that Mr. [Bert] Pitman has an Iowa driver's license and a full-time job in Iowa.

(Magedson Aff. ¶ 4) (emphasis added).  Again, this is hearsay as Magedson is only offering the

"reports" of Anna Richter- who is not the affiant.

Paragraphs five and six also contain inadmissible hearsay- this time from unknown

sources.  Magedson claims that he is "further informed" from a hidden source which is not

verifiable or discernable from the affidavit.  Magedson attaches no documents to the affidavit to

support his claims nor does he state where or how he learned the information he sets forth in

paragraphs five and six.

The entire affidavit should be struck and disregard by this Court as it offers no creditable

or admissible evidence.  Instead, the affidavit merely outlines out-of-court statements in an

attempt to improperly remove this action to federal court.  Xcentric's attempts to secure

jurisdiction in this Court based upon the defective affidavit should be rejected by this Court.

**II.      The Court Should Strike the Improper and Unsupported Portions of Xcentric's Notice of Removal.**

In support of its Notice of Removal, Xcentric relies on the Magedson affidavit.  Plaintiffs

have properly objected to Xcentric's reliance on the Magedson affidavit.  For the reasons stated

here, the Court should strike and disregard the sections of Xcentric's Notice of Removal relying

on or referencing the Magedson affidavit.

## CONCLUSION

For the foregoing reasons, the Plaintiff's respectfully requests that this Court grant its

Motion to Strike the Affidavit of Edward Magedson and disregard its contents in ruling on

Xcentric's Notice of Removal.

Respectfully submitted,

JOHN M. PITMAN, III, and
PENINSULA PLASTIC SURGERY
CENTER, LTD

By: /s/     Aaron Balla Houchens
    Of Counsel

Aaron B. Houchens, Esq. (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy.
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com

Stephen M. Smith, Esq. (VSB #14362)
Seth D. Scott, Esq. (VSB #80907)
David B. Holt, Esq. (VSB #65564)
THE SMITH LAW CENTER
2100 Kecoughtan Road
Hampton, Virginia 23661
757-244-7000 (telephone)
757-245-7740 (facsimile)
ssmith@braininjurylawcenter.com
sscott@attorneys4injured.com
dholt@ attorneys4injured.com

*Counsel for Plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, 2016, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing (NEF) to the following:

H. Jonathan Redway, Esq.
Nicole M. Meyer, Esq.
Seth B. Waxman, Esq.
1825 Eye Street N.W., Suite 900
Washington, D.C. 20006
Phone: (202) 457-0160
Fax: (844) 670-6009
jredway@dickinson-wright.com
nmeyer@dickinson-wright.com
swaxman@dickinson-wright.com

*Counsel for Defendant Xcentric Ventures, LLC*

And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

Thomas K. Norment, Esq.
Kaufman & Canoles
4801 Courthouse Street, Suite 300
Williamsburg, Virginia 23188
(757) 259-3835 (Tel.)
(888) 360-9092 (Fax)
tknorment@kaufcan.com
(also provided with a copy of the NEF accompanying this filing)

*Counsel for Defendants Anna Richter and Bert Pitman*

Tracey A. Richter
Iowa Correctional Institution for Women
420 Mill Street SW
Mitchellville, Iowa 50169
(also provided with a copy of the NEF accompanying this filing)

*Defendant, Pro Se*

/s/     Aaron Balla Houchens
Aaron B. Houchens, Esq. (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy.
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com