**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

JOHN M. PITMAN, III, *et al.*,

              Plaintiffs,

      - vs -

XCENTRIC VENTURES, LLC.,
*et al.*,

              Defendants.

Civil No.:
4:16-cv-00179-HCM-DEM

**MEMORANDUM OF LAW IN SUPPORT OF EDWARD MAGEDSON'S AND
XCENTRIC VENTURES, LLC'S MOTION TO DISMISS FOR
<u>LACK OF PERSONAL JURISDICTION</u>**

**Introduction**

This Court does not have personal jurisdiction over Edward Magedson or Xcentric

Ventures, LLC because, as is clear from the Complaint, neither defendant undertook a single act

in the Commonwealth of Virginia. Therefore, the plaintiffs' suit must be dismissed with

prejudice.

**Facts Alleged in the Complaint**

According to the Complaint, in November 2011, Tracey Richter was convicted of

murdering her neighbor, Dustin Wehde, in Iowa. Compl. ¶ 47. The Complaint alleges that one of

the plaintiffs, John Pitman, testified against Tracey Richter during the criminal trial. *Id.*

The Complaint alleges that, on September 11, 2012, defendant Darren Meade made a

posting on the webpage Ripoff Report.com "which outlined what he claimed to be his

independent investigation into the facts of Wehde's murder, Richter's trial and her conviction."

Compl. ¶ 64.[1] The Complaint alleges that, ten days later, on September 21, 2012, Meade posted

additional information about Tracey Richter's trial on Ripoff Report. *Id.*

The Complaint alleges that, in January 2013, two more posts were made on Ripoff

Report. Compl. ¶¶ 69-74. The Complaint speculates that these January 2013 posts were authored

by Meade. Compl. ¶ 75. The Complaint alleges that the September 2012 and January 2013 posts:

- were "false and defamatory" (Compl. ¶¶ 92, 131, 137);

- were "false and misleading" (Compl. ¶¶ 76, 78, 93, 95);

- contain "defamatory information" (Compl. ¶ 130);

- should be removed "given their defamatory nature" (Compl. ¶ 132);

- harmed the plaintiffs' "reputation" (Compl. ¶¶ 85, 86, 87, 138); and

- injured the plaintiffs' "reputation and business good will" (Compl. ¶¶ 112, 118, 124).

The Complaint attempts to assert five causes of action: (1) tortious interference; (2)

common law conspiracy; (3) statutory business conspiracy (by Peninsula Plastic Surgery Center,

Ltd. only); (4) declaratory judgment (against Xcentric only); and (5) injunctive relief (against

Xcentric only).

## Applicable Standard

Magedson and Xcentric are moving to dismiss the Complaint on the basis that there is no

personal jurisdiction over them and because the statute of limitations has passed. When a

12(b)(2) motion to dismiss for lack of personal jurisdiction is filed, it "is on the plaintiff 'to

prove grounds for jurisdiction by a preponderance of the evidence.'" *Bay Tobacco, LLC v. Bell*

---

[1]    As the Complaint explains, Ripoff Report "assists customers to be able to take action for themselves." Compl. ¶ 16. It allows users to complain anonymously about companies or persons, and allows companies or individuals who have been named in a report to respond with a rebuttal. Compl. ¶¶ 17-18.

*Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 491-92 (E.D. Va. 2003) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). "[A] Rule 12(b)(2) challenge raises an issue for the court to resolve, generally as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (citation omitted). "And because defendants file Rule 12(b)(2) motions precisely because they believe that they lack any meaningful contacts with the forum State where the plaintiff has filed suit, the better course is for the district court to follow a procedure that allows it to dispose of the motion as a preliminary matter." *Id.* at 268.

### Argument

**The Court Lacks Personal Jurisdiction Over Xcentric and Magedson Because There Are No Facts Showing That They Committed Any Acts or Omissions in the Commonwealth as Required by Va. Code § 8.01-328.1(A)(3)[2]**

Plaintiffs allege that Va. Code § 8.01-328.1(A)(3) provides jurisdiction over Xcentric, which is alleged to be an Arizona Limited Liability Company (Compl. ¶ 11), and over Magedson, who is alleged to be a resident of Arizona (Compl. ¶ 13), because they allegedly "caused tortious injury in the Commonwealth . . .". Compl. ¶ 14. Plaintiffs misstate the standard, which is far more demanding than they acknowledge in their Complaint. When measured against the actual legal standard, it is clear that the Court lacks personal jurisdiction over Xcentric and Magedson.

---

[2]   Although Magedson removed this case to federal court, and Xcentric joined in that notice of removal, removal does not confer personal jurisdiction. *See, e.g., Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) ("if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal . . . ."); *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses"); *Harrison v. L.P. Rock Corp.*, No. 99-cv-5886, 2000 WL 19257, at *1 n.1 (E.D. Pa. Jan. 7, 2000) ("Removal to federal court does not constitute waiver to object to this court's . . . exercise of personal jurisdiction").

The Virginia Code allows a court to exercise personal jurisdiction over a nonresident where the nonresident causes "tortious injury by an act or omission in this Commonwealth" and the cause of action arises out of that nonresident's act or omission in the Commonwealth. *See* Va. Code § 8.01-328.1(A)(3); *see also People Exp. Airlines, Inc. v. 200 Kelsey Assocs., LLC*, 922 F. Supp. 2d 536, 545 (E.D. Va. 2013) (holding that, to subject a non-resident defendant to personal jurisdiction in Virginia pursuant to § 8.01-328.1(A)(3), plaintiffs must allege facts showing that an act or omission essential to the alleged tort occurred in Virginia).

The critical fact allowing a Virginia court to force a non-resident defendant to litigate in the Commonwealth is that the nonresident committed an act or omission here. Where there are no facts showing that any act or omission was committed in the Commonwealth, there is no personal jurisdiction under § 8.01-328.1(A)(3), even if the alleged injury was felt here. Thus, in *People Exp.*, the Court held that, because the Complaint failed to allege facts showing that any act or omission was committed in Virginia, jurisdiction was lacking under (A)(3):

> regardless of whether PEOPLExpress has suffered a tortious injury, this Court may not exercise jurisdiction over 200 Kelsey pursuant to § 8.01-328.1(A)(3) because there are no facts suggesting that any aspect of such tortious injury was caused "by an act or omission *in this Commonwealth*."

*People Exp.*, 922 F. Supp. 2d at 545 (citation omitted; emphasis in original). *See also Cent. Va. Aviation, Inc. v. N. Am. Flight Servs., Inc.*, 23 F. Supp. 3d 625, 629 (E.D. Va. 2014) (holding that "[p]laintiff must establish the tortious conduct occurred while Defendant was in Virginia. . . . The same principle also applies when the tort alleged is an intentional tort" and granting motion to dismiss because "[t]here are simply no facts alleged in the Complaint, revealing that Defendant caused 'tortious injury *by an act or omission in this Commonwealth*'" (citations omitted; emphasis in original)).

The same is true here. There are no facts in the Complaint showing that Magedson or

Xcentric committed *any* act or omission in the Commonwealth. Without *any* allegation of an act

or omission committed in the Commonwealth, there is no long-arm jurisdiction over Magedson

or Xcentric under § 8.01-328.1(A)(3), which is the only alleged basis for personal jurisdiction.[3]

The Complaint must be dismissed on this basis alone.[4]

### Conclusion

For the foregoing reasons, Magedson and Xcentric respectfully request that the Court

grant this motion and dismiss the Complaint with prejudice.

Dated: February 28, 2017                          Respectfully submitted,

                                                  */s/ David A. Warrington*
                                                  David A. Warrington (VSB No. 72293)
                                                  LeClairRyan, A Professional Corporation
                                                  2318 Mill Road, Suite 1100
                                                  Alexandria, VA 22314
                                                  Phone: (703) 647-5926
                                                  Fax: (703) 647-5966
                                                  david.warrington@leclairryan.com

                                                  *Counsel for Edward Magedson and*
                                                  *Xcentric Ventures, LLC*

---

[3]     It is well-established that a person who simply places information on the Internet does not subject himself to jurisdiction in each state into which the electronic signal is transmitted and received, even if the effects might be felt in that state. *See, e.g., Young v. New Haven Advocate*, 315 F.3d 256, 263-64 (4th Cir. 2002) (reversing district court and holding that there was no personal jurisdiction over non-resident defendants who published article allegedly defaming Virginia resident on the internet); *FireClean, LLC v. Tuohy*, No. 1:16-cv-0294, 2016 WL 3952093, at *5-7 (E.D. Va. July 21, 2016) (holding no jurisdiction over Arizona nonresident who published blog allegedly defaming Virginia resident despite multiple contacts between plaintiff and defendant).

[4]     Even if plaintiffs could establish long-arm personal jurisdiction, they would have to establish that the exercise of jurisdiction comports with due process. *See Cent. Va. Aviation*, 23 F. Supp. 2d at 630. Because plaintiffs have not established long-arm jurisdiction, Magedson and Xcentric are not briefing the issue of due process, at this point. They reserve their right to later brief this issue, if it becomes necessary.

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all authorized users.

/s/ David A. Warrington
David A. Warrington (VSB No. 72293)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com

*Counsel for Edward Magedson and Xcentric Ventures, LLC*