IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| JOHN M. PITMAN, III, *et al.*,<br><br>    Plaintiffs,<br><br>  - vs -<br><br>XCENTRIC VENTURES, LLC.,<br>*et al.*,<br><br>    Defendants. | Civil No.:<br>4:16-cv-00179-HCM-DEM |

**MEMORANDUM OF LAW IN SUPPORT**
**OF EDWARD MAGEDSON'S AND XCENTRIC VENTURES, LLC'S**
<u>**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**</u>

**Introduction**

  The plaintiffs' lawsuit is a defamation case masquerading as a conspiracy and tortious interference with business expectancy case. The plaintiffs have resorted to this charade because Virginia's one-year statute of limitations passed on their defamation claim. Unfortunately for the plaintiffs, it is well-settled Virginia law that no amount of creative pleading can save the plaintiffs' claims.

  Furthermore, the plaintiffs' other causes of action are fatally flawed under well-established Virginia law. For these reasons, all of the plaintiffs' claims must be dismissed with prejudice.

**Facts Alleged in the Complaint**

  According to the Complaint, in November 2011, Tracey Richter was convicted of murdering her neighbor, Dustin Wehde, in Iowa. Compl. ¶ 47. The Complaint alleges that one of the plaintiffs, John Pitman, testified against Tracey Richter during the criminal trial. *Id.*

The Complaint alleges that, on September 11, 2012, defendant Darren Meade made a posting on the webpage Ripoff Report.com "which outlined what he claimed to be his independent investigation into the facts of Wehde's murder, Richter's trial and her conviction." Compl. ¶ 64.[1] The Complaint alleges that, ten days later, on September 21, 2012, Meade posted additional information about Tracey Richter's trial on Ripoff Report. *Id.*

The Complaint alleges that, in January 2013, two more posts were made on Ripoff Report. Compl. ¶¶ 69-74. The Complaint speculates that these January 2013 posts were authored by Meade. Compl. ¶ 75. The Complaint alleges that the September 2012 and January 2013 posts:

- were "false and defamatory" (Compl. ¶¶ 92, 131, 137);
- were "false and misleading" (Compl. ¶¶ 76, 78, 93, 95);
- contain "defamatory information" (Compl. ¶ 130);
- should be removed "given their defamatory nature" (Compl. ¶ 132);
- harmed the plaintiffs' "reputation" (Compl. ¶¶ 85, 86, 87, 138); and
- injured the plaintiffs' "reputation and business good will" (Compl. ¶¶ 112, 118, 124).

The Complaint attempts to assert five causes of action: (1) tortious interference; (2) common law conspiracy; (3) statutory business conspiracy (by Peninsula Plastic Surgery Center, Ltd. only); (4) declaratory judgment (against Xcentric only); and (5) injunctive relief (against Xcentric only).

---

[1] As the Complaint explains, Ripoff Report "assists customers to be able to take action for themselves." Compl. ¶ 16. It allows users to complain anonymously about companies or persons, and allows companies or individuals who have been named in a report to respond with a rebuttal. Compl. ¶¶ 17-18.

**Applicable Standard**

Magedson moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) and Xcentric moves pursuant to Fed. R. Civ. P. 12(c). A Rule 12(c) motion is analyzed under the same standard applicable to a motion made under Fed. R. Civ. P. 12(b)(6). *LeBlanc v. Mathena*, No. 2:12-cv-340, 2015 WL 4042175, at *3 n.3 (E.D. Va. July 1, 2015) (Wright Allen, J.), *aff'd, as amended*, 841 F.3d 256 (4th Cir. 2016). Under that familiar standard, a complaint survives a motion to dismiss only where "a plaintiff has set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Seitz*, No. 2:12-cv-283, 2014 WL 12527225, at *1-2 (E.D. Va. Mar. 31, 2014) (quoting *Bell Atl. Corp, v. Twombly*, 550 U.S. 544, 570 (2007)) (Wright Allen, J.). "'Factual allegations must be enough to raise a right to relief above the speculative level' and beyond the level that is merely conceivable.'" *Id.* (citations omitted). "[A] court is not required 'to accept as true a legal conclusion couched as a factual allegation,' or a legal conclusion unsupported by factual allegations." *Id.* (citation omitted). "Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim." *Id.* (citations omitted).

**Argument**

**I.    All of Plaintiffs' Causes of Action Are Impermissible End-runs Around the Time-Barred Defamation Claim**

The gravamen of plaintiffs' Complaint is that certain statements made on Ripoff Report allegedly harmed their reputation. In Virginia, a claim for defamation must be brought within one year of the publication of the allegedly defamatory statements. *See* Va. Code § 8.01-247.1. Here, because the statements were allegedly made in 2012 and 2013, and this suit was not filed until 2016, plaintiffs cannot assert a claim for defamation. As a result, plaintiffs have sued Magedson and Xcentric for the allegedly false and defamatory statements, but under other

nominal legal theories. This attempt to evade the requirements of Virginia law by rewording the cause of action for reputational harm must be rejected.

The law is clear that plaintiffs cannot avoid the requirements of a defamation claim, including its statute of limitations, by attempting to plead other causes of action that allege reputational harm from allegedly false and defamatory statements. This basic rule was established in *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46 (1988), a case premised on Virginia law, where the Supreme Court held that plaintiffs may not, through creative pleading, invoke other torts as a means of end-running the strict requirements of defamation law. *Id.* at 50-51. But Virginia courts recognized this principle even before *Hustler.* In *Smith v. Dameron,* No. 10998, 1987 WL 488719, at *1 (Va. Cir. Ct. Sept. 16, 1987), the court dismissed an emotional distress claim based on an allegedly false newspaper report. While publication of an allegedly false fact "may form the basis of an action for defamation," the court held, "a separate action for infliction of emotional distress which is premised solely on allegedly slanderous or libelous words themselves[] is not only superfluous but impermissibly duplicative." *Id.* at *4.

As in *Hustler* and *Dameron,* plaintiffs' claims of tortious interference with business expectancy, common law conspiracy and statutory business conspiracy are expressly and *solely* based on the statements made on Ripoff Report.[2] This claim, however, is only for defamation. Both Virginia law and the First Amendment prohibit recovery of publication-based damages under less stringently controlled theories than defamation, as both the Fourth Circuit

---

[2] As noted above, plaintiffs complain that the September 2012 and January 2013 posts were "false and defamatory" (Compl. ¶¶ 92, 131, 137); "false and misleading" (Compl. ¶¶ 76, 78, 93, 95); contained "defamatory information" (Compl. ¶ 130); should be removed "given their defamatory nature" (Compl. ¶ 132); harmed the plaintiffs' "reputation" (Compl. ¶¶ 85, 86, 87, 138); and injured the plaintiffs' "reputation and business good will" (Compl. ¶¶ 112, 118, 124). This is a quintessential defamation claim.

and this Court have previously held. *See, e.g., Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505, 522 (4th Cir. 1999) ("What Food Lion sought to do, then, was to recover defamation-type damages under non-reputational tort claims, without satisfying the stricter (First Amendment) standards of a defamation claim. We believe that such an end-run around First Amendment strictures is foreclosed by *Hustler*"); *Zeran v. America Online, Inc.*, 958 F. Supp. 1124, 1133 n.19 (E.D. Va. 1997) ("To be sure, Zeran is not the first plaintiff to attempt [to] avoid the strictures of defamation law by disguising a defamation claim as another tort. Courts uniformly reject such attempts" (citations omitted)).

Plaintiffs cannot sue Xcentric and Magedson for defamation because that claim is barred by Virginia's one-year statute of limitations. This fact does not allow plaintiffs to nominally recast the time-barred defamation claim as another tort. To the contrary, as numerous courts have held, where a plaintiff pleads various causes of action that are based upon allegedly defamatory statements, all of the claims are subject to the defamation statute of limitations. *See, e.g., Browning v. Clinton*, 292 F.3d 235, 244 (D.C. Cir. 2002) (holding that defamation's one-year statute of limitations applied to tortious interference with business expectancy claim where the defamatory conduct was "the sole basis for . . . the tortious interference . . ."); *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 146-47 (5th Cir. 2007) ("A two-year statute of limitations typically applies to [claims of tortious interference]. However, when allegedly defamatory statements form the sole basis for a plaintiff's tortious interference claim, defamation's one-year statute of limitations applies" (citation omitted)); *Bailey v. Ruehlman*, No. 3:16-cv-5, 2016 WL 498877, at *4 (S.D. Ohio. Feb. 9, 2016) (holding that one-year statute of limitations for defamation applied to conspiracy claims because a plaintiff "'cannot circumvent the statute of limitations period by labeling her claim as a conspiracy to commit defamation'"

5

(citation omitted)); *Clark v. Viacom Int'l, Inc.*, No. 3:12-0675, 2014 WL 1934028, at *11 (M.D. Tenn. May 13, 2014), *aff'd*, 617 Fed. Appx. 495 (6th Cir. 2015) (holding that a conspiracy to commit defamation claim was governed by the one-year statute of limitations applicable to libel).

At bottom, the Virginia General Assembly decided that reputational damages must be pursued within one year from their date of publication. Clever pleading cannot circumvent this statutory bar. Consequently, plaintiffs' tortious interference with business expectancy, common law conspiracy and statutory business conspiracy claims are all barred as a matter of law, either because they are impermissible attempts to avoid the strictures of the (time-barred) defamation claim or because they are based upon allegedly false and defamatory statements, and are thus governed by the one-year defamation statute of limitations.[3]

## II. Plaintiffs' Claims For Tortious Interference with Business Expectancy (Count 1), Declaratory Judgment (Count 4) and Injunctive Relief (Count 5) All Independently Fail As a Matter of Law

All plaintiffs' causes of action fail to state a claim upon which relief can be granted because all are, in fact, defamation claims barred by the statute of limitations. Each would also fail as a matter of law for independent reasons.

---

[3] Independently, a claim for common law or statutory conspiracy is governed by Virginia's two-year statute of limitations. *See, e.g., Tire Eng'g and Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 299-300 (4th Cir. 2012) (noting that district court had dismissed plaintiff's claim "under the Virginia business-conspiracy statute, Va. Code Ann. §§ 18.2-499 to 500, finding it barred by Virginia's two-year statute of limitations governing actions for personal injuries"); *Ebersole v. Anderson*, No. 5:13-cv-116, 2014 WL 1511671, at *2 (W.D. Va. Apr. 16, 2014) ("a business conspiracy claim in violation of Va. Code §§ 18.2-499-500 is similarly subject to a two-year statute of limitations"); *Cordon v. Aurora Loan Servs., LLC*, No. 1:10-cv-645-JCC, 2010 WL 3418214, at *6 (E.D. Va. Aug. 26, 2010) (holding that conspiracy claim was time barred where it was not brought within two years of the challenged conduct).

Here, according to the Complaint, the alleged conspiracy occurred in September 2012 and January 2013, when Meade allegedly made various posts on Ripoff Report about his investigation into Tracey Richter's trial. Compl. ¶¶ 63-75. Because plaintiffs did not file this suit until October 2016, which is well beyond the applicable two-year statute of limitations, the Court should dismiss Counts 2 and 3 as time-barred.

6

To plead a viable claim for tortious interference with business expectancy, plaintiffs would need to plead facts showing, *inter alia*, existence of a business relationship or expectancy with a probability of future economic benefit to plaintiff and defendant's knowledge of the relationship or expectancy. *Glass v. Glass*, 228 Va. 39, 51-52, 321 S.E.2d 69, 77 (Va. 1984). Plaintiffs' Complaint pleads no facts identifying any specific lost contract or business expectancy. This omission is fatal. *See, e.g., Gov't Employees Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 705-06 (E.D. Va. 2004) ("Because GEICO's allegations are too broad and conclusory to plead a specific, existing contract or expectancy with a specific party, plaintiff's claim for tortious interference with prospective economic advantage will be dismissed").

Nor have plaintiffs pled any *facts* showing *how* Magedson and Xcentric "had knowledge" of their specific business expectancies, as required to state a viable claim. *See, e.g., Mirafuentes v. Estevez*, No. 1:15-cv-610, 2015 WL 8177935, at *5 (E.D. Va. Nov. 30, 2015) (granting motion to dismiss with prejudice because "Sota has not done enough to survive the Motion to Dismiss because she failed to adequately allege that Estevez had knowledge of Sota's specific business expectancies. . . . Estevez's alleged knowledge of Sota's business does not equate to Estevez having knowledge of specific, existing contracts held by Sota").

In addition to the multiple foregoing deficiencies, "Virginia caselaw applying the tort of intentional interference with a business expectancy contain a fifth, unstated element to the prima facie case: a competitive relationship between the party interfered with and the interferor." *17th St. Assocs. v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 600-01 (E.D. Va. 2005) (multiple citations omitted). Plaintiffs have not pled that Xcentric and/or Magedson were competitors with plaintiffs, nor can they. This is fatal to their claim. *See, e.g., Whitaker v. Sheild*, No. 4:05-cv-130,

7

2006 WL 1321481, at *11 (E.D. Va. May 3, 2006) (granting defendants' motion to dismiss where complaint did not allege that defendants were competitors with plaintiffs).

At the end, plaintiffs have only pled that allegedly false statements damaged their reputation, and that they suffered a resulting lower business volume as a result. That claim, even if true, is a claim for defamation, which is time-barred by the statute of limitations. The deficiency cannot be cured by adding detail, because the essential facts of the Complaint are time-barred. Plaintiffs have not stated a claim for tortious interference with business expectancy,[4] and cannot do so.[5]

---

[4] Because the tortious interference claim fails, the common law and business conspiracy causes of action that depend upon underlying tortious conduct must also be dismissed. *See, e.g., Va. Vermiculite, Ltd. v. Historic Green Springs, Inc.*, 307 F.3d 277, 284 (4th Cir. 2002) (no statutory conspiracy claim where there was no underlying violation); *Microstrategy Servs. Corp. v. OpenRisk, LLC,* No. 1:14-cv-1244-JCC/IDD, 2015 WL 2126924, at *2 (E.D. Va. May 6, 2015) (dismissing common law and statutory business conspiracy claims where the underlying tort claim failed).

[5] With respect to the declaratory judgment claim asserted against Xcentric only (Count 4), the Virginia Supreme Court recently reiterated that such a cause of action does not lie where the controversy has already allegedly caused the plaintiff to suffer damages: "[a]s we have often said, 'where claims and rights asserted have fully matured, and the alleged wrongs have already been suffered, a declaratory judgment proceeding, which is intended to permit the declaration of rights before they mature, is not an available remedy.'" *Cherrie v. Va. Health Servs., Inc.*, 292 Va. 309, 318 n.2, 787 S.E.2d 855, 859 n.2 (Va. 2016) (citations omitted). Here, plaintiffs allege that they have already been damaged by the allegedly false and defamatory postings. Compl. ¶ 118 ("Plaintiffs suffered damages associated with the loss of business, injury to their reputation and business good will"). There is nothing more to declare. *See Jackson v. Ocwen Loan Servicing, LLC*, No. 3:15-cv-238, 2016 WL 1337263, at *12 (E.D. Va. Mar. 21, 2016) ("The Court will grant Ocwen's Motion to Dismiss Count VI of the Amended Complaint because declaratory relief serves no useful purpose in these circumstances: the Amended Complaint contains substantive claims that address the same conduct as the request for declaratory relief").

Finally, while Count 5 attempts to state a claim for injunctive relief against Xcentric, "'injunctive relief is a remedy and not a cause of action and it is improper to frame a request for an injunction as a separate cause of action.'" *Bloch v. Executive Office of the President*, 164 F. Supp. 3d 841, 862-63 (E.D. Va. 2016) (citation omitted).

**Conclusion**

For the foregoing reasons, Magedson and Xcentric respectfully request that the Court grant this motion and dismiss the Complaint with prejudice.

Dated: February 28, 2017          Respectfully submitted,

*/s/ David A. Warrington*
David A. Warrington (VSB No. 72293)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com

*Counsel for Edward Magedson and Xcentric Ventures, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all authorized users.

>  */s/ David A. Warrington*
> David A. Warrington (VSB No. 72293)
> LeClairRyan, A Professional Corporation
> 2318 Mill Road, Suite 1100
> Alexandria, VA 22314
> Phone: (703) 647-5926
> Fax: (703) 647-5966
> david.warrington@leclairryan.com
>
> *Counsel for Edward Magedson and Xcentric Ventures, LLC*