IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOHN M. PITMAN, III, *et al.*,

                **Plaintiffs,**

v.                                                       Civil Action No. 4:16cv179

XCENTRIC VENTURES, LLC., *et al.*,

                **Defendants.**

## OPINION & ORDER

This matter is before the Court on six related procedural motions: Plaintiffs John M. Pitman's and Peninsula Plastic Surgery Center's ("Plaintiffs') Motion to Remand ("First Motion to Remand"), Doc. 7; Plaintiffs' Motion to Strike Affidavit of Edward Magedson ("Magedson"), Doc. 10; Defendants [Anna] Richter and [Bert] Pitman's Motion to Set Aside the Default and For an Extension of Time to File Responsive Pleadings ("Motion to Set Aside the Default"), Doc. 28; Defendant Tracey Richter's Consent Motion for an Extension of Time to File Responsive Pleadings ("Consent Motion for Extension"), Doc. 30; Plaintiffs' Second Motion to Remand ("Second Motion to Remand"), Doc. 42; and Defendants Anna Richter and Bert Pitman's Motion for Leave to File a Reply Brief ("Motion for Leave to File a Reply Brief"), Doc. 46. For the reasons set forth herein, the Court **GRANTS** the Motion to Set Aside the Default, rendering the Motion for Leave to File a Reply Brief **MOOT**.[1] The Court also **DENIES** the Second Motion to Remand, rendering the First Motion to Remand and Motion to Strike Affidavit **MOOT**. The Court also **GRANTS** the Consent Motion for an Extension to the extent

---

[1] Defendants Bert Pitman and Anna Richter also withdrew their motion to dismiss in the companion case (Pitman II, Doc. 14) and requested leave to refile responsive motions in this case. The Court **GRANTED** eleven (11) days from the date of the hearing, until April 1, 2017, for those defendants to file any responsive motions.

necessary to **DEEM** Defendant Tracey Richter's motions from Pitman II, as well as the associated opposition and reply briefs, as timely filed in this case (No. 4:16cv179).

## I. PROCEDURAL HISTORY

Plaintiffs filed suit in the Circuit Court for Williamsburg/James City County, Virginia on October 6, 2016. Doc. 1, Ex. A. Defendant Xcentric Ventures, LLC ("Xcentric") was served on November 17, 2016, and timely noticed removal on December 7, 2016. See Doc. 1. On December 19, 2016, Plaintiffs filed a motion to remand the case for failure to obtain the consent of prior served defendants and failure to properly allege diversity. Docs. 7–8. Plaintiffs also sought to strike the affidavit of Magedson as to Bert Pitman's domicile. Doc. 10. Defendant Xcentric filed a response on January 3, 2017, indicating that it did not oppose remand. Doc. 20. No other defendant filed a response. Plaintiffs filed their reply on January 8, 2017. Doc. 22. Plaintiffs served Defendant Magedson on January 12, 2017.

On February 6, 2017, the clerk requested a status report from counsel based on the failure of Defendants Bert Pitman, Anna Richter, and Tracey Richter, and Darren Meade to file responsive pleadings. On February 7, 2017, Plaintiffs requested an entry of default as to Defendants Anna Richter and Bert Pitman for failure to file responsive pleadings. Doc. 24. On that same day, the clerk entered default as to Defendants Anna Richter and Bert Pitman. Doc. 25. On that same day, counsel for Bert Pitman, Anna Richter, and Tracey Richter entered an appearance. On February 8, 2017, Defendants Anna Richter and Bert Pitman filed the Motion to Set Aside Default. Doc. 28. On February 16, 2017, Defendant Tracey Richter filed the Consent Motion for Extension for her responsive pleadings. Doc. 30.

On February 10, 2017, Magedson filed his own Notice of Removal despite the case already being removed to federal court. See No. 4:17cv12 (hereinafter "Pitman II"), Doc. 1. He

properly alleged diversity of citizenship and obtained the consent of all prior defendants. Id. ¶¶ 8–24. His notice addressed Bert Pitman's domicile by including an affidavit from Bert Pitman stating that he left Virginia for Iowa as of July 2016 and has been domiciled in Iowa since that time, which predates the filing of the Complaint. Id., Ex. D.

Plaintiffs filed their opposition to the Motion to Set Aside Default on February 21, 2017. Doc. 36. Defendants Magedson and Xcentric filed motions to dismiss for lack of jurisdiction and for failure to state a claim in both dockets on February 28, 2017. Docs 37, 39; Pitman II, Docs. 5, 7. That same day, Defendants Tracey Richter, Bert Pitman, and Anna Richter all filed motions to dismiss in the other docket as they did not have leave to file in this docket. See Pitman II, Docs. 10–12, 14.

This Court consolidated the cases on March 2, 2017. Doc. 41. On March 4, 2017, Plaintiffs filed their Second Motion to Remand in light of the new Notice of Removal. Doc. 42. Plaintiffs also timely filed their oppositions to the pending motions to dismiss, with the exception that they did not file an opposition to Defendants Anna Richter and Bert Pitman's Motion to Dismiss, as those Defendants are currently in default in this docket. See Docs. 47–49. Defendants Tracey Richter, Anna Richter, and Bert Pitman filed their opposition to the Second Motion to Remand on March 15, 2017. Doc. 51. Defendants Xcentric and Magedson filed their opposition on March 16, 2017. Doc. 52.

## II. MOTION TO SET ASIDE DEFAULT

### A. Legal Standard

A Rule 55(c) motion allows the court to "set aside an entry of default for good cause." The disposition of such a motion "is a matter which lies largely within the discretion of the trial judge." Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th

Cir. 1967). In addressing whether good cause exists, a court should consider (1) whether the defendant has a meritorious defense or counterclaim, (2) the defaulting party's culpability for the default, (3) the prejudice to the non-moving party, and (4) the availability and effectiveness of sanctions less drastic than default. See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006). There is a strong preference for avoiding defaults and disposing of claims and defenses on their merits.

**B.  Analysis**

*i. Defendants Filed a Responsive Pleading*

Defendants Anna Richter and Bert Pitman filed a motion to crave oyer and a motion for a bill of particulars in state court, and the parties largely focused their argument on whether a motion for a bill of particulars qualifies as a responsive pleading after the case is removed.

Under Virginia law, a motion for a bill of particulars is a responsive pleading. See Va. Sup. Ct. R. 3:8. In contrast, the Federal rules abolished such motions in 1946. See Fed. R. Civ. P. 12(e) advisory committee's note to 1946 amendment. The Advisory Committee stated that "[r]eferences in this subdivision to a bill of particulars have been deleted, and the motion provided for is confined to one for a more definite statement. . . ." Id. Once parties remove a case to federal court, federal procedural rules govern the case. See Fed R. Civ. P. 81(c)(1); see also Smith v. Bayer Corp., 564 U.S. 299, 304 n. 1 (2011) (citing Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010)). However, courts should give effect to state proceedings such that pleadings filed in state court need not be duplicated in federal court. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70, 415 U.S. 423, 435–36 (1974); see also Fed. R. Civ. P. 81(c)(2) (stating that "repleading is unnecessary unless the court orders it").

Here, Defendants Anna Richter and Bert Pitman argue that their motions should be construed as a motion for a more definite statement under Rule 12(e). Doc. 29 at 3. They also seek fourteen (14) days for responsive pleadings beyond that motion, implicitly requesting additional time should the court find that their motion was not a responsive pleading. Id. at 8–9. Plaintiffs argue that a motion for a bill of particulars cannot be construed as a motion for a more definite statement because a motion for a bill of particulars provides different relief. Doc. 36 at 7. Plaintiffs also assert that the motion for a bill of particulars contains no requests that would be proper as a motion for a more definite statement. Id. at 8.

Courts in this district routinely construe state motions as their federal equivalent when a case is removed to federal court. See, e.g., McCray v. Ardelle Assocs. Inc., No. 4:14cv58, 2015 WL 3886318, at *3 (E.D. Va. June 23, 2015) (construing a demurrer and plea in bar as a motion to dismiss); Morgan v. Wal-Mart Stores E., LP, No. 3:10cv669, 2010 WL 4394096, at *2 (E.D. Va. Nov. 1, 2010) (construing a demurrer as a motion to dismiss). However, no case addresses whether a bill of particulars should be construed as a motion for a more definite statement. The closest citation that Defendants Anna Richter and Bert Pitman offer is Rogers v. Tri-State Minerals Corp., 51 F.R.D. 234 (N.D.W. Va. 1970), which quotes a treatise for the proposition that the motion for a more definite statement serves much the same function as the old bill of particulars. This citation aligns with the Advisory Committee's note, which indicates that the motion for a more definite statement is a narrower form of relief that replaced the bill of particulars. See Fed. R. Civ. P. 12(e) advisory committee's note to 1946 amendment.

The Court **FINDS** that a motion for a bill of particulars together with a motion to crave oyer is the equivalent of a motion for a more definite statement in federal court. Thus, Defendants Anna Richter and Bert Pitman were not in default.

## ii. Good Cause Exists to Set Aside Default

In assessing good cause, the Court considers (1) whether the defendant has a meritorious defense or counterclaim, (2) the defaulting party's culpability for the default, (3) the prejudice to the non-moving party, and (4) the availability and effectiveness of sanctions less drastic than default. See Payne, 439 F.3d at 204–05.

Defendants Anna Richter and Bert Pitman have at least one meritorious defense. They argue that Plaintiffs fail to allege sufficient facts to state a claim. Doc. 29 at 4–7.[2] Procedural defenses, such as lack of personal jurisdiction or failure to state a claim, can be meritorious defenses. See Bonney v. Roelle, 117 F.3d 1413, 1997 WL 407831 at *9 (4th Cir. 1997) (unpublished table decision); Buttar v. Nov., No. 3:10cv668, 2011 WL 2375492, at *3 (W.D.N.C. June 9, 2011); see also Vinten v. Jeantot Marine Alls., S.A., 191 F. Supp. 2d 642, 651 (D.S.C. 2002) (raising personal jurisdiction as a meritorious defense under a Rule 60 motion). The Fourth Circuit has stated that "[t]he underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2697 (2d ed. 1983)). Plaintiffs do not dispute the merits of the failure to state a claim. Instead, they assert that since the Court reviews whether the Complaint states a claim before entering default judgment, Defendants Anna Richter and Bert Pitman are not prejudiced on that argument by the default entry here. Doc. 36 at 16–17. Regardless of the questionable assertion that reviews under Rule 12(b)(6) and under Rule 55(b) are the same, the availability of review does not refute whether Defendants Anna Richter and Bert Pitman have a meritorious

---

[2] Defendants Anna Richter and Bert Pitman conceded at the hearing on these motions that they no longer contest personal jurisdiction.

motion. In addition, Plaintiffs argued at the hearing on this matter that the proposed motion only addressed one of their claims and that Defendants Anna Richter and Bert Pitman have no defenses to other claims. Defendants Anna Richter and Bert Pitman disputed that assertion. Nevertheless, a meritorious defense does not need to address every count, as a successful defense on one count would still result in a different outcome to the case. See Augusta Fiberglass Coatings, Inc., 843 F.2d at 812 (citations omitted). Thus, the Court **FINDS** that Defendants Anna Richter and Bert Pitman have a meritorious defense.

Defendants Anna Richter and Bert Pitman are not culpable for the default, as they acted with reasonable promptness. They did not file the notice of removal at issue in this case, and they were not responsible for Xcentric's failure to attach their motions to the notice of removal. They also had no reason to expect that their pleadings that were responsive in state court would suddenly render them in default after a different party removed the case. The clerk notified the Parties on February 6, 2017, that it did not believe that several defendants had filed responsive pleadings, and Defendants Anna Richter and Bert Pitman filed this motion within two (2) days of that notice and within one (1) day of the entry of default. They believed until that notice that their motions filed in state court qualified as responsive pleadings. Plaintiffs claim that the motion for a bill of particulars is dilatory because it is meritless. Doc. 36 at 17–18. That argument calls for a decision on the motion itself, which is not appropriate to an assessment of timeliness. Plaintiffs also note that Defendants Anna Richter and Bert Pitman's counsel stated in e-mails that he would file an answer, but he instead delayed filing while perfecting another removal action. See id. Defendants Anna Richter and Bert Pitman argued that they had previously filed a responsive motion and were awaiting entry of an uncontested motion to remand, and so they had no obligation to file anything further. Doc. 29 at 7. Thus, the Court

7

**FINDS** that Defendants Anna Richter and Bert Pitman made a good faith effort to be timely and were not dilatory or otherwise culpable for default.

Setting aside default would not prejudice Plaintiffs. In reviewing prejudice to Plaintiffs, courts examine whether any delay from default "(1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud." Vick v. Wong, 263 F.R.D. 325, 330 (E.D. Va. 2009) (internal citations omitted). Nothing in the briefs or at oral argument indicated that this mistake over whether certain motions qualified as responsive in federal court limits Plaintiffs' ability to present evidence, proceed with trial, or complete discovery, or otherwise was part of a fraud by Defendants Anna Richter and Bert Pitman. Thus, the Court **FINDS** that there is no risk of prejudice to Plaintiffs.

Defendants Anna Richter and Bert Pitman suggest that they be required to file a verified answer as an alternative sanction, while Plaintiffs do not suggest any alternative to default. Courts should consider whether any alternative sanctions are both available and effective to remedy the delay that caused default. See Payne, 439 F.3d at 204–05. Common sanctions are monetary sanctions, such as costs or attorneys' fees, against the dilatory attorneys who caused default. See Vick, 263 F.R.D. at 331 (internal citations omitted). Defendants Anna Richter and Bert Pitman cite no authority to support that a verified answer is an effective remedy for the delay that occurred here, nor do their arguments explain why that requirement would be a remedy for the default. See Doc. 29 at 8. Plaintiffs also correctly note that because Defendants Anna Richter and Bert Pitman plan to file a motion to dismiss, requirements for an answer would be an ineffective remedy. Doc. 36 at 18. The Court could sanction the attorneys representing

Defendants Anna Richter and Bert Pitman because they should have known that motions for a bill of particulars and to crave oyer may not be proper motions in federal court. Nevertheless, the Court **FINDS** that neither those sanctions nor any other available sanctions would be effective because the delay here was caused by misunderstanding rather than intentional misconduct.

Thus, under the totality of the circumstances, the Court **FINDS** good cause and **SETS ASIDE** the default.

### III. MOTIONS TO REMAND

#### A. Legal Standard

28 U.S.C. § 1441 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." The defendant seeking removal must initiate removal within thirty (30) days of service of the initial pleading or summons and must have the consent of all other joined and served defendants. Id. § 1446(b)(2)(A)–(B). The rule of unanimity assists courts in "constru[ing] removal jurisdiction strictly because of the significant federalism concerns implicated." Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013) (quoting Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005)) (internal quotation marks omitted). In the Fourth Circuit, defendants satisfy this rule by filing "a Notice of Removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal" Mayo v. Bd. of Educ. of Prince George's Cty., 713 F.3d 735, 742 (4th Cir. 2013). Courts have discretion to permit technical changes to correct allegations in the Notice of Removal, but they "have no discretion to permit amendments furnishing new allegations of a jurisdictional basis" once the initial thirty

(30) days for removal pass. Wood v. Crane Co., 764 F.3d 316, 323 (4th Cir. 2014) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831–32 (1989)).

Any objection to removal other than subject matter jurisdiction must be filed within thirty (30) days after filing of the Notice of Removal. 28 U.S.C. § 1447(c). Objections to subject matter jurisdiction may be filed at any time before final judgment. Id.

Removal to federal court suspends subsequent state court proceedings. See Holmes v. AC & S, Inc., 388 F. Supp. 2d 663, 667 (E.D. Va. 2004) (citing Levine v. Lacy, 204 Va. 297, 300 (1963)). "Any subsequent proceedings in the state court on the case are void ab initio." Id. (quoting Lewis v. C.J. Langenfelder & Son, Jr., Inc., 266 Va. 513, 518 (2003)) (internal quotation marks omitted). This suspension occurs regardless of whether removal was proper. Id. (citing same).

If a later-served defendant timely files a Notice of Removal, "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 42 U.S.C. § 1446(b)(2)(C).

B. Analysis

On the first Motion for Remand, Plaintiffs argue that Xcentric's removal was defective because it failed to properly allege diversity jurisdiction and failed to include the consent of all Defendants. Doc. 8. Xcentric used an affidavit of its manager Magedson to prove that Defendant Bert Pitman was not domiciled in Virginia, referencing what Magedson learned about Defendant Bert Pitman's residency from Defendant Anna Richter. See Doc. 1, Ex. C. Xcentric also failed to demonstrate or allege the consent of any other defendant. See generally Doc. 1. Xcentric made no attempt to defend its defective Notice of Removal, instead indicating that it did

not object to remand. Doc. 20. No other defendant responded. Thus, on this motion alone, the Court would have no reason to retain the case.

While the first Motion for Remand remained pending, and after the clerk entered default, Magedson filed his own separate Notice of Removal. Pitman II, Doc. 1. Since he received service after Xcentric filed the first Notice of Removal, he had a separate right to remove. See 28 U.S.C. § 1446(b)(2)(C). Plaintiffs argue that the proper procedure was for Magedson to join in the first Notice of Removal. Doc. 43 at 6–7. Defendants Tracey Richter, Anna Richter, and Bert Pitman argue that a newly served defendant is entitled to file his own Notice of Removal. Doc. 51 at 4. Defendants Xcentric and Magedson argue that the procedure for a newly served defendant to preserve his removal right in the face of a defective notice is unclear, and they note that Magedson's Notice of Removal specifically referenced its relationship with the first case opened in federal court. Doc. 52 at 3.

Plaintiffs raise the procedural difficulty that a removed cased is no longer before the state court, meaning that a second Notice of Removal cannot actually remove anything and is thus a legal nullity. Doc. 43 at 6–7. No filing in state court would be effective once a federal court has jurisdiction, as it does in this case. Id. Defendants Xcentric and Magedson counter that Magedson had a right to remove the case as a later-served defendant and that he should not be bound by a defective notice previously filed in the case when he was served after that defective notice was filed. Doc. 52 at 3. Those Defendants further note that Magedson's proper procedural remedy is ambiguous under the statute, as he had three options, none of which appear correct for preserving his right to remove: (1) file his own notice before the defective notice was remanded, (2) file his own notice late after remand and seek tolling of the deadline, or (3) join in the defective notice and attempt to defend it. Id. at 4. They also observe that Plaintiffs

previously argued that Defendants had no right to amend the defective notice, which would mean that Defendant Magedson also had no right to fix the defects if he joined the first notice. Id. at 4 n. 1.

Although no case is precisely on point to these facts, the Sixth Circuit case cited by Defendants Tracey Richter, Anna Richter, and Bert Pitman appears helpful. See Vogel v. U.S. Office Prod. Co., 258 F.3d 509, 512, 517 (6th Cir. 2001). In Vogel, the initial Notice of Removal failed to join all defendants, prompting a motion to remand by the plaintiff. Id. at 512. A later-served defendant filed a second Notice of Removal while the motion for remand remained pending. Id. at 512. Due to the clerk's office misplacing the second notice error, the judge reviewing the motion to remand did not have the second Notice of Removal before him. Id. at 512. Most of the Sixth Circuit's opinion concerns what portion of the decision was properly before a magistrate judge, if any, but the Sixth Circuit did note in the opinion that because the second Notice of Removal was timely, the district court should give effect to that notice. Id. at 517. The Sixth Circuit appears not to have considered the possibility that the second notice was ineffective, as no party raised the issue. Nevertheless, it also did not consider a second notice automatically void, but instead, it found the notice effective, indicating that a second notice is not as clearly void as Plaintiffs here insist. Because there is no Fourth Circuit case on point, the Court follows Vogel, 258 F.3d at 512, 517, and **FINDS** that a second Notice of Removal is not automatically void.

The statute references a later-served defendant filing their own Notice of Removal, see 28 U.S.C. § 1446(b)(2)(C), which makes the proper procedure as ambiguous as Defendants Magedson and Xcentric argue. Furthermore, Defendant Magedson may not have the right to amend the first Notice of Removal, as courts in this Circuit generally do not allow amendments

to correct the lack of consent of prior defendants, even though the consent requirement is not jurisdictional. See, e.g., Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 436 (W.D. Va. 1990); Mason v. Int'l Bus. Machines, Inc., 543 F. Supp. 444, 446 (M.D.N.C. 1982). Thus, the Court **FINDS** that Defendant Magedson had the right to remove the case through a second Notice of Removal, as would any later served defendant.

Plaintiffs did not waive their right to challenge this notice. Defendants Tracey Richter, Anna Richter, and Bert Pitman argue that moving for entry of default is "affirmative activity" that waives the right to seek remand, Doc. 51 at 3. Defendants cite no case stating that moving for entry of default counts as such affirmative activity, instead citing cases with more substantial activity such as amending a complaint. See id. (citing Koehnen v. Herald Fire Ins. Co., 89 F.3d 525, 528 (8th Cir. 1996); Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., 903 F.2d 352, 359 (5th Cir. 1990)). While there appears to be no no case on point in this Circuit or District, other district courts have findings on both sides of the issue, generally resolving the question based on whether finding waiver on the facts would support the interest of justice. See, e.g., Alarcon v. Shim Inc., No. 07cv2894, 2007 WL 2701930, at *3 (N.D. Cal. Sept. 13, 2007) (finding no waiver from requesting entry of default but collecting cases on both sides of the issue). On the facts here, the Court **FINDS** no waiver of the right to remand because Plaintiffs have consistently maintained that they wanted remand and only filed the request for default while the First Motion for Remand was pending.

Nevertheless, because Plaintiffs' only challenge to the second Notice of Removal was validity, their Second Motion to Remand fails. The Court **FINDS** that Defendant Magedson's Notice of Removal was timely and proper, as it included the consent of all defendants, and the Court has jurisdiction because this case could have been brought originally in this Court. Thus,

the Court **DENIES** the Second Motion to Remand, thus rendering the First Motion to Remand and related Motion to Strike Affidavit **MOOT**.

## IV. CONCLUSION

The Court **GRANTS** the Motion to Set Aside the Default, Doc. 28, rendering the Motion for Leave to File a Reply Brief, Doc. 46, **MOOT**.[3] The Court also **DENIES** the Second Motion to Remand, Doc. 42, rendering the First Motion to Remand, Doc. 7, and related Motion to Strike Affidavit, Doc. 10, **MOOT**. The Court further **GRANTS** the Consent Motion for an Extension, Doc. 30, to the extent necessary to **DEEM** Defendant Tracey Richter's motions from Pitman II (Pitman II, Docs. 10–13), as well as the associated opposition and reply briefs (Docs. 48, 53), as timely filed in this case (No. 4:16cv179).

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 22, 2017

---

[3] Defendants Bert Pitman and Anna Richter also withdrew their motion to dismiss in the companion case (Pitman II, Doc. 14) and requested leave to refile responsive motions in this case. The Court **GRANTED** eleven (11) days from the date of the hearing, until April 1, 2017, for those defendants to file any responsive motions.

14