# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

| | |
|---|---|
| **JOHN M. PITMAN, III,** *et al.* )<br>)<br>*Plaintiffs,* )<br>v. )<br>)<br>**XCENTRIC VENTURES, LLC,** *et al.* )<br>)<br>*Defendants.* ) | **Civil Action No.:**<br>**4:16-cv-00179-HCM-DEM** |

## STIPULATED PROTECTIVE ORDER

Pursuant to the joint request of Plaintiffs John M. Pitman and Peninsula Plastic Surgery Center, LTD., Defendants Xcentric Ventures, LLC, Edward Magedson and Defendants Bert Pitman, Anna Richter and Tracey Richter (collectively, the "Parties"), each by counsel, the Parties hereby stipulate and agree to the entry of this Stipulated Protective Order:

Pursuant to the foregoing stipulation and Rule 26(c) of the Federal Rules of Civil Procedure, and good cause appearing as to the Parties' concern that certain information sought in discovery and for preparation of the trial in this action may be confidential or proprietary requiring protection,

IT IS HEREBY ORDERED:

1.  This Protective Order will govern the designation, production, examination, use of, and filing of confidential information, by any Party to this litigation, and any third party who elects to be bound by this Order.

2.  This Protective Order is entered for the purposes of this case and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with this Court.

3.  Nothing in this Protective Order shall limit or preclude any party from applying

1

to the Court for relief from this Protective Order, or for such further or additional Protective Orders as the Court may deem appropriate.

4. Any party to this litigation or any third party who elects to be covered by this Protective Order, who, in discovery, produces or discloses any item of discovery, including without limitation any document, thing, interrogatory answer, deposition testimony and exhibits or admission, may designate that same as:

"CONFIDENTIAL" where such item of discovery contains protected health information, medical records, proprietary business information, information produced in other litigation which is subject to an existing protective order, technological developments, know how, trade secrets and/or competitively sensitive financial, cost and/or sales information, the present disclosure of which would, in the good faith judgment of the designating party be detrimental to the designating party in the conduct of its business; or

"ATTORNEYS' EYES ONLY" where such item of discovery contains competitively sensitive proprietary business information, technological developments, know how, trade secrets and/or competitively sensitive financial, cost and/or sales information, the present disclosure of which would, in the good faith judgment of the designating party be so detrimental to the designating party in the conduct of its business that it may be seen only by opposing counsel, including in-house counsel bound by this Protective Order, court personnel and necessary experts. Without limiting the foregoing, such information may include, among others, developmental and marketing information; confidential pricing information; confidential financial information; confidential client and/or patient information; confidential business agreements and documents; and confidential strategic business planning information. Any information that is readily available or generally known to the public shall not be considered "ATTORNEYS' EYES ONLY."

5. The designation of confidential information that exists in tangible form shall be effected by visibly marking it as CONFIDENTIAL or ATTORNEYS' EYES ONLY (or words to that effect). In the event that the producing party elects to produce original files and records for inspection and the inspecting party desires to inspect these files and records, no markings need be made by the producing party in advance of the initial inspection. Upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY (or words to that effect) prior to producing the copies to the inspecting party. Counsel shall agree on a mutually

acceptable manner for the identification of protected information that cannot be readily or easily marked in a visible manner.

6. If, during the course of a deposition taken in this litigation, any questions are asked concerning confidential information or documents designated CONFIDENTIAL or ATTORNEY'S EYES ONLY, then only persons designated under Paragraph 9 below (and qualified in accordance with the provisions of Paragraph 10 herein, if necessary), the deponent, the deponent's counsel, and the reporter shall be allowed to be present during such portion of the deposition, and the corresponding portion of the deposition transcript shall be designated and marked by the reporter as CONFIDENTIAL or ATTORNEYS' EYES ONLY (or words to that effect) pursuant to this Protective Order. This paragraph shall not be deemed to authorize disclosure of any document or information to any person to whom disclosure is prohibited under this Protective Order.

7. With respect to depositions of any deponent or any person employed by, formerly employed by, or acting on behalf of a party to this action, such deponent or party shall have until fifteen (15) days after receipt of the deposition transcript within which to inform the other parties that portions of the transcript are designated CONFIDENTIAL or ATTORNEYS' EYES ONLY (or words to that effect) to the extent that designations are not made apparent in the transcript as made at the time of the deposition. No such deposition transcript shall be disclosed to any person other than persons described in Paragraphs 9 and 10 below (and qualified under Paragraph 11, if necessary) and the deponent during these fifteen (15) days, and no person attending such deposition shall disclose the contents of the deposition to any person other than those qualified to receive information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to this Protective Order during said fifteen (15) days. Upon being informed that

certain portions of a deposition are to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, each party shall cause each copy of the transcript in its custody or control to be appropriately marked immediately.

8. All confidential information marked or designated as provided herein shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action and shall not be disclosed by the recipient to anyone other than those persons designated (and qualified, if necessary) below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

9. Materials or information designated by any party as CONFIDENTIAL shall be restricted to the following persons on behalf of the receiving party (who shall agree to and be subject to the terms of this Protective Order by their signature on this document or a copy thereof):

    A. Outside counsel, including local counsel, of the parties in this action, and their employees, corporate in-house counsel of the parties to this action and corporate in-house staff working with and on behalf of corporate counsel;

    B. Court personnel and stenographic reporters, engaging in such proceedings as are necessarily incident to the preparation for trial (e.g., depositions) and/or trial of this action;

    C. Independent outside experts, including experts retained by the receiving party for assistance in preparation for trial and assistance in evaluating documents produced who are not expected to testify at trial and whose identities are not required to be disclosed who agree to be bound by and execute a copy of this Protective Order; and

    D. Any party to this litigation or representative of a party to this litigation (in connection with this litigation) who agrees to be bound by and executes a copy of this Protective Order.

10. Materials or information designated by any party as ATTORNEY'S EYES ONLY (or with words to that effect) shall be restricted to the following persons on behalf of the

receiving party (who shall agree to and be subject to the terms of this Protective Order by their signature on this document or a copy thereof):

    A.    Outside counsel, including local counsel, of the parties in this action, and their employees, corporate in-house counsel of the parties to this action and corporate in-house staff working with and on behalf of corporate counsel;

    B.    Court personnel and stenographic reporters, engaging in such proceedings as are necessarily incident to the preparation for trial (e.g., depositions) and/or trial of this action; and

    C.    Independent outside experts and in-house experts regularly employed by the receiving party, including experts retained by the receiving party for assistance in preparation for trial and assistance in evaluating documents produced who are not expected to testify at trial and whose identities are not required to be disclosed who agree to be bound by and execute a copy of this Protective Order.

11.    In the event that a party ("Challenging Party") receiving information that the other party ("Designating Party") has designated CONFIDENTIAL or ATTORNEYS' EYES ONLY disagrees with the propriety of that designation or does not believe the document is properly subject to this Order, the Challenging Party will try, in good faith, to resolve such dispute with the Designating Party before the dispute is presented to the Court by motion. The Designating Party shall bear the burden to establish that challenged document is properly subject to the terms of this Order or the requested designation. The Court may then determine whether the information should be considered CONFIDENTIAL or ATTORNEYS' EYES ONLY and, if so, may rule on what restrictions to access or disclosure should be imposed. All information whose designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY has been disputed shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, as designated, until such time as the Court determines, or the parties agree, otherwise. No party shall be obligated to challenge the propriety of the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time

of production, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

12. If it is reasonably necessary for any party to file CONFIDENTIAL or ATTORNEYS' EYES ONLY material with the Court as part of any pleading or other document, the party seeking to file such documents shall submit with them an accompanying motion to seal and shall comply with and otherwise be governed by the procedure and provisions set forth in Local Rules for the Eastern District of Virginia.

13. The inadvertent or unintentional disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY or any other privileged information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality informs the opposing party of its claim within a reasonable time after learning of the disclosure.

14. Upon final termination of this action, including any appeals, confidential information described in this Order which has been produced, including all copies, abstracts or summaries thereof (other than attorney work product, one complete set of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action, all of which may be retained by counsel), either shall be returned to counsel for the producing Party within thirty (30) days or destroyed by counsel. Counsel for the receiving Party shall provide written verification to the producing Party that all copies of such materials produced to the receiving Party have been returned or destroyed, other than as indicated in this paragraph. Confidential Material in the custody of the Court is excepted from the terms of this paragraph.

The terms of this Order shall survive the final termination of this case.

15. Material that is retained by counsel as described in paragraph 14, or otherwise, may not be distributed, shared, disclosed, given, or used for any purpose not connected with the above captioned action.

16 A person or entity's compliance with the terms of this Protective Order shall not operate as an admission that any particular document is or is not confidential, privileged or subject to attorney work product protection, or admissible in evidence at trial.

17. This Protective Order may be modified or amended by Order of the Court for good cause shown or by agreement of the parties.

18. This Protective Order shall apply to discovery directed to non-parties to this litigation, if said non-party requests protection as to its CONFIDENTIAL or ATTORNEYS' EYES ONLY material designated as set forth above.

19. This Protective Order does not preclude a party from seeking relief from or enlargement of this Protective Order, or from seeking such other relief or protective orders as may be appropriate.

                Enter: This _____ day of May, 2017

                                              _____
                                                  Hon. Henry C. Morgan, Jr.

WE ASK FOR THIS:

_____/s/ Aaron B. Houchens_____
Aaron B. Houchens, Esq. (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy.
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com

Stephen M. Smith, Esq. (VSB #14362)
Seth D. Scott, Esq. (VSB #80907)
David B. Holt, Esq. (VSB #65564)
THE SMITH LAW CENTER
2100 Kecoughtan Road
Hampton, Virginia 23661
757-244-7000 (telephone)
757-245-7740 (facsimile)
ssmith@braininjurylawcenter.com
sscott@attorneys4injured.com
dholt@ attorneys4injured.com

*Counsel for Plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.*

SEEN & AGREED:

_____/s/ David A. Warrington_____
David A. Warrington, Esq.
LeClairRyan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com

*Counsel for Defendants Xcentric Ventures, LLC and Edward Magedson*

_____/s/ Louise T. Gitcheva_____
Jesse R. Binnall, Esq.
Louise T. Gitcheva, Esq.
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, Virginia 22314
Tel: (703) 888-1930
jbinnall@harveybinnall.com

lgitcheva@harveybinnall.com

*Counsel for Defendants Anna Richter, Bert Pitman and Tracey Richter*