IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOHN M. PITMAN, III, *et al.*,

        Plaintiffs,

v.                                         Civil Action No. 4:16cv179

XCENTRIC VENTURES, LLC., *et al.*,

        Defendants.

## OPINION & ORDER

This matter is before the Court on Plaintiffs John M. Pitman III's ("John Pitman's") and Peninsula Plastic Surgery Center's ("PPSC's") (collectively, "Plaintiffs'") Motion for Leave to Effect Service of Process on Darren Meade ("Meade") by Order of Publication ("Motion"). Doc. 69. Plaintiff represents that the served Defendants do not oppose this Motion. Id. For the reasons stated herein, the Court **GRANTS** the Motion.

### I.    PROCEDURAL HISTORY

Plaintiffs filed suit in the Circuit Court for Williamsburg/James City County, Virginia on October 6, 2016. See Doc. 1, Ex. 1 ("Compl.") Defendant Xcentric was served on November 17, 2016, and timely noticed removal on December 7, 2016. See Doc. 1. The ensuing procedural difficulties and additional procedural errors are discussed at length in this Court's prior Orders. See Docs. 57, 68.

On May 3, 2017, the Court ORDERED Plaintiffs to show cause why the Court should not dismiss their case against Defendant Meade for failure to effect service. Doc. 64. On May 11, 2017, the Court heard Plaintiffs' explanation of their efforts to effect service and FOUND good cause for further time to effect service. Doc. 65. Plaintiffs indicated that they would file a

motion for leave to use alternative means of service, see id., which is the instant Motion, Doc. 69.

## II. LEGAL STANDARDS

Rule 4(m) requires that the plaintiff serve the defendant within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). If the plaintiff does not serve the complaint within this time period, the Court must dismiss the complaint unless the plaintiff can show good cause. Id.; see also Mendez v. Elliot, 45 F.3d 75, 78–79 (4th Cir. 1995). Rule 6(b) further states that the Court can extend the time for service "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Both rules require a finding of good cause. Mendez, 45 F.3d at 79. Good cause exists when the plaintiff shows "reasonable and diligent efforts to effect service." Reliable Tax & Financial Services, Inc. v. H & R Block Eastern Tax Services, Inc., 212 F. Supp. 2d 592, 595 (E.D. Va. 2002) (citing T & S Rentals v. United States, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)).

Rule 4(e) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Service by publication is a disfavored measure, and courts should only use it as a means of last resort. 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1115 (4th ed. 2017).

Virginia law permits service by publication. See Va. Code Ann. § 8.01-316 (2017). The moving party must state in an affidavit "[t]hat diligence has been used without effect to ascertain the location of the party to be served." Id. § 8.01-316(A)(1)(B). Such affidavit must also "state the last known post office address of the party against whom publication is asked. . . ." Id. § 8.01-316(A)(3).

2

Virginia law also establishes requirements for an order of publication. Va. Code. Ann. § 8.01-317 (2017). The order must "give the abbreviated style of the suit, state briefly its object, and require the defendants ... against whom it is entered to appear and protect their interests on or before the date stated in the order which shall be no sooner than fifty days after entry of the order of publication." Id. The order must be published once per week for four consecutive weeks, posted at the front door of the courthouse, and mailed to the last known post office address of the defendant. Id. The order must be sent to the newspaper within twenty days after the entry of the order. Id. After publication, "the clerk shall file a certificate in the papers of the case that the requirements of this section have been complied with." Id.

## III. ANALYSIS

Plaintiff's time to serve the Complaint has expired, but the Court previously FOUND good cause to extend the time and consider the instant Motion. Doc. 65. Thus, the question before the court is whether service by publication is appropriate based on the facts in this case.

In construing the Virginia publication statute, Virginia courts have determined that diligence "requires 'devoted and painstaking application to accomplish an undertaking.'" Khanna v. Khanna, 18 Va. App. 356, 358 (1994) (quoting Dennis v. Jones, 240 Va. 12, 18 (1990)). Furthermore, courts require that "[t]he grounds stated in the affidavit must in fact be true and not merely idle declarations having no factual basis." Id.

In this case, Plaintiffs have acted beyond basic efforts to effect service and have demonstrated the devoted and painstaking application that merits service by publication. They have employed three (3) different private investigators to located Defendant Meade. Doc. 70-1 at ¶¶ 7–11. They made multiple attempts at various addresses to serve Defendant Meade. Id. They also contacted him by e-mail, seeking waiver of service or an address to effect service. Id.

3

¶ 10. Defendant Meade has actual notice of this case, as he communicated with Plaintiffs' counsel regarding the substance of the case. Id. ¶ 12. It appears from facts in the affidavit and from the discussion of said facts at the Court's prior show cause hearing that Defendant Meade is intentionally evading service of process despite Plaintiffs' expensive and diligent efforts to locate him. Thus, the Court **GRANTS** Plaintiffs' Motion and permit service by publication.

## VI. CONCLUSION

The Court **GRANTS** Plaintiffs' Motion, Doc. 69. The Court **ORDERS** Plaintiffs to send the following Order of Publication to <u>Orange County Register</u> in compliance with Va. Code Ann. § 8.01-317.[1] The Clerk is **DIRECTED** to post a copy of the following Order of Publication at the front door of the courthouse. The Court **ORDERS** Plaintiffs to mail a copy of the Order of Publication to the last known post office address of Defendant Meade. Because Plaintiffs represent that Defendant Meade has been responsive to e-mail, the Court further **ORDERS** Plaintiffs to send a copy of the Order of Publication to the e-mail address that Defendant Meade has used to correspond with their counsel. Defendant Meade is **ORDERED** to appear before this Court to protect his interests by July 28, 2017.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 8, 2017

---

[1] Despite the statute's direction to state court clerks, the clerk of this Court does not publish Orders in newspapers on a plaintiff's behalf. Plaintiffs shall comply with the requirements for timely submitting the publication Order to the designated newspaper and shall file a certificate of compliance with that procedure in accordance with Va. Code Ann. § 8.01-317 (2017).

4