IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | | |
|---|---|---|
| **JOHN M. PITMAN, III,** *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:16-cv-179 |
| | ) | |
| **XCENTRIC VENTURES, LLC.,** *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION OF DEFENDANTS
ANNA RICHTER, BERT PITMAN, AND TRACEY RICHTER'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiffs, John M. Pitman ("Pitman") and Peninsula Plastic Surgery Center, LTD. ("PPS") (collectively the "Plaintiffs"), by counsel, submit the following Memorandum in Opposition to Anna Richter, Bert Pitman and Tracey Richter's Motion to Dismiss for Failure to State a Claim. In support thereof, Plaintiffs state as follows:

**INTRODUCTION**

Give the litigation to date, the Court is familiar with the factual allegations and procedural posture of this case. Accordingly, the Plaintiffs will dispense with a recitation of the factual allegations in the spirit of judicial economy.

I.  **THE PLAINTIFF'S HAVE SUFFICIENTLY PLED SPECIFIC BUSINESS EXPECTANCIES WHICH MANDATES THAT THE TORTIOUS INTERFERENCE CLAIM SURVIVE THE DEFENDANTS' MOTION TO DISMISS**

Anna Richter, Bert Pitman and Tracey Richter (collectively the "Defendants") argue that the Plaintiffs failed to plead specific business expectancies and therefore the Plaintiff's tortious interference claim should be dismissed. The Defendants arguments, however, set forth a heightened pleading standard which does not apply and the Plaintiffs are not required to identify

1

specific patients in the Amended Complaint to survive a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

> A. *Standard for Motion to Dismiss*

Under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in the Complaint as true and "draw all reasonable inferences in favor of the [nonmoving party]." *Kensington Volunteer Fire Dep't v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

> B. *The Plaintiffs' Allegations*

The Plaintiffs made the following allegations, among others, regarding specific business expectancies:

- Plaintiffs' cosmetic cases dropped from approximately 111 cases in 2012 to 82 cases in 2013 and 2 cases in 2014. (Am. Compl. ¶ 93);
- The actions of the Defendants caused patients to cancel their surgeries and other medical procedures with the Plaintiffs. (Am. Compl. ¶ 112);
- Loss off current patients. (Am. Compl. ¶¶ 118 & 119);
- Loss of future patients. (Am. Compl. ¶¶ 118 & 119);
- Loss of goodwill. (Am. Compl. ¶¶ 118, 119); and
- Plaintiffs had a business expectancy in their clients/patients and future clients/patients based upon the past success of the Plaintiffs. (Am. Compl. ¶ 91).

C. *The Defendants' Arguments*

The Defendants allege the Amended Complaint failed to make "factual allegations showing the specific business expectancies that were allegedly lost as a result of the Defendants' alleged conduct" and therefore, "the plaintiffs have not pled a viable claim for tortious interference." ECF No. 72 at 3. Further, the Defendants allege "[t]he expectancy of remaining in business is too general to support a tortious interference claim." Document 74 at Page 5 (citing *Mansfield v. Anesthesia Assocs.*, 2008 U.S. Dist. LEXIS 34732, *18 (E.D. Va. 2008). Therefore, the Defendants reason that "specific contracts interfered with must be alleged." Document 74 at Page 5 (citing *Jeffrey J. Nelson & Assocs. v. LePore*, 2012 U.S. Dist. LEXIS 93097 (E.D. Va. 2012)). The crux of the Defendants' position is that the Plaintiffs must identify the "identity, nature, or quantity of actual business expectancies lost." Document 74 at Page 5-6 (citing *Gov't Employees Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 705-06 (E.D. Va. 2004).

D. *The Case Law Cited by the Defendants*

The case law relied upon by the Defendants is inconsistent. A closer examination of the case law at issue reveals that the Defendants' Motion to Dismiss must be denied.

1. *Mansfield v. Anesthesia Assocs.*, 2008 U.S. Dist. LEXIS 34732, 2008 WL 1924029 (E.D. Va. 2008)

In *Mansfield*, a physician was accused of sexual harassment by an employee of a hospital and subsequently told he could not return to the hospital and was ultimately suspended from his anesthesia practice. *See* 2008 U.S. Dist. Lexis 34732, *2-3. The physician filed suit to recover for tortious interference alleging "expectancy of employment with other companies for probably future economic benefit." *Id.* at 19.

The Court held that "to succeed on this claim a claimant must prove that there is a 'particular expectancy which [the claimant] is reasonably certain will be realized.'" *Id.* at 18

(citing *Masco Contractor Services East, Inc. v. Beals*, 279 F. Supp. 2d 699, 710 (E.D. Va. 2003)). Further, "[t]he 'expectancy of remaining in business is too general to support a tortious interference claim.'" *Id*. The Court held that the "Plaintiff…fail[ed] to identify any specific company with which he might be employed in the future." *Id.* at 19.

> 2. *Jeffrey J. Nelson & Assocs. v. LePore*, 2012 U.S. Dist. LEXIS 93097, 2012 WL 2673242 (E.D. Va. 2012)

In *Jeffrey J. Nelson*, the Defendant asserted counterclaims for tortious interference against the Plaintiffs. The Eastern District of Virginia noted the "[d]efendants have failed to allege the existence of any contractual or business relationships, other than 'contracts with numerous third parties' and 'business relations with third parties.'" 2012 U.S. Dist. LEXIS 93097, *36.

> 3. *Gov't Emples. Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700 (E.D. Va. 2004) ("*GEICO*")

In *GEICO¸* an insurance company brought an action for tortious interference against a search engine for selling advertising linked to the insurance company's trademarks. 330 F. Supp. 2d 700, 702.

The Court held that "Virginia law requires that a plaintiff plead a specific prospective economic advantage or business expectancy, and that a general expectancy that consumers will purchase insurance from the GEICO website, which is all that plaintiff has alleged, does not suffice." *Id.* at 705. The Court went on to state "[t]he evidence of an expectancy must establish expectancy by and between two parties at least, based upon something that is a concrete move in that direction." *Id.* (citing *Moore v. United Int'l Investigative Services, Inc.*, 209 F. Supp. 2d 611, 619-20 (E.D.Va. 2002); *Masco Contractor Services East, Inc. v. Beals*, 279 F. Supp. 2d 699 (E.D.Va. 2003)). Ultimately, the Court determined that the Plaintiff's allegation was "too broad

and conclusory to plead a specific, existing contract or expectancy with a specific party" and dismissed the claim. *Id*. at 706.

        4. *Goulmamine v. CVS Pharm., Inc.*, 138 F. Supp. 3d 652 (E.D. Va. 2015)

The Defendants cited this case for a different holding, but it addressed specificity as well. In *Goulmamine,* employees at the Defendant's pharmacy began telling the Plaintiff's patients that the pharmacy would not fill the Plaintiff's prescriptions because he was not in good standing with all regulatory and oversight bodies, had been investigated, and that he had patients die as a result of his prescriptions. 138 F. Supp. 3d 652, 657.

The Court noted that the Plaintiff had pled "interference through improper acts (defamation)…and…damages (lost patients and referrals)," but he had not "pled causation." *Id* at 672. However, the Court stated the Plaintiff "*correctly states that he need not 'provide specific examples of patients and referrals' at the 12(b)(6) stage*." *Id*. (emphasis added).

    E. *The Plaintiffs have pled more than bare, speculative assertions*

The Defendants essentially argue that the Plaintiffs must provide the exact identity, nature, and/or quantity of "actual business expectancies" lost in order to properly state a claim for tortious interference. This is wrong.

The defendant in *Signature Flight Support Corp. v. Landow Aviation L.P.*, 2009 U.S. Dist. LEXIS 1938 (E.D. Va. 2009), made a similar argument. In *Signature*, the defendant argued that the plaintiff's "allegations are not sufficiently specific because Plaintiff does not identify exactly which aircraft it would service and what fees it would receive for its services." 2009 U.S. Dist. LEXIS 1938, *7. The Eastern District of Virginia reasoned that the defendant's argument had no merit as "Rule 8 only requires Plaintiff to provide 'a short and plain statement,' 'not detailed factual allegations.'" *Id*. (citing Fed. R. Civ. P. 8). Further, the Court noted that "a

5

valid business expectancy is still merely an expectancy. It need not be absolutely guaranteed."
*Id*. (citing *Buffalo Wings Factory, Inc. v. Mohd*, 2007 U.S. Dist. LEXIS 91324, at *25 (E.D. Va. 2007); *Masco Contractor Servs. E., Inc. v. Beals*, 279 F. Supp. 2d 699, 710 (E.D. Va. 2003)). The Court found the "satisfied this element by alleging an identifiable business expectancy in the provision of FO services to transient aircraft." *Id*. The same reasoning holds true in this case. Similarly, as noted above, in *Goulamine*, the Court specifically stated the plaintiff was not required to provide "specific examples of patients and referrals at the 12(b)(6) stage." 138 F. Supp. 3d at 672.

The Plaintiffs' Amended Complaint contains allegations of identifiable lost patients, lost procedures, and lost expectancies. Additionally, the Amended Complaint alleges that the Defendants actions caused the Plaintiffs' cosmetic patient load to drop from 111 to 2. (Am. Compl. ¶ 93). This meets the requisite level of specificity to survive the Defendants' Motion to Dismiss.[1]

Such assertions were not akin to the "expectancy of employment with other companies for probably future economic benefit" asserted by the plaintiff in *Mansfield*. 2008 U.S. Dist. Lexis 34732, *19. Nor was it as vague as the "'contracts with numerous third parties' and 'business relations with third parties'" alleged in *Jeffry J. Nelson*. 2012 U.S. Dist. LEXIS 93097, *36. Nor was it as general as the "expectancy that consumers will purchase insurance" from a website found in *GEICO*. 330 F. Supp. 2d at 705. The Plaintiffs' lost patients and potential patients are specificity identified by numerical figures in the Amended Complaint. The Federal

---

[1] It should also be noted that identifying specific patients may violate the Health Insurance Portability and Accountability Act of 1996 and other health privacy laws.

6

Rules of Civil Procedure do not mandate that the names of specific patients be identified at the pleading stage.[2]

## II. THE PLAINTIFFS HAVE ALLEGED THE DEFENDANTS' TORTIOUS INTERFERENCE CAUSED THE PLAINTIFFS TO LOSE EXISTING PATIENTS AND FUTURE BUSINESS EXPECTANCIES

In addition to the above, the Defendants also assert a half-hearted argument regarding causation. The Defendants state "[a]n element of tortious interference claim, however that has largely been overlooked is causation." According to the Defendants, the Plaintiffs have failed to connect the Defendants' actions to the damage suffered by the Plaintiffs.

It is well established, that a plaintiff asserting a claim for tortious interference must allege "a reasonable certainty that absent defendant's intentional misconduct, plaintiff would have continued in the relationship or realized the expectancy." *Glass v. Glass*, 228 Va. 39, 51-52, 321 S.E.2d 69, 77 (1984). However, contrary to the Defendants' argument, the Plaintiffs have sufficiently alleged causation. In fact, in the Defendants' Memorandum, they cite paragraph 113 in which the Plaintiffs alleged "the Defendants also caused patients to cancel their surgeries and other medical procedures with the Plaintiffs." Document 74 at 3. Further, the Plaintiffs made the following allegations regarding causation:

- That the Defendants had knowledge of the Plaintiffs, their clients/patients and their business expectancies. (Am. Compl. ¶ 56);
- That the Defendants knew that Pitman was a successful plastic surgeon and had substantial income through his business, PPS. (Am. Compl. ¶ 63);

---

[2] If the Plaintiffs were unable to produce sufficient evidence of specific lost patients and expectancies in discovery, then Summary Judgment may be appropriate.

- That the Defendants saw a way to gain income through the Plaintiffs' financial success; (Am. Compl. ¶ 64);

- That the Ripoff Report posts were done with the intent to damage the Plaitniffs' financial/business interests (Am. Compl. ¶ 80); and

- That the actions of the Defendants harmed the Plaitniffs in various damaging ways. (Am. Compl. ¶ 101 (a-j).

Clearly, the Plaintiffs sufficiently properly alleged the actions of the Defendants caused the loss of the Plaintiffs' patients and business expectancies.

### III. THE PLAINTIFF'S HAVE ALLEGED THE DEFENDANTS HAD KNOWLEDGE OF PLAINTIFFS' BUSINESS EXPECTANCIES

Next, the Defendants argue that the Plaintiffs failed to allege the Defendants' knowledge of the Plaintiffs' business expectancies. The Defendants stated that the Defendants' knowledge of the expectancies "must be specific." Document 74 at 8. In support of their contention, the Defendants cite cases ranging from *Muir v. Navy Fed. Credit Union,* 744 F. Supp. 2d 145 (D.D.C. 2010) in which the court found "no knowledge where defendant only knew that plaintiff needed money for business ventures" to *Patriot Contract Servs., LLC v. Am. Overseas Marine Corp.*, 2006 U.S. Dist. LEXIS 98575 (E.D. Va. 2006) in which the court stated "that knowledge that plaintiff may be a competitor is not sufficient." Document 74 at 8.

*Black's Law Dictionary* defines the word "knowledge" as "[a]n awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact." *Black's Law Dictionary* (9th ed. 2009).

In this case, the Defendants had more knowledge than the fact that the Plaintiffs "needed money for business ventures" or that the Plaintiffs "may be a competitor." In summary, the Amended Complaint alleged that the Defendants:

8

- Were aware that the Plaintiffs were a successful plastic surgeon and plastic surgery practice;
- Conspired to obtain information about the Plaintiffs from the Plaintiffs' former employees;
- Used a website alleging to be "by consumers for consumers" to specifically target the patients and potential patients of the Plaintiffs; and
- Knew posts on the website would be search engine optimized and easily viewed by the Plaintiffs' patients and potential patients.

Simply put, other than reaching the Plaintiffs' patients and potential patients, there would be no other purpose for using the website. Clearly, the Plaintiffs' allegations demonstrated "an awareness or understanding" of their business expectancies on the part of the Defendants.

Even assuming the Defendants did not have "specific knowledge" of the Plaintiffs' business expectancies, several courts have held that "[t]he defendant must have actual knowledge of the existence of the business relationship or knowledge of facts that, upon reasonable inquiry, should lead to disclosure of the existence of the contract or potential business relationship." *Simbeck, Inc. v. Dodd-Sisk Whitlock Corp.*, 44 Va. Cir. 54, 62 (Va. Cir.1997) (citing Restatement (2d) of Torts, § 766, Comment I (1977); *Meadow Ltd. Partnership v. Heritage Savings & Loan*, 639 F. Supp. 643, 651 (E.D. Va. 1986)). The Plaintiffs have clearly alleged that the Defendants' had knowledge of the Plaintiffs' business expectancies.

IV. **PITMAN, INDIVIDUALLY, MAY RECOVER FOR TORTIOUS INTERFERENCE**

Next, the Defendants argue that Pitman, as the sole owner of PPS, cannot recover for the tortious interference with PPS's business expectancies. Document 74 at 8. The Defendants essentially compare Pitman to a shareholder of a business damaged by tortious interference. *See*

Document 74 at 9 (citing *Baron Fin. Corp. v. Natanzon*, 471 F. Supp.2d 535 (D. Md. July 11, 2006); *Semida v. Rice*, 863 F.2d 1156, 1161 (4th Cir. 1988); *Landmark Communications, Inc. v. Macione*, 230 Va. 137, 140 (1985)). However, the Defendants' argument must fail as they personally damaged Pitman.

In *Semida*, the Fourth Circuit did state an individual cannot sue in an individual capacity for tortious interference with a corporation's contract, even if he is the sole shareholder of the corporation. 863 F.2d at 1161. However, the improper conduct of the defendant did not give rise a distinct personal injury to the non-corporate plaintiff. *Id*. However, an individual may have a cause of action for acts which injure both a corporation and its individual owner. *See A.T. Massey Coal Co. v. Harman Dev. Corp. (In re Sovereign Coal Sales, Inc.)*, 2000 Bankr. LEXIS 2092, *15-16 (Bankr. W.D. Va. 2000) (citing *Howard v. Haddad*, 916 F.2d 167 (4th Cir. 1990)); *see also Amzura Enters. v. Ratcher,* 18 Fed. Appx. 95, 108, 2001 U.S. App. LEXIS 19988, *32 (4th Cir. 2001).

In tort actions, a Plaintiff may recover for damages such as "injuries to the plaintiff's reputation, injuries to, or the loss of, commercial credit, and injuries to financial or business standing…where they are the natural and proximate results of the defendant's wrongful acts." *United Const. Workers v. Laburnum Const. Corp.*, 194 Va. 872, 893, 75 S.E.2d 694, 708 (Va. 1953). Further, "a presumption of at least nominal damage follows from proof of a legal wrong." *Id; see also Liberty Mut. Fire Ins. Co. v. JT Walker Indus.*, 554 Fed. Appx. 176, 190 (4th Cir. S.C. Feb. 10, 2014) (noting where pleadings allege and evidence proves a willful invasion or infringement of a right, courts presume nominal damages). "[N]ominal damages need not be specifically pleaded where a party alleges a claim for general damages; the general damage allegation sufficiently encompasses nominal damages." *Liberty Mut. Fire Ins. Co.*, 554

Fed. Appx. at 190 (citing *Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 847, 853 (4th Cir. 1992)).  Further, [w]here a jury finds a willful or reckless invasion of a legal right, a court presumes that nominal actual damages are merged into a punitive damage award." *Id* (citing *Hinson v. A. T. Sistare Constr. Co.*, 236 S.C. 125, 113 S.E.2d 341, 345 (S.C. 1960)).

Unlike the individual plaintiffs in the cases cited by the Defendants, Pitman has alleged a distinct personal injury as a result of the Defendants' intentional acts.  The Amended Complaint alleges that the majority of the Defendants' posts on Ripoff Report were directed at Pitman individually.  *See e.g.* (Am. Compl. ¶¶ 75-77).  Based on the tortious interference of the Defendants, Pitman may recover for injuries to his reputation and his financial or business standing, which are the harms Pitman alleged.  *See* (Am. Compl. ¶¶ 90, 92, 101 (h-j)).  Further, based on the Defendants' intentional acts, Pitman can claim at least nominal damages and can recover punitive damages.  Therefore, Pitman has standing to pursue a cause of action for tortious interference against the Defendants.

## V. PITMAN AND PPS ARE ENTITLED TO RECOVER FOR ANY DAMAGES AVAILABLE FOR TORTIOUS INTERFERENCE

Finally, the Defendants alleged the Plaintiffs were only entitled to recover for "the present value of lost profits resulting from defendant's actions."  Document 74 at 10 (citing *Multi-Channel TV Cable Co. v. Charlotessville Quality Cable Corp.*, 65 F.3d 1113, 1124 (4th Cir. 1995).  However, the Plaintiffs are entitled to recover for any available compensatory or punitive damages.

"Interference is an economic tort, and where it is proven, the Plaintiff may potentially recover both compensatory and punitive damages." *Simbeck*, 44 Va. Cir. at 63 (citing 45 Am. Jur. 2d, Interference, § 58 and 61).  The compensatory damages potentially recoverable are the plaintiff's direct expenses, including lost profits, caused by the interference. *Id.* (citations

11

omitted). "In tort actions, injuries to the plaintiff's reputation, injuries to, or the loss of, commercial credit, and injuries to financial or business standing constitute proper elements of damages where they are the natural and proximate results of the defendant's wrongful acts." *United Const. Workers*, 194 Va. at 893. Further, "[i]t is well settled that in actions of this character involving injury to business or loss of profits, where the existence of a loss has been established, absolute certainty in proving its quantum is not required." *Simbeck*, 44 Va. Cir. at 64. Finally, when there is evidence of actual malice or wanton disregard of the Plaintiff's rights, punitive damages can be awarded. *Id.* at 67.

Thus, contrary to the Defendants' assertions, the Defendants may recover for any of their economic damages. In the Amended Complaint, the Plaintiffs properly alleged the following economic damages: loss of good will, lost profits and lost income. *See* (Am. Compl. ¶¶ 118). Further, the Plaintiffs alleged facts that indicated the Defendants acted with actual malice or wanton disregard of the Plaintiffs' rights. Therefore, the Plaintiffs are entitled to recover both compensatory and punitive damages. The Plaintiffs are not limited to lost profits alone.

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendants' Motion to Dismiss for Failure to State a Claim. Should the Court find it necessary, the Plaintiffs would request leave to amend or other relief to which the Court deems necessary and proper to permit the Plaintiffs to assert their claims as justice so demands.

Respectfully submitted,

JOHN M. PITMAN, III, and
PENINSULA PLASTIC SURGERY
CENTER, LTD

By: /s/    Aaron Balla Houchens
         Of Counsel

Aaron B. Houchens, Esq. (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy.
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com

Stephen M. Smith, Esq. (VSB #14362)
Seth D. Scott, Esq. (VSB #80907)
David B. Holt, Esq. (VSB #65564)
THE SMITH LAW CENTER
2100 Kecoughtan Road
Hampton, Virginia 23661
757-244-7000 (telephone)
757-245-7740 (facsimile)
ssmith@braininjurylawcenter.com
sscott@attorneys4injured.com
dholt@ attorneys4injured.com

*Counsel for Plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David A. Warrington, Esq.
LeClairRyan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com
    *Counsel for Defendant Xcentric Ventures, LLC and Edward Magedson*

Jesse R. Binnall, Esq.
Louise T. Gitcheva, Esq.
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, Virginia 22314
Tel: (703) 888-1930
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com
    *Counsel for Defendants Anna Richter, Bert Pitman and Tracey Richter*

    /s/    Aaron Balla Houchens
    Aaron B. Houchens, Esq. (VSB #80489)
    STANLEY & HOUCHENS, LLC
    13508 Booker T. Washington Hwy.
    Moneta, Virginia 24121
    540-721-6028 (telephone)
    540-721-6405 (facsimile)
    ahouchens@shg-law.com