IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| **JOHN M. PITMAN, III**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No.: 4:16-cv-00179 |
| ) | |
| **XCENTRIC VENTURES, LLC**, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION OF
DEFENDANT ANNA RICHTER'S MOTION TO COMPEL**

**I.     Introduction**

On the whole, Defendant Anna Richter's ("Richter") Motion to Compel is essentially form over substance. Despite the Plaintiffs' objections, they have provided full, substantive responses to nearly every one of Richter's discovery requests.

Richter's main argument is that the Plaintiffs have not identified patients that were lost as a result of the combined actions of the Defendants, which are the subject of this action. As of the filing of this Memorandum, the Plaintiffs have now identified 11 patients in response to Richter's Interrogatory number 1 to Plaintiff John M. Pitman. As of the filing of this Memorandum, Plaintiffs continue to locate and identify lost patients.

Based on the Plaintiffs' full and substantive responses and the arguments below, Richter's Motion to Compel should be denied.

## II. Facts

Due to the volume of pleadings and memoranda previously filed in this action, the Plaintiffs will forego a recitation of the facts alleged in the Complaint. However, the facts relevant to Richter's Motion to Compel are as a follows:

- Richter issued Interrogatories and Requests for Production of Documents to the Plaintiffs on April 5, 2017

- The Plaintiffs filed their objections to Richter's discovery requests on April 20, 2017. Within some of the objections, the Plaintiffs advised Richter they would not respond to some of her discovery requests until an appropriate Protective Order was entered due to the sensitive nature of some of the information requested- including protected health information

- On May 5, 2017, the Plaintiffs provided answers to Richter's Interrogatories and responses to Richter's Requests for Production of Documents. In the responses, the Plaintiffs advised Richter they would provide supplemental responses upon the entry of a Protective Order.

- On June 8, 2017, the Court entered a Protective Order based on the agreement of the parties.

- Richter advised the Plaintiffs of alleged deficiencies in their discovery responses by letter dated June 19, 2017. Most of Richter's letter focused on the Plaintiffs' objections to individual requests despite the fact that the Plaintiffs provided full, substantive responses to nearly all of Richter's requests.

- On June 30, 2017, counsel for the Plaintiffs conferred with counsel for Richter. Plaintiffs' counsel advised Richter's counsel of forthcoming changes involving

2

- Plaintiffs' counsel. Specifically, Seth D. Scott was leaving his position with the Brain Injury Law Center and transitioning to a position with Stanley & Houchens, LLC. While at the Brain Injury Law Center, Seth D. Scott had been responsible for organizing and providing the Plaintiffs' discovery responses. The transition to Stanley & Houchens, LLC, on the other side of the Commonwealth, limited his ability to promptly respond the Richter's demands for production.

- Despite the transition in Plaintiffs' counsel, the Plaintiffs provided supplemental responses on July 3, 2017. The supplement contained tax returns for both Plaintiffs.

- On July 11, 2017, counsel for the Plaintiffs again conferred with counsel for Richter. Counsel for the Plaintiffs again advised of the status of the transition of Seth D. Scott from the Brain Injury Law Center to Stanley & Houchens, LLC and the limits imposed by that transition.

- On July 24, 2017, Seth D. Scott advised the Court and the parties of the finalization of his transition to Stanley & Houchens, LLC.

- On the same day, Richter filed the present Motion to Compel. (ECF No. 89)

- On August 2, 2017, Plaintiff John M. Pitman, by counsel, filed supplemental responses to Richter's discovery requests, including the names of patients lost as a result of the Defendants. Plaintiff Peninsula Plastic Surgery also provided a supplemental response.

### III. Legal Standard

The Federal Rules of Civil Procedure allow for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The rules permit parties to withhold "information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must…describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

A party "who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response…in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed R. Civ. P. 26(e)(1).

Finally, Federal Rule 33 allows a party to serve on any other party a request within the scope of Rule 26(b)…to produce…" documents or electronically stored information "in the responding party's possession, custody, or control." Fed. R. Civ. P. 33(a).

**IV.     Argument**

A. <u>Plaintiffs' Responses to Richter's Alleged Deficiencies</u>

Richter filed a twelve page memorandum in support of her Motion to Compel. Nearly every alleged deficiency by Richter is with regard to Plaintiffs' objections. However, the Plaintiffs provided substantive responses to nearly all of Richter's discovery responses notwithstanding the Plaintiffs' objections. Where the Plaintiffs stood on their objections, they advised Richter of the same. Further, if the Plaintiffs were withholding information or

4

documents from Richter, they identified that information in accordance with Federal Rule of Civil Procedure 26(b)(5)(A).

### i. Interrogatory #1 to Pitman and PPS

Richter requests the Plaintiffs identify every patient lost as a result of defendants' actions. While the Plaintiffs maintain that it would be impossible to identify every lost patient or opportunity, with the supplement dated August 2, 2017, the Plaintiffs have now provided Richter with the identities of 11 patients or potential patients. The Plaintiffs will further supplement their responses to Interrogatory number 1 as more patients and potential patients are identified.

Richter focuses on the validity Plaintiffs' objections, however the Plaintiffs responded to the request notwithstanding their objections. Therefore, the Plaintiffs, based on their current knowledge, they have fully responded to these interrogatories and Richter's argument is moot.

### ii. Interrogatory # 3 to Pitman and PPS

Richter requests the Plaintiffs identify all persons with whom the plaintiffs have communicated regarding the facts alleged in the Complaint. Again, it would be impossible to identify every person the Plaintiffs communicated with regarding the facts contained in the Amended Complaint. In the Plaintiffs' initial responses, Richter was referred back to people with knowledge of the facts and allegations made in the Complaint provided by the Plaintiffs in the Rule 26 Initial Disclosure. The Plaintiffs supplemented their responses to Interrogatory number 3 on August 2, 2017 to specifically identify the people with knowledge contained in their Initial Disclosures. Specifically, both in the Initial Disclosure and supplemental response, the Plaintiffs identified Pitman's ex-wife, ex-girlfriend, accountant, employees, and business partner, among others.

Richter focuses on the validity Plaintiffs' objections, however the Plaintiffs responded to the request notwithstanding their objections. Therefore, the Plaintiffs, based on their current knowledge, they have fully responded to these interrogatories and Richter's argument is moot.

      *iii.*      *Interrogatory # 4 to Pitman*

Richter requests Pitman state whether he has ever been arrested and provide the details of the arrest. Richter cites Pitman's response to Interrogatory number 2 in which Pitman stated "Pitman was never arrested by 6 armed officers at his plastic surgery practice." (Document 89-2 at 2). Pitman has never asserted that he was not arrested, but rather that he had never been arrested *by 6 armed officers at his practice*. Therefore, details about Pitman's arrest are not relevant to Richter's defense. Richter is clearly seeking information merely to harass, annoy or further defame the Plaintiffs. Moreover, this is not a defamation action where truth could be asserted as an affirmative defense. Rather, this action is focused on the wide ranging criminal actions of the Defendants, including Richter, which damaged the Plaintiffs and their respective business interests.

      *iv.*      *Interrogatories #5, #6, #7, and #8 to Pitman and PPS*

Richter requests the Plaintiffs identify all malpractice claims and tax liens against them from 2005 to present. Further, Richter requests Pitman to state whether he spoke or communicated with Ben Smith and Michael Roberts regarding the allegations in the lawsuit. Richter focuses on the validity Plaintiffs' objections, however the Plaintiffs responded to the request notwithstanding their objections. Therefore, the Plaintiffs, based on their current knowledge, they have fully responded to these interrogatories and Richter's argument is moot.

### v. Interrogatory #9, #10, & #11 to Pitman

In interrogatory number 9, Richter requests Pitman to state whether he ever stopped performing surgeries at PPS. In interrogatory number 10, Richter requests Pitman to state whether he is in the United States army and to provide the dates of his deployments. In interrogatory number 11, Richter requests Pitman to state whether he has ever given testimony with regards to the allegations made in the Amended Complaint. Richter focuses on the validity Pitman's objections, however Pitman responded to the request notwithstanding his objections. Therefore, Pitman argues, based on his current knowledge, he has fully responded to this interrogatory and Richter's argument is moot.

### vi. Interrogatory # 7 to PPS

Richter requests PPS to state whether it has continually operated from 2005 to the present. Richter focuses on the validity PPS's objections, however PPS responded to the request notwithstanding its objections. Therefore, PPS argues, based on its current knowledge, it has fully responded to this interrogatories and Richter's argument is moot.

### vii. Interrogatories #12 and #13 to Pitman

Richter requests Pitman state his gross salary for each year from 2005 to present and whether he received any disbursements from PPS. On July 3, 2017, the Plaintiffs provided all tax returns in their possession to Richter. These documents contained the information sought by Richter in Interrogatories #12 and #13. Further, Pitman supplemented his responses, in accordance with the Protective Order, on August 2, 2017 to provide responses to these interrogatories. Again, Richter focuses on the validity Pitman's objections, however Pitman responded to the request notwithstanding his objections. Therefore, Pitman, based on his current knowledge, he has fully responded to this interrogatory and Richter's argument is moot.

> viii. *Interrogatory #8 to PPS*

Richter requests the annual gross revenue for PPS from 2005 to present. On July 3, 2017, the Plaintiffs provides all tax returns in their possession to Richter. These documents contained the information sought by Richter in Interrogatory #8. Further, PPS supplemented its responses, in accordance with the Protective Order, on August 2, 2017 to provide responses to these interrogatories. Again, Richter focuses on the validity PPS' objections, however PPS responded to the request notwithstanding its objections. Therefore, PPS argues, based on its current knowledge, it has fully responded to this interrogatory and Richter's argument is moot.

> ix. *Interrogatories #14 to Pitman and #4 to PPS*

Richter requests the Plaintiffs identify the numbers of clients who had procedures performed by Pitman at PPS for each year. Richter focuses on the validity Plaintiffs' objections, however the Plaintiffs responded to the request notwithstanding their objections. Further, the Plaintiffs advised they may supplement their responses. Therefore, the Plaintiffs argue, based on their current knowledge, they have fully responded to these interrogatories and Richter's argument is moot.

> x. *Request for Production #1 and #2 to Pitman and #1, #2, and #3 to PPS*

Richter requests various financial documents from the Plaintiffs. In accordance with Federal Rule 33, the Plaintiffs have produced every financial document in their "possession, custody, or control." Fed. R. Civ. P. 33(a). These were Bates Numbered "Pitman Financials 000001-000337" and "PPS Financials 000001-000296". The Plaintiffs continue to try to obtain documents and will supplement their responses accordingly.

### xi. Request for Production #3 to Pitman and #4 to PPS

Richter requests documents related to patients lost as a result of defendants' actions. The Plaintiffs have not located any documents responsive to these requests. The Plaintiffs continue to try to obtain documents and will supplement their responses accordingly.

### xii. Request for Production #4 to Pitman and #5 to PPS

Richter requests all documents related to all malpractice claims filed against the Plaintiffs. The Plaintiffs do no possess any documents related to this request. However, the Plaintiffs have identified all claims made against him going back to 2005.

### xiii. Request for Production #5 to Pitman and #6 to PPS

Richter requests documents related to tax liens filed against the Plaintiffs from 2005 to present. The Plaintiffs do not possess any documents related to this request. However, the Plaintiffs have identified tax liens made against him going back to 2005. The Plaintiffs continue to investigate tax liens and will supplement their discovery responses accordingly.

### xiv. Request for Production #7 to Pitman and #8 to PPS

Richter requests all documents or recordings provided to the Plaintiffs by a third-party that are related to this case. Richter notes that Pitman "was allegedly provided, at least an audio recording, if not more by a prosecutor in Iowa, Ben Smith." (ECF No. 89 at 9) The Plaintiffs have provided all documents provided to them from Ben Smith and Michael Roberts in response to other Requests. These were Bates Numbered "Roberts Documents 000001-000200", "Roberts/Pitman Emails 000001-000113", "Smith Documents 000001-000379", and "Smith/Pitman Emails 000001-000109". The Plaintiffs are not in possession of any other responsive documents- mainly due to the fact that other Defendants and a third party have failed to properly comply with their discovery obligations.

### xv. *Requests for Production #9, 10, 11, and 12 to Pitman*

Richter requests all communications between Pitman and Michael Roberts and Pitman and Ben Smith. The Plaintiffs have provided all documents containing communications between Pitman and Michael Roberts. These were Bates Numbered "Roberts Documents 000001-000200", "Roberts/Pitman Emails 000001-000113", "Smith Documents 000001-000379", and "Smith/Pitman Emails 000001-000109". The Plaintiffs are not in possession of any other responsive documents.

### xvi. *Request for Production #13 to Pitman*

Richter seeks all documents that support his claim that the postings on Ripoff Report are false. Richter's Request is the definition of overly broad and unduly burdensome. The posts on Ripoff Report cover a range of bizarre topics. Producing "all documents" that support Pitman's claim that the posts were false would be an extreme, possibly impossible, burden on Pitman. Richter should, at the very least, have to more narrowly tailor this request.

### xvii. *Request for Production #14 to Pitman*

Richter requests all arrest reports or warrants for his arrest from 2005 to present. The Plaintiffs do not possess any documents related to this request. Further, Pitman has never asserted that he was not arrested, but rather that he had never been arrested *by 6 armed officers at his practice*. Therefore, details about Pitman's arrest are not relevant to Richter's defense.

### xviii. *Request for Production #15 to Pitman*

Richter requests documents related to Pitman's deployments from 2005 to present. Pitman has provided Richter with the dates of his deployment. All but one deployment, a deployment to Afghanistan in 2015, occurred prior to the postings on Ripoff Report, which are

the subject of this lawsuit. Documents related to Pitman's deployment are not relevant to this litigation.

B. <u>Plaintiffs Have Identified Lost Patients</u>

Despite a twelve page memorandum, the only legitimate deficiency identified by Richter was that the Plaintiffs had not identified lost patients. Plaintiffs' counsel advised Richter's counsel that one of Plaintiffs' attorneys was transitioning law firms and that the Plaintiffs would identify lost patients as soon as that transition was complete. Nonetheless, the same day Plaintiffs' attorney, Seth D. Scott, advised the Court and counsel of record of the finalization of his transition, Richter's counsel filed a Motion to Compel. The Plaintiffs supplemented their responses in a "timely manner" and have now identified lost patients. Therefore, the Plaintiffs have cured any deficiency in their discovery responses.

V. **Conclusion**

For the reasons stated above, the Plaintiffs request that the Court deny Richter's Motion to Compel.

Respectfully Submitted,

JOHN M. PITMAN, III, and
PENINSULA PLASTIC SURGERY
CENTER, LTD

By: ____/s/ Seth D. Scott____
Seth D. Scott (VSB #80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, Virginia 24121
(540) 721-6028
(540) 721-6405 (facsimile)
sscott@shg-law.com

Aaron B. Houchens, Esq. (VSB #80489)
Seth D. Scott, Esq. (VSB #80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy.
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com
sscott@shg-law.com

Stephen M. Smith, Esq. (VSB #14362)
David B. Holt, Esq. (VSB #65564)
THE SMITH LAW CENTER
2100 Kecoughtan Road
Hampton, Virginia 23661
757-244-7000 (telephone)
757-245-7740 (facsimile)
ssmith@braininjurylawcenter.com
dholt@ attorneys4injured.com

*Counsel for Plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David A. Warrington, Esq.
LeClair Ryan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com

*Counsel for Defendant Xcentric Ventures, LLC and Edward Magedson*

Jesse R. Binnall, Esq.
Louise T. Gitcheva, Esq.
717 King Street, Suite 300
Alexandria, Virginia 22314
Phone: (703) 888-1930
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com

*Counsel for Defendants Anna Richter, Bert Pitman, and Tracey Richter*

                                            /s/ Seth D. Scott
                                            Seth D. Scott (VSB #80907)
                                            STANLEY & HOUCHENS, LLC
                                            13508 Booker T. Washington Highway
                                            Moneta, Virginia 24121
                                            (540) 721-6028
                                            (540) 721-6405 (facsimile)
                                            sscott@shg-law.com