# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

| | |
|---|---|
| **JOHN M. PITMAN, III,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No.: 4:16-cv-00179 |
| ) | |
| **XCENTRIC VENTURES, LLC,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

Plaintiffs, John M. Pitman ("Pitman") and Peninsula Plastic Surgery Center, LTD. ("PPS') (collectively the "Plaintiffs"), by counsel, submit the following Memorandum in Support of Plaintiffs' Motion to Compel. In support thereof, Plaintiffs state as follows:

### BACKGROUND

This lawsuit asserts various causes of action and seeks: (1) direct and consequential damages for tortious interference, common law conspiracy and civil conspiracy under Virginia Code §18.2-499 -500; (2) compensatory damages, punitive damages, attorneys' fees, costs, expert witness fees, and compound prejudgment interest; and (3) treble damages pursuant to Virginia Code §18.2-499 -500.

In the main, the Plaintiffs claims are based upon the criminal conspiracy of the Defendants to intentionally harm the Plaintiffs' business interest through a series of unlawful posts on the popular website www.RipoffReport.com.

On March 28, 2017, Plaintiffs propounded their First Set of Requests for Production of Documents on Xcentric Ventures, LLC ("Xcentric"). Request numbers 19 sought the following:

19. All documents and things produced by Ben Smith and/or Sac County in discovery or via a subpoena regarding the case styled *Xcentric Ventures, LLC and Ed Magedson v. Ben Smith*, No.: CL15-4008 pending in the United States District Court for the Northern District of Iowa, Western Division.

Request number 20 sought the following

20. All business tax returns (state and federal) and tax statements for 2013, 2014 and 2015 with all schedules and attachments.

On April 12, 2017, Xcentric filed its objections to the Plaintiffs' Requests for Production of Documents. In response to Request 19, Xcentric objected and stated "only the documents related to the subject matter of this action are discoverable. Discovery related to any other documents not related to the subject matter of this litigation is not necessary or proportional to the needs of this case. Further, Xcentric objects to the production of documents subject to a protective order and injunction in that case." Xcentric also objected to Request 20 and stated "Xcentric objects to this request because it is not related to the subject matter of this litigation and is not necessary or proportional to the needs of this case."

On May 1, 2017, Xcentric provided its responses to Plaintiffs' Requests for Production of Documents. Xcentric, however, failed to produce any documents in response to Requests 19 or 20. Instead, Xcentric continued to assert objections. For example, in its "Response" to Request 19, Xcentric stated:

> At this time, documents responsive to this request are subject to a protective order in the above-referenced case. It is Xcentric's understanding that the parties involved in that litigation, as well as the plaintiffs in this matter, are working to resolve issues related to the scope of the protective order. At such time as the scope of the protective order is agreed to, Xcentric will supplement is response to this request.

Xcentric's "Response" to Request 20 was simply "Objection relevance."

Since that time, the Plaintiffs have has unsuccessfully requested on several occasions that Xcentric reconsider its position or assist with resolving the issues with the Iowa protective order.

2

On May 2, 2017, the parties discussed the issue of Xcentric's discovery responses and agreed that a Protective Order would be prudent to expedite the discovery process. Plaintiffs' counsel provided a draft Protective Order to Xcentric that evening and a Motion for Protective Order was filed on June 7, 2017. (Ecf. No. 76). The Protective Order was entered on June 8, 2017. (Ecf. No. 79).

On June 12, 2017, Plaintiffs' counsel e-mailed Xcentric's counsel and inquired as to when responses to Plaintiffs' document requests would be forth coming. Two days, later Xcentric's counsel advised that he was in a CLE but would check with his client about the Iowa litigation and obtain direction about how to respond. On July 5, 2017, Plaintiffs' counsel again requested that Xcentric provide responsive documents. During subsequent phone calls, Xcentric's counsel advised that the Iowa litigation was impeding his ability to adequately respond to the Plaintiffs' discovery requests.[1]

To date, Xcentric has not responded to the Plaintiffs discovery requests and has not provided a date certain as to when such responses could be expected. There is no doubt that Xcentric is in possession of responsive documents and the only dispute revolves around a protective order in a case over 300 miles away from this Court. Xcentric's continued reliance on unresolved issues in Iowa cannot continue to serve as a basis for their noncompliance with their Virginia discovery obligations. Trial is coming.

---

[1] Plaintiffs also sent a subpoena *duces tecum* to Ben Smith, a prosecutor in Iowa, who is a Defendant in the Iowa litigation. Plaintiffs' have not received a response to the subpoena *duces tecum*. However, Xcentric's counsel in Iowa filed various objections to the subpoena *duces tecum*. Xcentric's Iowa counsel only objected to 6 out of 25 of Plaintiffs' requests. Nonetheless, Xcentric has still refused to provide responsive documents to the remaining 19 requests which appear to be uncontested.

## ARGUMENTS & AUTHORITIES

### General Discovery Standards

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

It is well established that the rules of discovery are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); and *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

### Request 19

Under Rule 34, the party responding to a production request must provide responsive documents which are in the possession, custody or control of the party. *See Fed.R.Civ.P. 34(a)(1)*. The U.S. Court of Appeals for the Fourth Circuit has not interpreted the phrase "possession, custody or control." However, a number of district courts within the Fourth Circuit have considered this issue. The U.S. District Court for the Western District of Virginia found that in Rule 34, control is defined as actual possession of a document or "the legal right to obtain the document on demand." *Terry v. Modern Investment Co. Ltd*., 2006 WL 2434264, \*6, 2006 U.S. Dist. LEXIS 58553, \*22 (W.D.Va. Aug. 21, 2006) (*quoting Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir.1984)). *See also Steele Software Systems, Corp. v. Dataquick Information Systems, Inc.*, 237 F.R.D. 561, 563, 2006 U.S. Dist. LEXIS 74987, \*6 (Md. Oct. 2, 2006). This two-prong definition comports with the findings of other circuits. *See Mercy Catholic Med. Ctr.*

v. *Thompson,* 380 F.3d 142, 160 (3rd Cir.2004); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995).

It is clear that Xcentric is in possession of the responsive documents. It is has never made a claim to the contrary. Its only objection is based upon the Iowa litigation. This objection lacks merit. The Court has already entered a Protective Order in this action which would address any confidentiality concerns by Xcentric (although none have been asserted). In fact, the Protective Order clearly protects "Confidential" information which includes "information produced in other ligation which is subject to an existing protective order." As such, Xcentric is free to produce the requested materials (which are highly relevant and material to this litigation) without fear of discrimination. Despite this key fact, Xcentric has failed to honor its discovery obligations and the Plaintiffs have suffered extreme prejudice in their ability to prepare for trial.

**Request 20**

Xcentric claims that its tax returns are not relevant. In this matter, the financial information sought by the Plaintiffs is clearly relevant to the claims asserted-namely the punitive damages claim. The majority of jurisdictions, including the Western District of Virginia, have held that a claim for punitive damages makes a defendant's financial information relevant and discoverable. *See Tiller v. Hobart Corporation*, 58 F. Supp. 668, 690-691 (W.D. Va. 1999). ("Theoretically, a claim for punitive damages makes the defendant's financial situation relevant for discovery purposes, but the court has the power under the rules to limit such discovery upon the application of the defendant."); *United States v. Matusoff Rental Co.,* 204 F.R.D. 396, 399 (S.D. Ohio 2001) ("The overwhelming majority of federal courts to have considered the question have concluded that a plaintiff seeking punitive damages is entitled to discover information relating to defendant's financial condition."); *Miller v. Doctor's General Hospital*, 76 F.R.D.

5

136, 140 (W.D. Okla. 1977) ("Where punitive damages are claimed, it has been generally held that a defendant's financial condition is relevant to the subject matter of the action and is thus a proper subject of pretrial discovery.")

The weight of this authority mandates that Xcentric's unfounded objection be overruled and that Xcentric be ordered to produce the requested financial information- subject to the terms of the Protective Order.

## CONCLUSION

For the foregoing reasons, this Court should grant the Plaintiffs' Motion to Compel and enter an order: (i) compelling Defendant Xcentric Ventures, LLC to provide a full and complete response to Plaintiffs' First Set of Requests for Production of Documents; and (ii) for all other relief the Court deems necessary and proper.

Respectfully submitted,

JOHN M. PITMAN, III, and
PENINSULA PLASTIC SURGERY
CENTER, LTD

By: ____/s/ Seth D. Scott____
Seth D. Scott (VSB #80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, Virginia 24121
(540) 721-6028
(540) 721-6405 (facsimile)
sscott@shg-law.com

Aaron B. Houchens, Esq. (VSB #80489)
Seth D. Scott, Esq. (VSB#80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy.
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com
sscott@shg-law.com

Stephen M. Smith, Esq. (VSB #14362)
David B. Holt, Esq. (VSB #65564)
THE SMITH LAW CENTER
2100 Kecoughtan Road
Hampton, Virginia 23661
757-244-7000 (telephone)
757-245-7740 (facsimile)
ssmith@braininjurylawcenter.com
dholt@ attorneys4injured.com

*Counsel for Plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David A. Warrington, Esq.
LeClair Ryan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com
    *Counsel for Defendant Xcentric Ventures, LLC and Edward Magedson*

Jesse R. Binnall, Esq.
Louise T. Gitcheva, Esq.
717 King Street, Suite 300
Alexandria, Virginia 22314
Phone: (703) 888-1930
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com
    *Counsel for Defendants Anna Richter, Bert Pitman, and Tracey Richter*

                                             /s/ Seth D. Scott
                                        Seth D. Scott (VSB #80907)
                                        STANLEY & HOUCHENS, LLC
                                        13508 Booker T. Washington Highway
                                        Moneta, Virginia 24121
                                        (540) 721-6028
                                        (540) 721-6405 (facsimile)
                                        sscott@shg-law.com