IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Newport News Division)

| | |
|---|---|
| **JOHN M. PITMAN, III**, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>**XCENTRIC VENTURES, LLC**, *et al.*,<br><br>Defendants. | Civil Action No. 4:16-cv-00179 |

### DEFENDANT ANNA RICHTER'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION TO COMPEL

Plaintiffs have not provided full and substantive responses to A. Richter's discovery requests. While plaintiffs supplemented some interrogatory responses, after this motion was filed, they have not supplemented all of them. Moreover, their objections are boilerplate, form objections which should be stricken.

### ARGUMENT

The interrogatories and document requests are directed at two discrete issues: (1) the veracity of the statements made online about J. Pitman and (2) the patients or potential patients allegedly lost as a result of defendants' actions. The veracity of the statements made in the online posts is relevant to this litigation. Plaintiffs claim that defendants' tortiously interfered with their business by publishing **defamatory** information. Am. Compl. ¶¶ 70, 79, 112. Plaintiffs must prove the falsity of the statements made as part of their case.

*See Jordan v. Kollman*, 269 Va. 569 (2005) (in defamation, plaintiff must prove falsity of statements; slight inaccuracies are immaterial so long as substantially true). Therefore, any information related to the truth of the online posts is relevant.

 A. Richter provided ample opportunity for plaintiffs to supplement their discovery responses without a motion to compel. On June 30, 2017, almost two months after responses were initially due, plaintiffs' counsel indicated that Seth Scott was moving law firms and that move was causing a delay. A. Richter's counsel agreed to wait to file a motion until counsel spoke again on July 11, 2017. At that point, when there were no additional supplemental responses forthcoming, A. Richter filed her motion to compel. It was not until July 24, 2017 that counsel for A. Richter was informed that Seth Scott was merely transitioning from the Brain Injury Center to Stanley & Houchens, LLC, both of which were counsel of record for plaintiffs. There was no change in counsel that would cause the almost three-month delay in responding to these discovery requests.

 Plaintiffs state several times that, despite their objections, they have fully responded to discovery. Their objections, however, are boilerplate form objections, which are not valid. *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 241 (M.D.N.C. 2010); *Cappetta v. GC Servs. Ltd. P'ship*, 2008 U.S. Dist. LEXIS 103902, *3 (E.D. Va. Dec. 24, 2008) (a proper objection cannot merely state that the request is overbroad or unduly burdensome); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 364 (D. Md. 2008) (objections

that requests are overbroad and unduly burdensome are improper unless based on particularized facts). The burden to show that a discovery request is improper is on the objecting party. *Kinetic Concepts, Inc.*, 268 F.R.D. at 243. Plaintiffs, by interposing objections, are claiming that the requests issued by A. Richter are improper. There is nothing in their opposition that supports the proposition that A. Richter's discovery requests are improper.

## **INTERROGATORIES**

I. <u>Interrogatory No. 1 to J. Pitman and PPS</u>. When A. Richter filed her motion to compel, plaintiffs had not identified any patients or potential patients lost because of defendants' actions. The motion naturally focused on the objections, which are baseless, because this interrogatory had not been answered. Plaintiffs have now identified eleven patients or potential patients who were lost.[1] Given that plaintiffs seek fifteen million dollars, it is unbelievable that they can now only name eleven individuals. The objections are improper and boilerplate, and the interrogatories are tailored to elicit information relevant to this litigation.

II. <u>Interrogatory Nos. 3, 5- 8 and 14 to J. Pitman and 3- 8 to PPS.</u> Plaintiffs now represent to the Court that they have fully responded to these interrogatories despite the presence of their objections. If plaintiffs are not withholding any information, then there is no need for these objections. Additionally, these are form objections, which should be stricken.

---

[1] A. Richter is not attaching the supplemental responses provided by plaintiffs, because they have been marked Confidential or Attorneys' Eyes Only pursuant to the protective order in this case.

III. <u>Interrogatory No. 4 to J. Pitman.</u> Despite plaintiffs' claim that they provided full and substantive responses to nearly every discovery request, J. Pitman did not respond to Interrogatory No. 4. This interrogatory requests that J. Pitman state whether he has been arrested and the details of the arrest. He specifically pled that a post claiming he had been arrested at his practice was false. Am. Compl. ¶¶ 71, 79. This interrogatory goes directly to an allegation made in the Amended Complaint and is relevant to J. Pitman's claim of tortious interference.

IV. <u>Interrogatory Nos. 9-11 to J. Pitman.</u> J. Pitman objected to each of these interrogatories on the basis that they are vague, overly broad, and unduly burdensome. Interrogatory No. 9 requests that he state whether he stopped performing surgery at PPS, and if so, for how long, and Interrogatory No. 10 requests that he state whether he had been deployed by the U.S. Army, and if so, for how long. In response to Interrogatory Nos. 9 and 10, J. Pitman failed to provide, as requested, the dates he stopped performing plastic surgery and the dates of his deployment. Therefore, the responses to these requests are incomplete.

J. Pitman also objected to Interrogatory No. 11 on the basis that the information sought, whether he had ever provided testimony related to the allegations made in the Amended Complaint, was not relevant and protected by attorney work product doctrine and attorney-client privilege. This interrogatory is not seeking the content of any work product or attorney-client communication, it is merely requesting that J. Pitman state whether he has

4

provided testimony, and if so the date the testimony was provided and whether it was transcribed. That is not protected by the attorney work product doctrine or attorney client privilege, because it is not seeking any content.

V. <u>Interrogatory Nos. 12 and 13 to J. Pitman and Interrogatory No. 8 to PPS.</u> These requests seek financial information such as gross salary (No. 12), disbursements (No.13) and annual gross revenue (No. 8). J. Pitman and PPS did produce tax returns, on July 3. Those returns, however, are incomplete. For example, J. Pitman did not provide tax returns for 2015 or 2016. PPS also failed to provide tax returns for 2016. Additionally, in supplementing his response to Interrogatory No. 12, J. Pitman failed to provide his gross salary for 2009, 2010, 2015, and 2016. In response to Interrogatory No. 13, he failed to provide any distributions for 2005 to 2011, 2015 and 2016. In response to Interrogatory No. 8, PPS failed to provide the annual gross revenue for PPS for 2009, 2010, 2011, and 2016. J. Pitman and PPS objected to the interrogatories as vague, overly broad, and unduly burdensome. Again, these are boilerplate objections that are improper as the interrogatories are tailored to seek financial information related to plaintiffs' claimed damages.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

VI. <u>Request for Production Nos. 1- 2 to J. Pitman and 1- 3 to PPS.</u> J. Pitman and PPS objected to all of these requests as vague, overbroad and unduly burdensome. These are, again, boilerplate objections that should be overrule. Plaintiffs have produced most of their tax returns and K-1s, but these tax returns are missing portions, which have been identified to plaintiffs'

5

counsel. A. Richter has not received any W-2s (J. Pitman No. 2), financial statements, balance sheets, accounts payable ledgers (PPS No. 2) or profit and loss sheets (No. 3). These documents should be produced immediately. J. Pitman and PPS claim that they have been damaged in the amount of fifteen million dollars, yet they claim to not possess the basic financial documents necessary to calculate any damages. PPS, as a functioning business, should have access to these basic financial documents. Discovery ends in two months and PPS and J. Pitman have failed to provide even basic financial information to the defendants. Therefore, the objections should be stricken and full production compelled.

VII. <u>Request for Production Nos. 3-5 to J. Pitman and 4-6 to PPS.</u>

Plaintiffs represent that they have no documents responsive to these requests. These requests include documents related to malpractice claims (J. Pitman No. 4; PPS No. 5); patients lost as a result of defendants' actions (J. Pitman No. 3; PPS No. 4); and tax liens (J. Pitman No. 5; PPS No. 6). Plaintiffs have now disclosed eleven patients that they claim were lost as a result of defendants' actions, yet they are unable to provide any paperwork related to those patients. If plaintiffs can identify the patients by name, then they must have, in their possession, at least an intake or consultation form. These have not been produced. Additionally, plaintiffs objected to all these requests on the basis that they seek documents that are protected from disclosure by the attorney work product doctrine and attorney-client privilege. A privilege log has not been provided.

VIII. <u>Requests for Production Nos. 7, 9 – 12 to J. Pitman and 8 to PPS.</u>

Plaintiffs claim that they have produced all documents responsive to these requests despite their objections. Again, plaintiffs' objections are boilerplate. All the document requests, with the exception of Nos. 7 and 8, are objected to on the basis that they are vague, overly broad, and unduly burdensome. These requests seek documents pertaining to the allegations as laid out in the Amended Complaint and the objections should be stricken. Additionally, plaintiffs objected to Nos. 7 and 8 on the basis of the attorney work product doctrine and attorney-client privilege. No privilege log was provided.

IX. <u>Request for Production No. 13 to J. Pitman.</u> This request seeks all documents that support J. Pitman's claims that online posts are false. It is J. Pitman's burden to show that the posts are false in order to prove defamation. Therefore, these documents go directly to the underpinnings of plaintiffs' claim that defendants' tortiously interfered with plaintiffs' contracts by defaming them. A. Richter merely seeks to discover any documents that show that the statements are false.

X. <u>Request for Production No. 14 to J. Pitman.</u> This request seeks documents related to any arrest reports or warrants for J. Pitman's arrest. J. Pitman claims that A. Richter posted or conspired to post false information about him online. One of the statements posted online is that J. Pitman was arrested at his practice. The details of any arrest are relevant to defendants' defenses. *See* Fed. R. Civ. P. 26(b)(1).

7

## CONCLUSION

For these reasons, defendant Anna Richter requests that this Court grant her Motion to Compel, overrule plaintiffs' objections and order plaintiffs to fully respond within 7 days of the Court's order.

Dated: August 9, 2017

HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, Virginia 22314
Tel: (703) 888-1943
Fax: (703) 888-1930

By: /s/ Louise T. Gitcheva
Jesse R. Binnall (VSB #79292)
jbinnall@harveybinnall.com
Louise T. Gitcheva (VSB #86200)
lgitcheva@harveybinnall.com

*Counsel for Anna Richter, Bert Pitman & Tracey A. Richter*

## Certificate of Service

I hereby certify that on August 9, 2017, I filed the foregoing using the Clerk's CM/ECF system, which will provide notice to all counsel of record.

The foregoing was also sent via electronic mail to:

Darren Meade
DarrenMitchellMeade949@gmail.com

By: /s/ Louise T. Gitcheva
Louise T. Gitcheva (VSB #86200)
HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, Virginia 22314
Tel: (703) 888-1943
lgitcheva@harveybinnall.com

*Counsel for Anna Richter, Bert Pitman & Tracey A. Richter*