**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| **JOHN M. PITMAN, III,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )     **Civil Action No.: 4:16-cv-00179** |
| | ) |
| **XCENTRIC VENTURES, LLC,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION REGARDING THE**
**SUFFICIENCY OF OBJECTIONS TO PLAINTIFFS' REQUESTS FOR**
**ADMISSION TO ANNA RICHTER AND TRACEY RICHTER**

Plaintiffs, John M. Pitman ("Pitman") and Peninsula Plastic Surgery Center, LTD.

("PPS") (collectively the "Plaintiffs"), by counsel, submit the following Memorandum in

Support of Plaintiffs' Motion Regarding the Sufficiency of Objections to Plaintiffs' Requests for

Admission to Anna Richter and Tracey Richter.  In support thereof, Plaintiffs state as follows:

**BACKGROUND**

This lawsuit asserts various causes of action and seeks: (1) direct and consequential

damages for tortious interference, common law conspiracy, and civil conspiracy under Virginia

Code § 18.2-499-500; (2) compensatory damages, punitive damages, attorneys' fees, costs,

expert witness fees, and compound prejudgment interest; and (3) treble damages pursuant to

Virginia Code § 18.2-499-500.

In the main, the Plaintiffs' claims are based upon the criminal conspiracy of the

Defendants to intentionally harm the Plaintiffs' business interest through a series of unlawful

posts on the popular website www.RipoffReport.com.

On May 16, 2017, the Plaintiffs propounded their Requests for Admission to both Anna Richter and Tracey Richter ("Richters").  Attached to the Requests was an audio recording.  The Plaintiffs made the following requests for admission based on the audio recording to both Anna Richter and Tracey Richter:

1.      Admit the audio recording enclosed herein is a true and accurate recording of your conversation with Anna Richter/Tracey Richter on February 2, 2014.

2.      Admit your voice is on the audio recording enclosed herein.

3.      Admit that Anna Richter's/Tracey Richter's voice is on the audio recording enclosed herein.

4.      Admit the voice transcribed as "AR/TR" on the audio recording is (Anna Richter's/Tracey Richter's) voice.

A copy of the Requests the Plaintiffs served on the Richters are attached as Exhibit 1 and Exhibit 2.

On May 30, 2017, the Richters served objections to the Plaintiffs' Requests for Admissions.  In response to each of the Requests, the Richters objected "on the grounds that the audio recording was unlawfully or improperly obtained."  A copy of the Richters' objections are attached as Exhibit 3 and Exhibit 4.

Despite the objections by the Richters, on July 24, 2017, in a memorandum in support of a motion to compel, Anna Richter stated that the recording "is of a conversation between defendants A. Richter and T. Richter."  (Ecf No. 89 at 9).

On August 3, 2017, Plaintiffs' counsel emailed counsel for the Richters asserting that there was no basis for their objections to the Plaintiffs' requests and requested that the Richters reconsider their objections.  Plaintiffs' counsel further pointed out that the Anna Richter had

already made admissions in the memorandum filed in support of her motion to compel.    To

date, the Richters have not responded to the Plaintiffs' requests nor have they advised whether

they would reconsider their objection.  This silence can only be resolved with Court intervention.

## ARGUMENTS AND AUTHORITIES

1.    <u>Federal Rules Concerning Requests for Admission</u>

Federal Rule of Civil Procedure 26(b)(1) allows for parties to "obtain discovery regarding

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case."  Further, "[i]nformation within this scope of discovery need not be admissible

in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 36(a)(1) permits a party to "serve on any other party a

written request to admit, for purposes of the pending action only, the truth of any matters within

the scope of Rule 26(b)(1) relating to…facts, the application of law to fact, or opinions about

either…."

2.    <u>The Richters' Objections Should be Overruled.</u>

The Richters' objects to every Request "on the grounds that the audio recording was

unlawfully or improperly obtained" were improper under the rules governing discovery.
Not only did the Richters fail to respond with a denial to any of the Requests, but they did not

object to the relevance of the Requests.   Further, the Richters made no claim that the

information sought was privileged in any way.  Rather, the Richters object on the grounds that

the information contained on the audio recording was improperly obtained or obtained in some

illegal manner.[1]

---

[1] The Ricthers, however, do not contend that the Plaintiffs used improper or illegal methods to obtain the recording.

The Richters objections are meritless.  The heart of the objection relates to the admissibility of evidence- not the discovery of it.  Moreover, the Richters' objection is asserted in quasi Fourth Amendment terms and relies on a tortured "fruit of the poisonous tree" notion. This is not a criminal case and the Federal Rules of Civil Procedure make it clear that evidence need not be admissible to be discoverable. Accordingly, the Richters objections should be overruled and they should be ordered to respond to the Plaintiffs' Requests within 10 days.

>      3.      Anna Richter Should be Bound by her Judicial Admissions in her Legal Filings

At the very least, the Court should deem Requests for Admission #1, #2, and #3 admitted by Anna Richter.  The general rule is that "a party is bound by the admissions of his pleadings." *Lucas v. Burnley*, 879 F.2d 1240, 1242 (4th Cir. 1989) (citations omitted).  Courts are generally reluctant to find that a judicial admission was made through statements in a brief "because briefs are not 'pleadings'." *VIA Design Architects, PC v. U.S. Dev. Co., LLC*, No. 2:13cv555; 2014 WL 5685550, at *7 (E.D. Va. Nov. 4, 2014) (*citing Willis v. Wells Fargo Bank, N.A.*, No. 2:11cv193, 2012 WL 112903, at *8 (E.D.Va. Jan. 12, 2012)).  However, a district court has the discretion to find a judicial admission in a memorandum "as long as the statements at issue are deliberate, clear, and unambiguous." *Id*. (*citing Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264–65 (4th Cir.2004)).

Here, the Plaintiffs sought admissions from Anna Richter that: (1) the audio recording was a true and accurate recording of her conversation with Tracey Richter on February 2, 2014; (2) Anna Richter's voice was on the audio recording; and (3) Tracey Richter's voice is on the audio recording.  In her memorandum filed months after the Plaintiffs served their Requests for Admission based on the audio recording, Anna Richter unambiguously stated that the recording "is of a conversation between defendants A. Richter and T. Richter."  Therefore, the Court

4

should find Anna Richter made a judicial admission related to the audio recording and deem the Plaintiffs' Requests #1, #2, and #3 admitted as to Anna Richter.

## CONCLUSION

For the foregoing reasons, this court should grant the Plaintiffs' Motion and enter an order overruling the objections and compelling responses by Anna Richter and Tracey Richter to the Plaintiffs' Requests for Admission.  Alternatively, the Plaintiffs request the court enter an order finding that the matters at issue in the Plaintiffs' requests be deemed admitted.  The Plaintiffs request all other relief the Court deems necessary and proper.

Respectfully Submitted,

By: _____/s/ Seth D. Scott_____
Seth D. Scott (VSB #80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, Virginia 24121
(540) 721-6028
(540) 721-6405 (facsimile)
sscott@shg-law.com

Aaron B. Houchens, Esq. (VSB #80489)
Seth D. Scott, Esq. (VSB#80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy.
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com
sscott@shg-law.com

*Counsel for Plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 16, 2017, I will electronically file the foregoing Amended

Notice of Appearance with the Clerk of Court using the CM/ECF system, which will then send a

notification of such filing (NEF) to the following:

> David A. Warrington, Esq.
> LeClair Ryan
> 2318 Mill Road, Suite 1100
> Alexandria, Virginia 22314
> Phone: (703) 647-5926
> Fax: (703) 647-5966
> david.warrington@leclairryan.com
>
> *Counsel for Defendant Xcentric Ventures, LLC and Edward Magedson*
>
> Jesse R. Binnall, Esq.
> Louise T. Gitcheva, Esq.
> 717 King Street, Suite 300
> Alexandria, Virginia 22314
> Phone: (703) 888-1930
> jbinnall@harveybinnall.com
> lgitcheva@harveybinnall.com
>
> *Counsel for Defendants Anna Richter, Bert Pitman, and Tracey Richter*
>
> Darren M. Meade
> darrenmitchellmeade949@gmail.com

>       /s/ Seth D. Scott
> Seth D. Scott (VSB #80907)
> STANLEY & HOUCHENS, LLC
> 13508 Booker T. Washington Highway
> Moneta, Virginia 24121
> (540) 721-6028
> (540) 721-6405 (facsimile)
> sscott@shg-law.com