IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| **JOHN M. PITMAN, III,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No.: 4:16-cv-00179 |
| ) | |
| **XCENTRIC VENTURES, LLC,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

Plaintiffs, John M. Pitman ("Pitman") and Peninsula Plastic Surgery Center, LTD. ("PPS') (collectively the "Plaintiffs"), by counsel, submit the following Reply Memorandum in Support of Plaintiffs' Motion to Compel. In support thereof, Plaintiffs state as follows:

### BACKGROUND

This litigation was commenced on October 5, 2016. The Plaintiffs allege that the Defendants, including Xcentric Ventures, LLC ("Xcentric"), conspired to injure the Plaintiffs by posting false allegations on the RipoffReport.com. The postings accused Pitman of lying in court, being a deadbeat hack plastic surgeon, prescribing pain pills for sex fueled parties, cheating on his wife, and raping babies. These postings were made in retaliation against Pitman for testifying in the murder trial of Defendant Tracey Ricther and in an effort to get him to recant his testimony. Tracey Richter was prosecuted by Sac County Attorney Ben Smith. After Tracey Richter's conviction, Ben Smith began investigating Xcentric and Edward Magedson ("Magedson") for, among other things, purportedly tampering with witnesses.

Shortly before the filing of this suit, Xcentric and Magedson filed suit against Ben Smith alleging abuse of process (the "Xcentric Lawsuit"). One of the chief complaints in the Xcentric

Lawsuit was that Ben Smith sought and obtained Xcentric's attorney client communications and/or other information from either Xcentric or Magedson. Upon information and belief, Ben Smith also obtained information directly related to this lawsuit which establishes the horrendous conduct the Defendants directed towards the Plaintiffs.

On September 4, 2015, the Iowa District Court granted Xcentric and Magedson's Motion for a Preliminary Injunction which prohibited Ben Smith from disclosing certain information he obtained during his investigation. Approximately six months later, the Iowa District Court entered a Protective Order which contained two designations limiting the disclosure of information: "Confidential" and "Attorneys' Eyes Only." Each designation, however, permitted the parties to designate "by written stipulation of the parties filed with the Clerk of the Court" other individuals who may receive information designated as Confidential or Attorneys' Eyes Only. *See* (Mem Opp. Mot. Compl., Ex. C, ¶ 7(j) & 8(h)). The Iowa Protective Order specifically exempted a party's own information. Paragraph 11 of the Iowa Protective Order reads as follows:

> 11. <u>Party's Own Information</u>. The restrictions on the use of Information established by this Protective Order are applicable only to Information received by a party from another party or from a non-party as a direct result of this litigation. A party is free to do whatever it desires with its own Information.

*Id.* ¶ 11.

The Iowa Protective Order also contained a provision which extended its protections after final termination of those proceedings. *Id.* ¶ 14-15.

On March 28, 2017, Plaintiffs propounded their First Set of Requests for Production of Documents on Xcentric. The Plaintiffs' discovery requests sought information Xcentric

obtained in litigation currently pending in Iowa and Xcentric's financial records. Xcentric objected to the production of the documents obtained in the Iowa litigation, in part, because those documents were subject to a protective order and injunction in Iowa. Xcentric also objected to the production of its financial records as irrelevant.

After the initial objections, the parties have worked diligently to resolve the dispute associated with the requested documents. Xcentric initially claimed that it did not feel comfortable producing any documents until a Protective Order was entered. The Plaintiffs acquiesced to this request and an agreed Protective Order was entered on June 8, 2017. (Ecf. No. 79).

Like the Iowa Protective Order, the Protective Order in this case also included the "Confidential" and Attorneys' Eyes Only" designations. (Ecf. No. 79, ¶ 4). The Confidential designation specifically covered "information produced in other litigation which is subject to an existing protective order." *Id.* This language, however, failed to satisfy Xcentric and it has failed to produce any documents responsive to Request 19. Plaintiffs filed their Motion to Compel on August 3, 2017 seeking the disclosure of this and other requested information.

In opposition, Xcentric claims that Plaintiffs cannot obtain information which is the fruit of the poisonous tree that was Ben Smith's investigation.[1] Xcentric also twists the Iowa Protective Order's language to assert that it is somehow miraculously absolved of complying with its discovery obligations in this litigation. For the first time, Xcentric now asserts that many of the requested documents are irrelevant. Xcentric arguments are baseless and it should be required to comply with its discovery obligations.

---

[1] This argument sounds in criminal law. The Fourth Amendment's protections have no place in these proceedings and do not apply.

## ARGUMENTS & AUTHORITIES

I. **XCENTRIC CANNOT CONTINUE TO AVOID ITS DISCOVERY OBLIGATIONS BY HIDING BEHIND THE IOWA PROTECTIVE ORDER AND OBFUSCATORY OBJECTIONS**

### A. The Iowa Protective Order Does Not Bar the Disclosure of the Requested Information

The Federal Rules of Civil Procedure, in part, work to ensure that civil trials seek out the truth. This important goal is served by ending trial by ambush and liberally permitting the exchange of information in the discovery process. Xcentric wants to keep its secret criminal practices hidden from view, but it has failed to articulate a meaningful basis to do so.

First, the Iowa Protective Order clearly provides a basis for the disclosure of this information. The Plaintiffs can simply become signatories on that order or Xcentric can enter a written stipulation authorizing the disclosure of such information. Upon information and belief, Ben Smith does not object to the Plaintiffs obtaining this information. In essence, the Plaintiffs in this litigation can become bound by the Iowa Protective Order and its terms- which eviscerates Xcentric's chief objection.[2]

Second, Xcentric's ignorance of a key term of the Iowa Protective Order dooms its arguments. Paragraph 11 of the Iowa Protective Order makes clear that a party can disclose its own information. Much, if not all, of the information the Plaintiffs seek is Xcentric's own information.[3] This is made clear by Xcentric's own arguments and legal filings. For example, Xcentric and Magedson's Complaint against Ben Smith alleges that Mr. Smith obtained Xcentric's records, including business correspondence. *See e.g.,* (Mem Opp. Mot. Compl., Ex.

---

[2] Of course, this is unnecessary because the Protective Order in this case already makes the requested information Confidential and limits its dissemination.

[3] This makes sense because Ben Smith was investigating Xcentric and its business practices.

4

A, ⁋ 92 – 93). Xcentric and Magedson also sought and obtained a preliminary injunction which prohibited the disclosure of "any communications or information obtained through (Smith's) investigation of Xcentric and Magedson." *See e.g.,* (Mem Opp. Mot. Compl., Ex. B, p. 4). All of this makes clear that Ben Smith's investigation obtained *Xcentric's information*. The Iowa Protective Order permits Xcentric to disclose its own information- which it is now seeking to avoid.

### B. The Requested Documents are Relevant and any Prejudice to Xcentric and Magedson is Meaningless

Xcentric now claims that the documents sought by the Plaintiffs are irrelevant. Plaintiffs have sued the Defendants based upon their collective conduct which injured the Plaintiffs. To date, Xcentric's discovery responses have been scant- at best. They have objected to nearly every request and have flatly refused to produce key documents. Request 19 seeks information, collected by Ben Smith from Xcentric, which will reveal Xcentric's criminal activity. Upon information and belief, the requested information contains (1) communications in which the Defendants discuss their conspiracy to injure the Plaintiffs; (2) audio recordings of the Defendants discussing how to harm the Plaintiffs; (3) payments from Xcentric to other Defendants; and/or (4) information related to the authorship of the posts on the Ripoff Report. This goes to the core issue of this litigation and established law mandates that Xcentric's objection be overruled. This is especially true given the fact that Defendants Anna Richter and Bert Pitman have admitted to providing information to Xcentric and Magedson about the Plaintiffs and were even recorded scheming about how to harm the Plaintiffs (with the assistance of Xcentric and Magedson) on a jail house recording already in possession of the Plaintiffs.

Rule 26 of the Federal Rules of Civil Procedure provides that evidence is discoverable only if it is relevant to any party's claims or defenses and proportional to the needs of the case.

5

The discovery rules are to be accorded broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635 (1979). Prior to the recent amendment to the Federal Rules of Civil Procedure, courts throughout the nation found that a request for discovery should be considered relevant if there is any possibility that information sought may be relevant to the subject matter of action. *See e.g., Bacon v. Smith Barney Shearson, Inc.*, 938 F.Supp. 98 (D.N.H. 1996) (noting that for purposes of determining whether evidence is "relevant," and consequently discoverable under Federal Rules of Civil Procedure, relevancy is construed broadly to encompass any matter that bears on any issue that is or may be the case); *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.*, 211 F.R.D. 658 (D. Kan 2003) (stating that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party); *Williams v. American Cyanamid*, 164 F.R.D 615 (D.N.J. 1996) (holding that "Relevancy" in discovery context is to be construed liberally, and must be determined and limited by context of facts and circumstances of each particular case). Thus, while there is a dearth of case law concerning the new Rule 26, it is clear that a liberal reading of the term "relevant" will persist and apply here.

In this case, Plaintiffs have clearly articulated a need for the materials and their connection to the subject matter of this case. As such, Xcentric must establish, that the documents are irrelevant- a burden it cannot meet. "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C.2010). Where a prima facie showing of discoverability has been made by the party seeking discovery, "the burden shifts ... to the resisting party to show 'lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of

such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery.' " *Desrosiers v. MAG Industrial Automation Sys., LLC*, 675 F.Supp.2d 598, 601 (D.Md. 2009) (internal citations omitted).

Xcentric takes a narrow view of this litigation by claiming that the Court limited the Plaintiffs damages to specific lost patients. Xcentric twists this incorrect statement in an attempt to neuter the Plaintiffs' discovery efforts. The Court has not ruled on the viability of the Plaintiffs' Amended Complaint and even if the Court were to so limit the Plaintiffs' damages- the requested discovery goes to the heart of liability- not damages. Plaintiffs must be entitled to gather information to prove that the Defendants engaged in a conspiracy, among other things, to injure the Plaintiffs. This is exactly what the requested documents will show. This is exactly why Xcentric is refusing to produce the documents. To do so would end the charade and cause Xcentric's house of cards to tumble. What is Xcentric trying to hide?

Xcentric chides the Plaintiffs for claiming that they have suffered "extreme prejudice." And argues that they would be prejudiced by complying with their discovery obligations.[4] What Xcentric overlooks is the fact that trial is less than four months away and Xcentric has not complied or attempted to comply with its discovery obligations. Plaintiffs cannot conduct a deposition without the requested documents nor can they adequately prepare for trial. Xcentric's dilatory tactics must end or the Plaintiffs will enter trial with one hand tied behind their back. Such a result is not contemplated by the Federal Rules of Civil Procedure.

---

[4] Any prejudice to Xcentric is irrelevant. The combined actions of the Defendants destroyed the Plaintiffs and their business. Xcentric has profited from their actions and to rely upon any stated prejudice to Xcentric would allow them to profit from their criminal activities.

### C. Plaintiffs are Entitled to Xcentric's Tax Documents

Xcentric argues that the Plaintiffs failed to accurately state the law with regard to the disclosure of tax returns. Again, Xcentric is wrong. Boiled down, Xcentric's only argument is that production of its tax returns should occur after summary judgment to determine if the Plaintiffs' punitive damages claim survives summary judgment. Plaintiffs' concur with such a result, but that is not the object of the Motion to Compel.

Xcentric objected to Request 20 on the grounds of relevance. It is clear that the tax returns are relevant and the objection should be overruled. Xcentric's diatribes about summary judgment and timing of any production of tax returns ignores its misplaced objection. Xcentric's tax returns are relevant and should be produced at the appropriate time.

### CONCLUSION

For the foregoing reasons, this Court should grant the Plaintiffs' Motion to Compel and enter an order: (i) compelling Defendant Xcentric Ventures, LLC to provide a full and complete response to Plaintiffs' First Set of Requests for Production of Documents; and (ii) for all other relief the Court deems necessary and proper.

Respectfully submitted,

JOHN M. PITMAN, III, and
PENINSULA PLASTIC SURGERY
CENTER, LTD

By: ____/s/ Aaron B. Houchens____
Aaron B. Houchens (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, Virginia 24121
(540) 721-6028
(540) 721-6405 (facsimile)
ahouchens@shg-law.com

Aaron B. Houchens, Esq. (VSB #80489)
Seth D. Scott, Esq. (VSB#80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy.
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com
sscott@shg-law.com

*Counsel for Plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David A. Warrington, Esq.
LeClair Ryan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com
   *Counsel for Defendant Xcentric Ventures, LLC and Edward Magedson*

Jesse R. Binnall, Esq.
Louise T. Gitcheva, Esq.
717 King Street, Suite 300
Alexandria, Virginia 22314
Phone: (703) 888-1930
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com
   *Counsel for Defendants Anna Richter, Bert Pitman, and Tracey Richter*

Darren M. Meade
darrenmitchellmeade949@gmail.com

    /s/ Aaron B. Houchens
Aaron B. Houchens (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, Virginia 24121
(540) 721-6028
(540) 721-6405 (facsimile)
ahouchens@shg-law.com

.