**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| **JOHN M. PITMAN, III,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No.: 4:16-cv-00179 |
| ) | |
| **XCENTRIC VENTURES, LLC,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
A CONTINUANCE OF THE TRIAL OF THIS MATTER**

COMES NOW, the Plaintiffs, by counsel, and in support of their Motion for a Continuance state as follows:

**I.      Introduction/Facts**

This action was initiated by the Plaintiffs on October 5, 2016 with a Complaint in the Circuit Court for Williamsburg/James City County, Virginia. (ECF No. 1). The case was removed by Defendant Edward Magedson to the United States District Court for the Eastern District of Virginia on December 7, 2016. (ECF No. 1). The Plaintiffs resisted the removal, but their Motion to Remand was denied on March 22, 2017. (ECF No. 57). Subsequently, this matter was set for trial on December 5, 2017. (ECF No. 57).

On February 28, 2017, Defendants Xcentric and Magedson filed a Motion to Dismiss. (ECF No. 39). Subsequently, on March 31, 2017, Anna Richter, Tracey Richter, and Bert Pitman also filed a Motion to Dismiss for failure to state a claim. (ECF No. 59). The Motions were briefed and argued before the Court on May 11, 2017. At the hearing, the Court indicated

1

it would grant the Defendants' Motions to Dismiss, but gave the Plaintiffs leave to file an Amended Complaint.

The Plaintiffs filed an Amended Complaint on May 22, 2017 (ECF No. 67), however they did not have the benefit of reviewing the Court's Order prior to filing as the Order was not entered and electronically filed until a day after the Plaintiffs were required to file their Amended Complaint. (ECF No. 68). Thereafter, on June 2, 2017, the Defendants filed Motions to Dismiss the Plaintiffs' Amended Complaint with accompanying Memoranda. (ECF Nos. 70, 71, 73). The Plaintiffs filed Memoranda opposing the Motions to Dismiss on June 16, 2017 (ECF Nos. 80 and 81). The Defendants filed their Reply Memoranda on June 22, 2017 (ECF Nos. 82 and 83). The Parties requested a hearing on the Motions (ECF Nos. 84 and 85), however a hearing has yet to be set.

Since the first hearing on March 21, 2017, the parties have engaged in discovery. Specifically, the Plaintiffs issued discovery requests to Defendant Xcentric on March 28, 2017. While Defendant Xcentric provided some responses, it claimed it was unable to fully respond due to an injunction entered in a case involving Xcentric in the United States District Court for the Northern District of Iowa. On August 4, 2017, the Plaintiffs issued discovery requests to Magedson. While the deadline to fully respond to the Plaintiffs' requests has not passed, on August 18, 2017, Magedson served Plaintiffs with objections like those made by Xcentric.

Similarly, the Plaintiffs issued a subpoena *duces tecum* to Ben Smith, a prosecutor in Iowa, involved in the same litigation with Xcentric on March 24, 2017. (See Exhibit 1). Xcentric's Iowa Counsel and Ben Smith both objected and have failed to respond to the lawfully issued subpoena *duces tecum* due to the terms of the injunction in the Iowa action. (See Exhibit 2).

The Plaintiffs made multiple attempts to resolve the discovery issues with Xcentric's Virginia and Iowa counsel, as well as Ben Smith's Iowa counsel. On July 22, 2017, Xcentric's Iowa counsel and Ben Smith's counsel finally initiated a formal dialogue to resolve the dispute which would allow responsive documents to be transmitted to the Plaintiffs in this action. However, to date, Plaintiffs have yet to receive any documents from Ben Smith and have yet to receive supplemental responses from Xcentric. These documents are highly relevant to this action and the Plaintiffs must have these documents to properly litigate this matter.

Meanwhile, the Plaintiffs have attempted to locate and serve Defendant Darren Meade. On June, 8, 2017, the Court granted the Plaintiffs' Motion to serve Defendant Meade by Publication. (ECF No. 77). Plaintiffs' counsel promptly forwarded the Court's Order to California to be published in the Orange County Register in Orange County, California. In accordance with Virginia Code § 8.01-317, the Order was published for four weeks. Plaintiffs' counsel received an Affidavit of Publication from the Orange County Register in accordance with Virginia Code § 8.01-317 and this Court's Order on July 15, 2017. To date, Darren Meade has not filed an answer or responsive pleading.

Finally, Plaintiffs' counsel has undergone some transition. On June 30, 2017, Plaintiffs' attorney, Seth D. Scott, left his position at the Brain Injury Law Center. Over several weeks, the Brain Injury Law Center has moved this Court to withdraw as counsel (ECF No. 86) and Seth D. Scott advised the parties and the Court of his transition to Stanley & Houchens, LLC. (ECF No. 87).

## II. Legal Standard

Pursuant to Local Rule of Civil Procedure 7(G), "[m]otions for continuances of a trial or hearing date shall not be granted by the mere agreement of counsel," but rather "[n]o

continuance will be granted other than for good cause and upon such terms as the Court may impose." Good cause exists here.

**III.     Argument**

As required by Local Rule 7(G), the Plaintiffs argue that the following facts rise to the level of "good cause" for the Court to grant a continuance of the trial.

A.   <u>The Plaintiffs had to obtain service on Defendant Darren Meade by publication.</u>

As the Court is aware, the Plaintiffs made multiple attempts to effect service on Darren Meade.  In fact, Plaintiffs' counsel had multiple communications directly with Darren Meade by both phone and email.  Nonetheless, Darren Meade refused to waive service and the Plaintiffs were unable to locate him, aside from believing he resided within Orange County, California.

The Plaintiffs moved the Court to allow for service by publication on Darren Meade in accordance with Virginia Code § 8.01-317 on May 31, 2017.  (ECF No. 69).  On June 8, 2017, the Court issued an Order of Publication. (ECF No. 78). The Order was forwarded to the Orange County Register, which published the Order on June 24, July 1, July 8, and July 15.

Obviously, the process of service by publication, due to the requirements of the statute, is time consuming.  From the time the Plaintiffs filed their Motion until publication was complete on July 15, 2017, over six weeks passed.  The time, resources, and effort spent attempting to serve Darren Meade support a finding of "good cause" to continue the trial of this matter.

Moreover, assuming Darren Meade decides to participate in this litigation, he will undoubtedly request a continuance so that he can file proper responsive pleadings and engage in discovery.  If this occurs, it would further support a finding of good cause.

B.  The Plaintiffs have been prevented from obtaining documents in the possession of Defendant Xcentric, Defendant Magedson, Defendant Meade, and Ben Smith.

Through discovery requests, the Plaintiffs attempted to obtain documents in the possession of Defendant Xcentric and Defendant Magedson. While the Defendants partially responded, they cited an injunction in pending litigation involving the Defendants in Iowa. Specifically, the Defendants have been advised not to respond to the discovery requests by their counsel in Iowa. The Plaintiffs, and even Xcentric's and Magedson's Virginia counsel, have made multiple attempts to confer with the Defendants' counsel in Iowa in order to obtain the documents and relevant responses. Nonetheless, the Plaintiffs have yet to receive complete responses from the Defendants.[1]

The Plaintiffs have also issued a subpoena *duces tecum* to a prosecutor in Iowa named Ben Smith, who is one of the parties in the Iowa action. Again, the Defendants' Iowa counsel has objected to Mr. Smith responding to that subpoena based on the injunction and Protective Order which was entered in the Iowa action. Mr. Smith's counsel has lodged a similar objection- citing the injunction and Protective Order. Plaintiffs' counsel, Defendants' Virginia counsel, and Mr. Smith's counsel have made multiple attempts to reach a satisfactory resolution so that Mr. Smith can respond, but no documents have been produced.

On August 15, 2017, Plaintiffs' counsel had a telephone conference with Ben Smith's counsel in Iowa regarding the production of any documents that were not objected to by Xcentric and Magedson's Iowa counsel. Mr. Smith's counsel advised Plaintiffs' counsel that he would attempt to produce any documents that Xcentric and Magedson's Iowa counsel did not object to by August 21, 2017. However, on August 21, 2017, the Plaintiffs were advised by Ben Smith's

---

[1] A Motion to Compel is currently pending regarding Xcentric's outstanding discovery responses. This has been fully briefed by the parties and is ripe for adjudication.

5

counsel that his firm had suffered a technical issue with a hard drive containing responsive documents and that the production would be further delayed.

Likewise, Plaintiffs issued a subpoena *duces tecum* to the Iowa Correctional Institution for Women for documents relating to Defendant Tracey Richter. Ms. Richter's counsel has objected to the production of those documents. In an effort to resolve that dispute, counsel for Plaintiffs advised legal counsel for the Iowa Correctional Institution for Women to prepare a comprehensive list of responsive documents so the parties could evaluate responsive documents. To date, that list has not been provided and no documents have been produced from the Iowa Correctional Institution for Women.

On August 17, 2017, counsel for Magedson and Xcentric filed a Motion for a Protective Order requesting the Court:

> stay discovery pending the resolution of the pending motion to dismiss, or, alternatively, a protective order limiting discovery to non-privileged information that is relevant to claims and defenses and proportional to the needs of this case and to limit discovery in a manner that comports with the order in the case of *Xcentric Ventures, LLC, et al. v. Ben Smith*, Case No. 5:15-cv-05008-LTS, pending in the Northern District of Iowa.

(ECF No. 102). The Motion by Magedson and Xcentric is particularly troubling because, despite their desire to stay discovery, they would not join in the Plaintiffs' Motion to continue the trial of this matter. Essentially, Magedson and Xcentric want to "have their cake and eat it too" by not producing complete written discovery responses and not submitting to being deposed, while simultaneously attempting to force the Plaintiffs into a trial by surprise in less than four months.

Further, Magedson and Xcentric can properly meet their discovery obligations under the various orders and rulings in the Iowa litigation and the Protective Order entered in this case. But they have elected to follow a more dilatory path. This issue is

more fully addressed in the Plaintiffs' reply memorandum to Xcentric's Opposition to the Plaintiffs' Motion to Compel. (ECF No. 104).

The delays associated with gathering comprehensive discovery has prejudiced the Plaintiffs in their ability to properly prepare for the trial of this matter. This delay, through no fault of the Plaintiffs, constitutes in discovery represents "good cause" to continue the trial.

C. <u>The litigation is still in the pleading stage.</u>

The Plaintiffs filed their Amended Complaint on May 22, 2017. (ECF No. 67). However, the Plaintiffs did not have a transcript of the hearing (ECF No. 66) or the Court's Order (ECF No. 68), relating to the Defendants first Motions to Dismiss, prior to filing their Amended Complaint. In the Order, the Court made various findings based on the law, including applicable statute of limitation, with regard to the Plaintiffs' causes of action. Ultimately, the Court dismissed the Plaintiffs' entire initial Complaint.

In their most recently filed Motions to Dismiss, the Defendants argued, among other things, that the Plaintiffs failed to follow the Court's Order, which was issued one day after the Plaintiffs filed their Amended Complaint. (ECF Nos. 72 and 74).

At this point, the Court has yet to make a ruling on the Defendants' Motions to Dismiss the Plaintiffs' Amended Complaint. Again, the trial is four months away and it is unclear if the Plaintiffs' Amended Complain will survive the Defendants' Motions to Dismiss. Until the issues concerning whether the Plaintiffs have asserted a proper cause of action, the parties are essentially litigating in the dark and the delay in resolving the issues further constitutes "good cause" to continue the trial.

**IV.     Conclusion**

   For the reasons stated above, the Plaintiffs request the Court find "good cause" and grant their Motion to Continue the Trial of this Matter.  Specifically, the Plaintiffs request the Court continue the trial generally and suspend the deadlines of the Scheduling Order.  Further, the Plaintiffs ask the Court to grant the parties' request for a hearing on the Defendants' Motions to Dismiss.  If the Court denies the Defendants' Motions to Dismiss, then the Court can set a new trial date and enter a corresponding Scheduling Order.

                                                     Respectfully submitted,

                                                     JOHN M. PITMAN, III, and
                                                     PENINSULA PLASTIC SURGERY
                                                     CENTER, LTD


                                                   By: _____/s/ Seth D. Scott_____
                                                   Seth D. Scott (VSB #80907)
                                                   STANLEY & HOUCHENS, LLC
                                                   13508 Booker T. Washington Highway
                                                   Moneta, Virginia 24121
                                                   (540) 721-6028
                                                   (540) 721-6405 (facsimile)
                                                   sscott@shg-law.com

Aaron B. Houchens, Esq. (VSB #80489)
Seth D. Scott, Esq. (VSB#80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy.
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com
sscott@shg-law.com

*Counsel for Plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David A. Warrington, Esq.
LeClair Ryan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com
*Counsel for Defendant Xcentric Ventures, LLC and Edward Magedson*

Jesse R. Binnall, Esq.
Louise T. Gitcheva, Esq.
717 King Street, Suite 300
Alexandria, Virginia 22314
Phone: (703) 888-1930
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com
*Counsel for Defendants Anna Richter, Bert Pitman, and Tracey Richter*

Darren M. Meade
darrenmitchellmeade949@gmail.com

_____/s/ Seth D. Scott_____
Seth D. Scott (VSB #80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, Virginia 24121
(540) 721-6028
(540) 721-6405 (facsimile)
sscott@shg-law.com