AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Virginia

| | |
|---|---|
| John M. Pitman, III, et al. | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. 4:16-cv-00179 |
| Xcentric Ventures, LLC, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Ben Smith
100 NW State St, #9, Sac City, Iowa, 50583

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A attached hereto

| Place: Stanley & Houchens, LLC 13508 Booker T. Washington Hwy. Moneta, Virginia | Date and Time: 03/23/2017 5:11 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/24/2017

*CLERK OF COURT*

OR

_____            _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* John M. Pitman, III and Peninsula Plastic Surgery Center, LTD. , who issues or requests this subpoena, are:
Aaron B. Houchens, Esq. 13508 Booker T. Washington Hwy., Moneta, Virginia; (540)-721-6028; ahouchens@shg-law.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:16-cv-00179

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

❒ I served the subpoena by delivering a copy to the named person as follows:

_____

on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because:

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Pursuant to the attached Subpoena to Produce Documents, Information or Objects, or to Permit Inspection of Premises in a Civil Action, you are requested to produce the following documents and things identified below on or before the date stated on the subpoena.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.      All notes, memoranda, correspondence, email, telephone recordings, telephone records, audio recordings, video recordings or other documents evidencing, referring, or relating to communications between Tracey Richter and Anna Richter;

2.      All notes, memoranda, correspondence, email, telephone recordings, telephone records, audio recordings, video recordings or other documents evidencing, referring, or relating to communications between Tracey Richter and Bert Pitman a/k/a Bert Richter;

3.      All notes, memoranda, correspondence, email, telephone recordings, telephone records, audio recordings, video recordings or other documents evidencing, referring, or relating to communications between Tracey Richter and Darren Meade;

4.      All notes, memoranda, correspondence, email, telephone recordings, telephone records, audio recordings, video recordings or other documents evidencing, referring, or relating to communications between Tracey Richter and Edward Magedson;

5.      All notes, memoranda, correspondence, email, telephone recordings, telephone records, audio recordings, video recordings or other documents evidencing, referring, or relating to Xcentric;

6.      All notes, memoranda, correspondence, email, telephone recordings, telephone records, audio recordings, video recordings or other documents evidencing, referring, or relating to the website known as the Ripoff Report located at www.ripoffreport.com;

7.      All notes, memoranda, correspondence, email, telephone recordings, telephone records, audio recordings, video recordings or other documents evidencing, referring, or relating to John M. Pitman, III;

8.      All notes, memoranda, correspondence, email, telephone recordings, telephone records, audio recordings, video recordings or other documents evidencing, referring, or relating to PPS;

9.      All notes, memoranda, correspondence, pleadings email or other documents evidencing, referring, or relating to your prosecution of Darren M. Meade in case number FECR012634;

10.     All documents and other materials produced by you in response to any discovery request issued to you in the case styled *Xcentric Ventures, LLC and Ed Magedson v. Ben Smith,*

No.: CL15-4008 pending in the United States District Court for the Northern District of Iowa, Western Division;

11.    All notes, memoranda, telephone recordings, telephone records, audio recordings, video recordings, e-mail or other documents evidencing, referring, or relating to any conversation, discussion, or meeting between Tracey Richter and Anna Richter concerning John M. Pitman, III and/or PPS, from July 25, 2011 to the present;

12.    All notes, memoranda, telephone recordings, telephone records, audio recordings, video recordings, e-mail or other documents evidencing, referring, or relating to any conversation, discussion, or meeting between Tracey Richter and Bert Pitman a/k/a Bert Richter concerning John M. Pitman, III and/or PPS, from July 25, 2011 to the present;

13.    All notes, memoranda, telephone recordings, telephone records, audio recordings, video recordings, e-mail or other documents evidencing, referring, or relating to any conversation, discussion, or meeting between Tracey Richter and Bert Pitman a/k/a Bert Richter concerning John M. Pitman, III and/or PPS, from July 25, 2011 to the present;

14.    All notes, memoranda, telephone recordings, telephone records, audio recordings, video recordings, e-mail or other documents evidencing, referring, or relating to any conversation, discussion, or meeting between Tracey Richter and Darren Meade concerning John M. Pitman, III and/or PPS, from July 25, 2011 to the present;

15.    All notes, memoranda, telephone recordings, telephone records, audio recordings, video recordings, e-mail or other documents evidencing, referring, or relating to any conversation, discussion, or meeting between Tracey Richter and Edward Magedson concerning John M. Pitman, III and/or PPS, from July 25, 2011 to the present;

16.    All documents and other materials, relating to John M. Pitman, III and/or PPS, seized via a search warrant executed on any residence owned by Anna Richter;

17.    All documents and other materials, relating to John M. Pitman, III and/or PPS, seized via a search warrant in which you were the affiant;

18.    Any and all communications (including e-mail) between you and Tracey Richter;

19.    Any and all communications (including e-mail) between you and Anna Richter;

20.    Any and all communications (including e-mail) between you and Bert Pitman a/k/a Bert Richter;

21.    Any and all communications (including e-mail) between you and Darren Meade;

22.    Any and all communications (including e-mail) between you and Edward Magedson;

23.    Any and all communications (including e-mail) between you and any employee and/or agent of Xcentric;

24.    Any and communications between Anna Richter and/or (1) Bert Pitman a/k/a Bert Richter; (2) Darren Meade, (3) Edward Magedson, and/or (4) any other employee or agent of Xcentric (or any combination thereof); and

25.    Any other documents and/or electronically stored information relating to John M. Pitman and/or PPS.

## DEFINITIONS & INSTRUCTIONS

1.    Unless otherwise stated, the requests herein refer to the time period of January 25, 2011 through present.

2.    As used herein, the terms "document" or "documents" or "documentation" including these terms as defined by 16 C.F.R. § 3.34(b) and, in addition, the original or drafts or any kind of written, printed, recorded, or graphic matter or sound reproduction, however produced or reproduced, whether sent or received or neither, and all copies thereof which are different in any way from the original (whether by notation, indication of copies sent or received or otherwise) regardless of whether designated "Confidential," "Privileged" or otherwise and including, but not limited to, any correspondence, paper, book, account, drawing, agreement, contract, email, handwritten, notes, invoice, memorandum, telegram, object, opinion, purchase order, report, records, transcript, summary, study, survey recording of any telephone or other conversation, interviews or notes of any conference. The terms "document" or "documents" shall also include data stored, maintained or organized electronically or magnetically or through computer equipment, translated, if necessary, by you into reasonably usable form, and film impressions, magnetic tape and sound or mechanical productions of any kind or nature whatsoever.

3.    Except for privileged materials, produce each response document in its entirety by including all attachments and all pages, regardless of whether they directly relate to the specified subject material or not. Except for privileged material, do not mask, cut, expunge, edit, or delete any responsive document or portion thereof in any manner.

4.    If a form of privilege or immunity is claimed as a ground for withholding a response, submit a written statement that describes the factual basis of the purported privilege or claim of immunity in sufficient detail to permit the court to adjudicate the validity of the claim.

5    As used herein, "Xcentric" shall mean Xcentric Ventures, LLC. and each of its predecessors, successors, groups, divisions, subsidiaries, and affiliates and each of its present or former officers, directors, employees, agents, controlling shareholders (and any entity controlled by any such controlling shareholder) or other person acting for or on behalf of any of them.

THIS SUBPOENA IS NOT REQUESTING THE PRODUCTION OF ANY ATTORNEY-
CLIENT PRIVILEGED MATERIALS WHICH MAY OR MAY HAVE BEEN
RECOVERED PURSUANT TO ANY SEARCH WARRANT EXECUTED DURING
YOUR INVESTIGATION(S) RELATED TO THESE MATTERS REFERENCED IN
THIS SUBPOENA.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was sent to the following,

via e-mail and first class mail, postage prepaid, this 24th day of March, 2017.

David A. Warrington, Esq.
LeClairRyan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com
     *Counsel for Defendant Xcentric Ventures, LLC and Edward Magedson*

Jesse R. Binnall, Esq.
Louise T. Gitcheva, Esq.
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, Virginia 22314
Tel: (703) 888-1930
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com
     *Counsel for Defendants Anna Richter, Bert Pitman and Tracey Richter*

_____