IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| JOHN M. PITMAN, III, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No.: 4:16-cv-00179 |
| ) | |
| XCENTRIC VENTURES, LLC, *et al.,* ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO DISCLOSE EXPERT OPINIONS

COMES NOW, the Plaintiffs, John M. Pitman ("Pitman") and Peninsula Plastic Surgery Center, LTD. ("PPS') (collectively the "Plaintiffs"), by counsel, and in support of their Motion for an Extension of Time to Disclose Expert Opinions, state as follows:

### FACTUAL BACKGROUND

This action was initiated by the Plaintiffs on October 5, 2016 in the Circuit Court for Williamsburg/James City County, Virginia. (ECF No. 1). The case was removed by Defendant Edward Magedson ("Magedson") to the United States District Court for the Eastern District of Virginia on December 7, 2016. (ECF No. 1). The Plaintiffs resisted the removal, but their Motion to Remand was denied on March 22, 2017. (ECF No. 57). Subsequently, this matter was set for trial on December 5, 2017. (ECF No. 57).

On February 28, 2017, Defendants Xcentric Ventures, LLC ("Xcentric") and Magedson filed a Motion to Dismiss. (ECF No. 39). Subsequently, on March 31, 2017, Anna Richter, Tracey Richter, and Bert Pitman also filed a Motion to Dismiss. (ECF No. 59). Those Motions were briefed and subsequently argued before the Court on May 11, 2017. At the hearing, the

1

Court indicated it would grant the Defendants' Motions to Dismiss, but gave the Plaintiffs leave to file an Amended Complaint. Plaintiffs Amended Complaint was filed on May 22, 2017 (ECF No. 67). On June 2, 2017, the Defendants moved to dismiss the Amended Complaint. (ECF Nos. 71 & 73). Afterwards, the second series of Motions to Dismiss were fully briefed via written arguments.

Since that time, the parties have exchanged written discovery. Specifically, the Plaintiffs issued discovery requests to Xcentric on March 28, 2017. While Xcentric provided some responses, it claimed it was unable to fully respond due to an injunction entered in a case involving Xcentric in the United States District Court for the Northern District of Iowa. Similarly, the Plaintiffs issued a subpoena *duces tecum* to Ben Smith, a prosecutor in Iowa, involved in the same litigation with Xcentric on March 24, 2017. Xcentric's Iowa Counsel and Ben Smith both objected and refused to respond to the lawfully issued subpoena *duces tecum* due to the terms of the injunction in the Iowa action.[1]

The Plaintiffs made multiple attempts to resolve the discovery issues with Xcentric's counsel, as well as Ben Smith's counsel. On July 22, 2017, Xcentric's Iowa counsel and Ben Smith's counsel finally initiated a formal dialogue to resolve the dispute which would allow responsive documents to be transmitted to the Plaintiffs in this action. However, to date, the Plaintiffs have yet to receive any documents from Ben Smith and have yet to receive supplemental responses from Xcentric regarding documents they claim are privileged from

---

[1] Counsel for the Plaintiffs have diligently worked with various interest groups to secure a response to this subpoena. More than five lawyers (in three states) are involved with coordinating a response and this process has been cumbersome. Plaintiffs anticipate a response to the subpoena in the near future. As articulated in other filings, the failure to secure these documents has substantially prejudiced the Plaintiffs ability to prepare this case for trial.

production due to the Iowa litigation. These documents are highly relevant to this action and the Plaintiffs must have these documents to properly litigate this matter.

Meanwhile, the Plaintiffs have attempted to locate and serve Defendant Darren Meade. On June 8, 2017, the Court granted the Plaintiffs' Motion to serve Defendant Meade by Publication. (ECF No. 77). Plaintiffs' counsel promptly forwarded the Court's Order to California to be published in the Orange County Register in Orange County, California. In accordance with Virginia Code § 8.01-317, the Order was published for four weeks. Plaintiffs' counsel received an Affidavit of Publication from the Orange County Register in accordance with Virginia Code § 8.01-317 and this Court's Order on July 15, 2017. To date, Darren Meade has not filed an answer or responsive pleading.

On August 22, 2017, the Plaintiffs filed a Motion to Continue the Trial of this Matter. (ECF No. 105). In support of that Motion, the Plaintiffs argued: (1) that service by publication on Defendant Darren Meade took a substantial amount of time; (2) the Plaintiffs have been unable to obtain documents from Defendants Xcentric, Magedson, and Darren Meade, as well as Ben Smith; and (3) that the litigation was still in the pleading stage. (ECF No. 106). Defendants Anna Richter, Tracey Richter, and Bert Pitman filed an opposition to the Motion for Continuance. (ECF No. 111). Defendants Xcentric and Edward Magedson did not formally oppose the Motion to Continue the Trial of this Matter.[2]

In the interim, the Court issued its Order and Opinion concerning the Defendants Motions to Dismiss the Amended Complaint. The Opinion and Order denied, in part, and granted, in part, the Defendants' Motions to Dismiss. The heart of the Plaintiffs' claims, however, survived.

---

[2] By inference, it appears that Xcentric and Magedson do not oppose a continuance of this matter. A continuance would grant the same relief the Plaintiffs seek in this Motion.

Despite seeking a continuance, the Plaintiffs have continued to pursue the documents in Iowa. On August 14, 2017, the Plaintiff again contacted counsel for Ben Smith regarding his response to the Plaintiffs' subpoena. Ben Smith's counsel advised Plaintiffs' counsel that the hard drive which once stored the responsive documents was now completely inoperable. Therefore, Ben Smith's counsel would have to re-examine and reproduce hundreds of pages of documents and thousands of electronic files to respond to the Plaintiffs' subpoena. At that time, Ben Smith's counsel was unable to estimate the amount of time needed to recreate the responsive documents.

Finally, the Plaintiffs issued written discovery requests to each of the Defendants on August 4, 2017 and August 25, 2017. Defendant Tracey Richter responded to Plaintiffs' Requests for Admission on September 1, 2017. However, Tracey Richter's counsel advised Plaintiffs' counsel that Tracey Richter's incarceration was making responding to the Plaintiffs' Interrogatories and Requests for Production of Documents difficult. Plaintiffs' counsel acknowledged the difficulty associated with Tracey Richter's incarceration, however her responses are now overdue. Plaintiffs also issued discovery requests to Magedson. To date, he has failed to answer this discovery. Instead, he filed various objections on August 18, 2017.

## ARGUMENTS & AUTHORITIES

I. **Legal Standard**

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Further, Local Rule of Civil Procedure 16(b) states "[t]he parties and their counsel are bound by the dates specified in any such orders and no extensions or continuances thereof shall be granted in the absence of a showing of good cause." However, "[m]ere failure on the part of counsel to proceed promptly with the normal processes

of discovery shall not constitute good cause for an extension or continuance." E.D. Va. Local Rule 16(b).

## II. Plaintiffs' Experts Cannot Prepare Their Opinions Because Discovery Is Incomplete

As required by Federal Rule 16(b)(4) and Local Rule 16(b), the Plaintiffs argue that the following facts rise to the level of "good cause" for the Court to grant an extension of time to make expert disclosures.

A. <u>The parties are still in the "fact" stage of discovery and no depositions have been conducted.</u>

As more fully discussed above, the parties are still essentially at the early stages of discovery. The Plaintiffs have yet to receive substantive responses from both Tracey Richter and Magedson. There is also an outstanding Motion to Compel concerning Xcentric's discovery responses. (ECF No. 93).[3] Simply put, the Plaintiffs' attempts to obtain discovery have resulted in slow, incomplete, and, in some circumstance, non-existent responses.

B. <u>The Plaintiffs have been prevented from obtaining documents in the possession of Defendant Xcentric, Defendant Magedson, Defendant Meade, Defendant Tracey Richter, and Ben Smith.</u>

The most substantial delays have come in Plaintiffs' attempts to obtain documents in the possession of four of the six defendants in this case. To date, neither Xcentric or Magedson have provided complete responses to the Plaintiffs' discovery requests. The discovery responses received from the other Defendants are essentially meaningless. For example, Anna Richter initially claimed that she did not maintain e-mails. After demands for production, she produced a scant selection of the requested e-mails. Plaintiffs are advised that the remaining e-mails were

---

[3] In addition, Plaintiffs had to move to compel Tracey Richter and Anna Richter's responses to the Plaintiffs' Requests for Admission. After briefing on that Motion, the Richters amended their previous deficient answers.

either deleted or never saved. Further, the Plaintiffs have encountered substantial delays in attempting to obtain documents from Iowa prosecutor Ben Smith.

The Plaintiffs refer the Court back to the arguments made under Section III(B) of their Memorandum in support of their Motion for a Continuance. (*See* ECF No. 106). Since the date of that Memorandum, the Plaintiffs have been informed that the production of the documents in possession Ben Smith will be substantially delayed as a result of technical problems. Further, while the Plaintiffs are sympathetic to Tracey Richter's counsel's difficulty in obtaining responses and documents from their client due to her incarceration, Tracey Richter's failure to timely respond to discovery requests has resulted in additional delay. Magedson has also failed to timely respond to the Plaintiffs' discovery requests.

As a result of the Plaintiffs' inability to obtain various documents and responses, they have been unable to set depositions for the Defendants and other fact witnesses. Without adequate responses and the aforementioned documents, the Plaintiffs experts cannot prepare their much-needed opinions and the Plaintiffs cannot properly prepare for depositions and/or trial.

C. The Plaintiffs' experts need the outstanding documents and discovery responses to form their opinions.

As required by the Scheduling Order, the Plaintiffs previously disclosed the identity and contact information for their expert witnesses. However, because of the delays in the initial discovery process, the Plaintiffs have been unable to provide necessary information and documents to their experts. Therefore, the Plaintiffs experts are unable to provide fully formed opinions based on the facts of this case. This has resulted in substantial prejudice to the Plaintiffs.

In summary, this case has essentially not proceeded past the initial written discovery stage. The delays in discovery, through no fault of the Plaintiffs, have made it impossible for the

Plaintiffs and their experts to adequately prepare a proper disclosure. Therefore, the Court should find "good cause" and grant an extension of time for the Plaintiffs to provide expert disclosures pursuant to Rule 26(a)(2)(B).

## CONCLUSION

For the reasons stated above, the Plaintiffs request that the Court find "good cause" and grant their Motion for an Extension of Time to Disclose Expert Opinions.

    Respectfully submitted,

JOHN M. PITMAN, III, and
PENINSULA PLASTIC SURGERY
CENTER, LTD

By: ____/s/ Aaron B. Houchens____
Aaron B. Houchens (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, Virginia 24121
(540) 721-6028
(540) 721-6405 (facsimile)
ahouchens@shg-law.com

Aaron B. Houchens, Esq. (VSB #80489)
Seth D. Scott, Esq. (VSB#80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy.
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com
sscott@shg-law.com
*Counsel for Plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.*

# CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David A. Warrington, Esq.
LeClair Ryan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com
 *Counsel for Defendant Xcentric Ventures, LLC and Edward Magedson*

Jesse R. Binnall, Esq.
Louise T. Gitcheva, Esq.
717 King Street, Suite 300
Alexandria, Virginia 22314
Phone: (703) 888-1930
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com
 *Counsel for Defendants Anna Richter, Bert Pitman, and Tracey Richter*

Darren M. Meade
darrenmitchellmeade949@gmail.com

           ____/s/ Aaron B. Houchens_____
           Aaron B. Houchens (VSB #80489)
           STANLEY & HOUCHENS, LLC
           13508 Booker T. Washington Highway
           Moneta, Virginia 24121
           (540) 721-6028
           (540) 721-6405 (facsimile)
           ahouchens@shg-law.com