**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| **JOHN M. PITMAN, III,** *et al.*, )<br>)<br>　　　**Plaintiffs,** )<br>)<br>vs. )<br>)<br>**XCENTRIC VENTURES, LLC,** *et al.,* )<br>)<br>　　　**Defendants.** )<br>_____) | **Civil Action No.: 4:16-cv-00179** |

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR A CONTINUANCE OF THE TRIAL OF THIS MATTER

Plaintiffs, John M. Pitman ("Pitman") and Peninsula Plastic Surgery Center, LTD. ("PPS') (collectively the "Plaintiffs"), by counsel, submit the following Reply Memorandum in Support of Plaintiffs' Motion for a Continuance of the Trial of this Matter. In support thereof, Plaintiffs state as follows:

### BACKGROUND

On August 22, 2017, Plaintiffs moved to continue the trial of this matter. (Ecf. No. 105). Defendants Xcentric Ventures, LLC ("Xcentric") and Edward Magedson ("Magedson") did not formally oppose the motion. Defendants Anna Richter, Tracey Richter and Bert Pitman (collectively the "Richter Defendants") opposed the motion. (Ecf. No. 111). In their opposition, the Richter Defendants baldly assert that this litigation is financially draining and their continued involvement in this litigation is prejudicial to them. These weak arguments should be rejected.

### ARGUMENTS & AUTHORITIES

  **I. THE RICHTER DEFENDANTS UNSUPPORTED CLAIMS CONCERNING PREJUDICE ARE BASELESS**

The chief complaint from the Richter Defendants in opposition to the continuance request is that they cannot continue to support the litigation costs of their defense. The Richter Defendant's attach no evidence or affidavits to support their claims of poverty. Moreover, the Richter Defendant's claims concerning litigation costs are completely at odds with their overly aggressive litigation tactics. The Richter Defendants have stonewalled this litigation at every stage of the proceedings. They have opposed every motion and filed a variety of objections and motions which, when challenged, were withdrawn. For example, the Richter Defendants objected and refused to answer Plaintiffs' Requests for Admission concerning the authenticity of an audio recording *containing their own voices*. Such tactics dispel the frivolous claims that this litigation is too expensive for them to maintain.

The Richter Defendants have also employed two different law firms and a variety of attorneys in their defense. Anna Richter and Bert Pitman were originally represented by Thomas K. Norment and a cadre of lawyers from Kaufman and Canoles. According to a recent survey, Kaufman and Canoles is the sixth largest law firm in Virginia with approximately 100 lawyers.[1] The decision to employ a large (and expensive) law firm before hiring current counsel cannot now be used as a sword to bolster the Richter Defendant's claims of prejudice. Currently, the Richter Defendants are actively defended by two Northern Virginia lawyers. The Richter Defendants' claims of poverty and prejudice are simply boilerplate lingo which fails to counter the Plaintiffs well-reasoned arguments for a continuance of the trial in this matter.

## II. THE PLAINTIFFS HAVE DEMONSTRATED GOOD CAUSE FOR A CONTINUANCE IN THIS MATTER

### A. The Recent Ruling on the Motions to Dismiss Does Not Alleviate the Need for a Continuance

---

[1] *See* 50 Largest Virginia Law Firms, Virginia Business, March 2016; available at http://www.virginiabusiness.com/pdf/0916LawFirmList.pdf.

At the time the Plaintiffs moved for a continuance, the Court had not ruled on the Defendants Motions to Dismiss. The Court's recent Opinion and Order clarified the scope of the litigation. However, this clarification will undoubtedly guide the parties and the discovery process. The Richter Defendants have not filed and Answer to the Amended Complaint and will likely raise new issues in their Answer. The current scheduling order prevents the Plaintiffs from propounding discovery on the Richter Defendants as the deadline to do so has already passed. This delay results in substantial prejudice on the Plaintiffs.

### B. The Richter Defendants Claims that the Plaintiffs Failed to Diligently Peruse Discovery Against Xcentric and Third Parties is Blatantly False

The Richter Defendants are misinformed and mislead the Court when they claim the "plaintiffs failed to act promptly in seeking and enforcing discovery in this case." (Mem. Opp. p. 3). Discovery opened on March 21, 2017. Within a week of that date, Plaintiffs issued discovery requests to Xcentric and a subpoena *duces tecum* to Ben Smith.

On April 12, 2017, Xcentric objected to nearly each discovery request. Xcentric filed partial responses on May 1, 2017, but cited the need for entry of a Protective Order before further responses could be issued. On May 2, 2017, counsel for Xcentric requested that the parties discuss the issue of a Protective Order. *See* Exhibit A, p. 6-7. That same day the parties conducted a conference call and at 11:17 p.m. that evening Plaintiffs' counsel circulated a draft Protective Order for review. Ex. A. p. 4. On May 21, the Richter Defendants had not provided their comments concerning the Protective Order and Plaintiffs' counsel again requested that the Defendants review the proposed Protective Order. Ex. A, p. 1. In the same e-mail, Plaintiffs' counsel advised the Defendants that any further delay "threatens our trial date." *Id.* On June 1, 2017, counsel for the Richter Defendants finally sent their proposed edits to the Protective Order.

3

On June 8, 2017, the Stipulated Protective Order was entered. Four days later, Plaintiffs' counsel again inquired as to when Xcentric would provide additional discovery responses. *See* Exhibit B. After not receiving any response from Xcentric, Plaintiffs' counsel again inquired with counsel for Xcentric about the discovery issues. *See* Exhibit C. When no response was received to this inquiry, Plaintiffs filed their Motion to Compel on August 3, 2017. (Ecf. No. 93). On August 17, 2017, Plaintiffs' counsel sent another letter regarding Xcentric's discovery deficiencies. *See* Exhibit D. In an apparent response, Xcentric filed a Motion for a Protective Order. (Ecf. No. 102).[2] To date, Xcentric has failed to properly respond to the Plaintiffs discovery requests.

Given the above, it is apparent that the Plaintiffs have acted in good faith to resolve the discovery dispute with Xcentric. As the attached exhibits demonstrate, counsel for the Richter Defendants were apprised of these efforts. Despite this knowledge, the Richter Defendants now claim that the Plaintiffs failed to diligently assert their rights. To the contrary, the Plaintiffs attempted to avoid Court intervention on these issues- a fact which should not be held against them.

Likewise, the Plaintiffs have worked with Ben Smith's counsel to avoid the filing of a Motion to Compel regarding the subpoena *duces tecum*. Less than a month after issuing the subpoena *duces tecum* to Ben Smith, Plaintiffs' counsel inquired about the status of any responsive documents. *See* Exhibit E. No response was received. Five days later, counsel for the Plaintiffs again inquired as to how Ben Smith's counsel wanted to handle the subpoena

---

[2] The above is a mere summary of the Plaintiffs efforts to resolve the discovery dispute regarding Xcentric's responses. The Plaintiffs have exchanged numerous e-mails and phone calls (not cited above) in an attempt to secure adequate responses and, in some cases, any response at all.

issues.[3]  *See* Exhibit F.  On various conference calls regarding the issue, Ben Smith's counsel advised that documents would be forthcoming and suggested that the entry of a Protective Order may encourage a more efficient resolution.

As the Virginia parties were negotiating the Protective Order, Plaintiffs' counsel again talked with Ben Smith's counsel about the subpoena response.  Those efforts continued after entry of the Stipulated Protective Order on June 8, 2017.  *See* Exhibit G.  In subsequent conference calls, the Plaintiffs were promised that documents would be produced.  On July 5, 2017, Plaintiffs' counsel made further efforts to get a response to the subpoena.  *See* Exhibit H.  Finally, on July 23, 2017, Iowa counsel appeared ready to move forward with a response.  Xcentric's Iowa counsel noted various objections but otherwise indicated that they were ready to authorize Ben Smith's counsel to produce various documents.  *See* Exhibit I.

On August 9, 2017, Ben Smith's counsel noted that his partner would be handling the production.  Plaintiffs' counsel immediately contacted him to start a dialogue about a formal production.  Since that date, Plaintiffs have been in constant contact with Ben Smith's Iowa counsel.  Recently, however, the Plaintiffs were advised that technical difficulties would further delay a proper production.  *See* Exhibit J.

As with the Plaintiffs' attempts to secure responses from Xcentric, the Plaintiffs have diligently pursued Ben Smith to demand a response to their subpoena.  Instead of filing various Motions to Compel, Plaintiffs have opted for a more cooperative approach- a fact lost on the Richter Defendants.

---

[3] During this time, Xcentric was actively litigating against Ben Smith in Iowa.  Ben Smith's counsel was working to resolve that dispute and the hope was that any resolution of that litigation would permit an expedited response to the subpoena.  That hope was misplaced.

### C. Plaintiffs Attempts to Serve Darren Meade and the Delay in Service Upon Darren Meade Constitutes Good Cause for a Continuance

The Richter Defendants claim that "service of Defendant Meade by publication does not arise to good cause for continuing the case." (Mem. Opp. p. 4). The Richter Defendants rely upon this Court's reputation as the "Rocket Docket" in an effort to undermine the efforts the Plaintiffs took to serve Darren Meade ("Meade"). This Court has already found that the Plaintiffs have diligently tried to locate and serve Meade with their initial Complaint. As articulated at the last hearing in this matter, Plaintiffs employed three (3) private investigators in an attempt to locate and serve Meade. When those efforts failed, the Plaintiffs sought guidance from the Court and moved to serve Meade via Order of publication. The Richter Defendants' short memory regarding those efforts dooms their argument with respect to this issue.

### CONCLUSION

For the foregoing reasons, this Court should grant the Plaintiffs Motion for a Continuance of the Trial in this Matter.

        Respectfully submitted,

        JOHN M. PITMAN, III, and
        PENINSULA PLASTIC SURGERY
        CENTER, LTD

        By: _____/s/ Aaron B. Houchens_____
        Aaron B. Houchens (VSB #80489)
        STANLEY & HOUCHENS, LLC
        13508 Booker T. Washington Highway
        Moneta, Virginia 24121
        (540) 721-6028
        (540) 721-6405 (facsimile)
        ahouchens@shg-law.com

Aaron B. Houchens, Esq. (VSB #80489)
Seth D. Scott, Esq. (VSB#80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy.
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com
sscott@shg-law.com

*Counsel for Plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David A. Warrington, Esq.
LeClair Ryan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com
 *Counsel for Defendant Xcentric Ventures, LLC and Edward Magedson*

Jesse R. Binnall, Esq.
Louise T. Gitcheva, Esq.
717 King Street, Suite 300
Alexandria, Virginia 22314
Phone: (703) 888-1930
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com
 *Counsel for Defendants Anna Richter, Bert Pitman, and Tracey Richter*

Darren M. Meade
darrenmitchellmeade949@gmail.com

                ____/s/ Aaron B. Houchens_____
                Aaron B. Houchens (VSB #80489)
                STANLEY & HOUCHENS, LLC
                13508 Booker T. Washington Highway
                Moneta, Virginia 24121
                (540) 721-6028
                (540) 721-6405 (facsimile)
                ahouchens@shg-law.com