IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Newport News Division)

| | |
|---|---|
| **JOHN M. PITMAN, III,** *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> **XCENTRIC VENTURES, LLC,** *et al.*, <br><br> Defendants. | **Civil Action No. 4:16-cv-00179** |

# DEFENDANT TRACEY RICHTER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Tracey Richter states the following for her answer to Plaintiffs' First Amended Complaint.

## NATURE OF THE ACTION

1. Defendant admits the allegations in Paragraph 1.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.

5. Defendant admits that the lawsuit seeks damages but denies that plaintiffs are entitled to damages. Defendant denies the remaining allegations in Paragraph 5.

## THE PARTIES

6. Defendant admits that plaintiff John Pitman is a citizen of the Commonwealth of Virginia and resides in Williamsburg, Virginia. Defendant

also admits that he is a medical doctor who is board certified in plastic surgery and that he is a reservist member of the U.S. Army Medical Corps. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7.

8. Defendant denies that she is a murderer but admits the remainder of the allegations in Paragraph 8.

9. Defendant admits the allegations contained in Paragraph 9.

10. Defendant denies that B. Pitman is a citizen of the Commonwealth of Virginia and that he resides in the Commonwealth of Virginia. Defendant lacks knowledge or information sufficient to form a belief about the truth of the statement that all the actions described in the Complaint were performed by B. Pitman in the Commonwealth of Virginia. Defendant admits that as of the filing of the Complaint, B. Pitman was a citizen of the State of Iowa residing in Urbandale, Iowa and that he is the son of T. Richter. Defendant also admits that B. Pitman is also known as B. Richter. Defendant denies the remaining allegations in Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13.

## JURISDICTION AND VENUE

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

## FACTS

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25.

26. Defendant admits that Pitman and T. Richter were married on August 14, 1988 and that Pitman and T. Richter's child B. Pitman was born on February 1, 1990. Defendant also admits that in June 1992, Pitman and T. Richter separated and T. Richter filed for divorce and that the divorce proceedings were contentious and lasted for approximately six years. Defendant also admits that the divorce concluded with T. Richter and Pitman being awarded joint legal custody with T. Richter being the primary custodian and Pitman having visitation rights. Defendant denies that T. Richter falsely accused Pitman of sexual molestation of their son but admits that Pitman denied that he sexually molested his son. Defendant denies that there were allegations that T. Richter tried to kill Pitman. Defendant denies the remainder of the allegations in Paragraph 26.

27. Defendant admits the allegations in Paragraph 27.

28. Defendant admits that in 1998 T. Richter and Michael Roberts moved from Chicago, Illinois to Early, Iowa. Defendant denies that she befriended her neighbor Dustin Wehde. Defendant denies the remaining allegations in Paragraph 28.

29. Defendant admits that Pitman sought full custody of B. Pitman. Defendant denies that she falsely accused Pitman of molesting their son.

Defendant admits that her current Husband was jailed on domestic violence charges. Defendant admits that Pitman requested full custody but denies that T. Richter attempted to alienate B. Pitman from Pitman by denying visitation. Defendant admits that a final custody/visitation hearing involving Pitman and T. Richter was scheduled to be heard in December 2001. Defendant denies the remaining allegations in Paragraph 29.

30.     Defendant admits that Wehde was killed when she shot him with two different firearms, firing eleven shots at Wehde. Defendant admits that nine bullets struck Wehde and that B. Pitman was present in the home when Wehde died. Defendant admits that, at trial, an expert later testified that one of those three shots had been fired into the victim's skull about fifteen minutes after the first two. Defendant denies the remaining allegations of Paragraph 30.

31.     Defendant admits that she acted in self-defense and that Wehde broke into her home and attacked her. Defendant also admits that there was a notebook that appeared to be a journal, which contained language that suggested Pitman had hired Wehde to stalk, harass, and murder T. Richter and B. Pitman. Defendant denies the remaining allegations in Paragraph 31.

32.     Defendant denies the allegations in Paragraph 32.

33.     Defendant admits the allegations in Paragraph 33.

34.     Defendant admits that Pitman was never charged but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34.

35.     Defendant admits the allegations in Paragraph 35.

36. Defendant admits the allegations in Paragraph 36.

37. Defendant admits that she asked law enforcement about the notebook but denies the remaining allegations in Paragraph 37.

38. Defendant admits that on January 31, 2008, the Buena Vista District Court entered its final order in the Michael Roberts and T. Richter's custody/visitation proceedings and awarded T. Richter primary custody. Defendant admits that the court made the quoted statements but states that they are taken out of context. Defendant denies the remaining allegations in Paragraph 38.

39. Defendant admits that in 2010, she was convicted of fraud (in Nebraska) and perjury (in Iowa). Defendant admits that no one else was charged in connection with Wehde's murder for nearly 10 years. Defendant denies the characterization of the home invasion as a "story." Defendant denies the remaining allegations in Paragraph 39.

40. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 40 but admits that Smith charged her with first degree murder.

41. Defendant admits the allegations in Paragraph 41.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42.

43. Defendant admits that she requested A. Richter and her fiancé locate a potential witness regarding a journal. Defendant lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43.

44. Defendant admits the allegations in Paragraph 44.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47. Defendant admits the allegations in Paragraph 47.

48. Defendant admits that following her conviction, there were discussions regarding gathering information to overturn the conviction. Defendant denies the remaining allegations in Paragraph 48.

49. Defendant admits the allegations in Paragraph 49.

50. Defendant admits the allegations in Paragraph 50.

51. Defendant admits that she made efforts to overturn her conviction. Defendant admits that Meade offered to aid in overturning T. Richter's conviction but denies that she ever communicated with Meade. Defendant denies that they were especially focused on Pitman. Defendant denies the remaining allegations in Paragraph 51.

52. Defendant admits that B. Pitman contacted a former employee of PPS at her request. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 52.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

54. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54.

55. Defendant admits she asked B. Pitman to gather information to show that Pitman lied when he testified against T. Richter. Defendant admits that they attempted to locate Pitman's girlfriend with the help of B. Pitman. Defendant denies that B. Pitman contacted multiple individuals. Defendant denies the remaining allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant admits she knew that Meade was investigation Michael Roberts. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57.

58. Defendant admits that she asked B. Pitman to contact Pitman's nurses, employees, and ex-girlfriends. Defendant denies that B. Pitman contacted Pitman's employees and ex-girlfriends. Defendant admits that B. Pitman contacted one employee of Pitman's. Defendant denies the remaining allegations in Paragraph 58.

59. Defendant states that some of the collection of information took place in the Commonwealth of Virginia. Defendant denies the remaining allegations in Paragraph 59.

60. Defendant denies that efforts included any information collected from her; she never spoke with Meade. Defendant lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 60.

61. Defendant denies that she shared any information with Magedson and Xcentric. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 61.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63. Defendant knew that Pitman was a plastic surgeon and that he had a business. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 63.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65. Defendant admits that there were posts concerning T. Richter's trial on Ripoff Report but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66.

67. Defendant denies that the posts contained content generated by defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 67.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68.

69. Defendant admits the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74.

75. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75.

76. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76.

77. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78. Defendant admits that she was aware that there were postings about the plaintiffs on Ripoff Report. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84.

85. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85.

86. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86.

87. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87.

88. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89.

90. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90.

91. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93.

94. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94.

95. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95.

96. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96.

97. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99.

100. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100.

101. (99) Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99.

102. (100) Defendant denies the allegations in Paragraph 100.

103. (101) Defendant denies that she posted any information about plaintiffs and that plaintiffs have been harmed. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 101.

104. (102) Defendant denies the allegations in Paragraph 102.

105. (103) Defendant denies that her actions caused any loss to plaintiffs. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 103.

106. (104) Defendant denies the allegation that she is taking any action enumerated in the complaint. Defendant lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 104.

107. (105) Defendant admits that Ripoff Report features information on her trial. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 105.

108. (106) Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106.

109. (107) Defendant admits that Magedson contributed to the Free Tracey Richter Legal Defense Fund but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 107.

## COUNT I
## (TORTIOUS INTERFERENCE)
## (Against all Defendants)

110. (108) Defendant incorporates her answers as set forth above.

111. (109) Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109.

112. (110) Defendant denies that she had knowledge of plaintiffs' specific business relationships and expectancies. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 110.

113. (111) Defendant denies the allegations in Paragraph 111.

114. (112) Defendant denies the allegations in Paragraph 112.

115. (113) Defendant denies the allegations in Paragraph 113.

116. (114) Defendant denies the allegations in Paragraph 114.

117. (115) Defendant denies the allegations in Paragraph 115.

118. (116) Defendant denies the allegations in Paragraph 116.

119. (117) Defendant denies the allegations in Paragraph 117.

120. (118) Defendant denies the allegations in Paragraph 118.

121. (119) Defendant denies the allegations in Paragraph 119.

**COUNT II**
**(COMMON LAW CONSPIRACY)**
**(Against all Defendants)**

122. (120) Defendant incorporates her answers as set forth above.

123. (121) Defendant denies the allegations in Paragraph 121.

124. (122) Defendant denies the allegations in Paragraph 122.

125. (123) Defendant denies the allegations in Paragraph 123.

126. (124) Defendant denies the allegations in Paragraph 124.

127. (125) Defendant denies the allegations in Paragraph 125.

128. (126) Defendant denies the allegations in Paragraph 126.

129. (127) Defendant denies the allegations in Paragraph 127.

130. (128) Defendant denies the allegations in Paragraph 128.

131. (129) Defendant denies the allegations in Paragraph 129.

**COUNT III**
**(STATUTORY BUSINESS CONSPIRACY)**
**(Against All Defendants)**

132. (130) Defendant incorporates her answers as set forth above.

133. (131) Defendant denies the allegations in Paragraph 131.

134. (132) Defendant denies the allegations in Paragraph 132.

135. (133) Defendant denies the allegations in Paragraph 133.

136. (134) Defendant denies the allegations in Paragraph 134.

137. (135) Defendant denies the allegations in Paragraph 135.

138. (136) Defendant denies the allegations in Paragraph 136.

139. (137) Defendant denies the allegations in Paragraph 137.

140. (138) Defendant denies the allegations in Paragraph 138.

141. (139) Defendant denies the allegations in Paragraph 139.

## COUNT IV
## (DECLARATORY JUDGMENT)
## (Against Defendant Xcentric)

142-148    (140-146) This count has been dismissed.

## COUNT V
## (INJUNCTIVE RELIEF)
## (Against Defendant Xcentric)

149-157    (147-155) This count has been dismissed.

WHEREFORE, defendant Tracey Richter requests that this Court deny plaintiffs the relief they seek and enter judgment for the defendants against plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs fail to state a claim upon which relief can be granted.

2.    Plaintiffs' claim for tortious interference is really a claim for defamation. Any claim for defamation is past the one year statute of limitations.

3.    This Court lacks personal jurisdiction over Tracey Richter as she does not have the minimum contacts with Virginia necessary to satisfy the Virginia long arm statute and due process.

Dated: September 12, 2017

        HARVEY & BINNALL, PLLC
        717 King Street, Suite 300
        Alexandria, Virginia 22314
        Tel: (703) 888-1943
        Fax: (703) 888-1930

        By:   /s/ Louise T. Gitcheva
        Jesse R. Binnall (VSB #79292)
        jbinnall@harveybinnall.com
        Louise T. Gitcheva (VSB #86200)
        lgitcheva@harveybinnall.com

*Counsel for Anna Richter, Bert Pitman & Tracey A. Richter*

## **Certificate of Service**

  I hereby certify that on September 12, 2017, I filed the foregoing using the Clerk's CM/ECF system, which will provide notice to all counsel of record.

  The foregoing was also sent via electronic mail to:

Darren Meade
DarrenMitchellMeade949@gmail.com

           By: __/s/ Louise T. Gitcheva__
           Louise T. Gitcheva (VSB #86200)
           HARVEY & BINNALL, PLLC
           717 King Street, Suite 300
           Alexandria, Virginia 22314
           Tel: (703) 888-1943
           lgitcheva@harveybinnall.com

           *Counsel for Anna Richter, Bert Pitman & Tracey A. Richter*