IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JOHN M. PITMAN, III, et al.,

        Plaintiffs,

v.                                         Civil Action No. 4:16cv179

XCENTRIC VENTURES, LLC., et al.,

        Defendants.

## OPINION & ORDER

This matter is before the Court on Plaintiffs John M. Pitman III's ("John Pitman's") and Peninsula Plastic Surgery Center ("PPSC's") (collectively, "Plaintiffs'") Motion to Compel ("Motion to Compel"), Doc. 93, and Defendants Edward Magedson's ("Magedson's") and Xcentric Ventures, LLC's ("Xcentric's") Motion for a Protective Order, Doc. 102. For the reasons stated herein, the Court **GRANTS** the Motion to Compel **IN PART** as outlined below and **DENIES** the Motion for a Protective Order.

### I.     BACKGROUND

This action arises from postings on the website Ripoff Report alleging negative facts about Plaintiffs. See generally Doc. 67 ("Am. Compl."). The Court entered a scheduling Order in this case on March 22, 2017. Doc. 58. The Final Pretrial Conference is scheduled for November 20, 2017, and trial is scheduled for December 5, 2017. Id.

Plaintiffs seek to compel Defendant Xcentric to answer two (2) requests for production. The RFPs and objections are as follows:

> 19. All documents and things produced by Ben Smith and/or Sac County in discovery or via a subpoena regarding the case styled <u>Xcentric Ventures, LLC and Ed Magedson v. Ben Smith</u>, No.: CL15-4008 pending in the United States District

Court for the Northern District of Iowa, Western Division.

At this time, documents responsive to this request are subject to a protective order in the above-referenced case. It is Xcentric's understanding that the parties involved in that litigation, as well as the plaintiffs in this matter, are working to resolve issues related to the scope of the protective order. At such time as the scope of the protective order is agreed to, Xcentric will supplement is [sic] response to this request.

20. All business tax returns (state and federal) and tax statements for 2013, 2014 and 2015 with all schedules and attachments.

Objection relevance.

Doc. 94 at 2. Plaintiffs sent these RFPs on March 28, 2017, Defendant Xcentric responded with objections on April 12, 2017, and produced documents on May 1, 2017. Id. at 1–2. Defendant Xcentric produced no documents responsive to these two (2) RFPs. Id. at 2. On June 8, 2017 the Court GRANTED the Parties' Stipulated Protective Order. Doc. 79. No production has occurred under these two (2) RFPs since entry of the Protective Order. Doc. 94 at 3; see also Doc. 101 at 4–5.

Plaintiffs filed the instant Motion to Compel on August 3, 2017. Doc. 93. Defendant Xcentric responded in opposition on August 17, 2017. Doc. 101. Defendants Xcentric and Magedson also filed the instant Motion for a Protective Order on the same day. Doc. 102. Plaintiffs replied regarding the Motion to Compel on August 21, 2017. Doc. 104. They responded in opposition to the Motion for a Protective Order on August 31, 2017. Doc. 109. Defendants Xcentric and Magedson did not reply.

## II. LEGAL STANDARD

The scope of discovery is broad, allowing parties to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). Information within that scope "need not be

admissible in evidence to be discoverable." Id. When responding to interrogatories, a party may answer by supplying business records. Fed. R. Civ. P. 33(d). A party seeking discovery may move the Court to compel answers to interrogatories and to produce items if the non-moving party fails to respond. Fed. R. Civ. P. 37(a)(3)(B). An incomplete answer to an interrogatory is treated the same as a non-answer for purposes of a motion to compel. Fed. R. Civ. P. 37(a)(4). However, prior to filing a motion to compel, the parties must meet and confer to attempt to resolve the dispute without the intervention of the Court. Fed. R. Civ. P. 37(a)(1). Generally, "the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." Singletary v. Sterling Transport Co., 289 F.R.D. 237, 241 (E.D. Va. 2012) (citing Finley v. Trent, 955 F. Supp. 642, 648 (N.D.W. Va. 1997)).

Pursuant to Federal Rule of Civil Procedure 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including... specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

### III. ANALYSIS

Each RFP in the instant Motion to Compel raises different concerns, and this Order addresses them in turn below, discussing the instant Motion for a Protective Order as part of discussing RFP 19.[1]

A.    **RFP 19: The Iowa Documents**

Plaintiffs observe that Defendant Xcentric still has not produced any responsive

---

[1] The Motion for a Protective Order also sought a stay of discovery pending a ruling on a renewed Motion to Dismiss, but the Court has ruled on that Motion to Dismiss. See Doc. 107. Thus, that portion of the instant Motion for a Protective Order is **MOOT**.

3

documents. Doc. 94 at 5. Defendant Xcentric argues that the Iowa documents are irrelevant to this lawsuit and that it would suffer prejudice from any compelled production because the entire purpose of the Iowa lawsuit was to prevent dissemination of the documents obtained in that case. Doc. 101 at 4–5. Because of its preliminary injunction in the Iowa case, and the related finding that it was likely to succeed on the merits, Defendant Xcentric insists that continued protection of the documents is justified. See id. It further contends that reading the preliminary injunction order and the Iowa protective order together makes it clear that "the parties are not to disclose sensitive information or use the information in matters other than the Iowa Litigation. If [the Iowa defendant] should not have these documents according to the Iowa District Court, neither should Plaintiffs." Id. at 5. Plaintiffs respond that the documents are relevant to Defendant Xcentric's conspiracy with the other Defendants in this case and that the Protective Order in the Iowa case does not prevent disclosure of one's own information. Doc. 104 at 4–7.

As a preliminary matter, Defendant Xcentric made no relevance objection to this RFP, nor does it offer any reason why the Court should excuse such a failure. Rule 33(b)(4) provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Although Rule 34 does not specifically apply waiver to RFPs, courts in this Circuit routinely apply that same language from Rule 33 to the requirement for timely objections under Rule 34. See, e.g., Primrose v. Castle Branch, Inc., No. 7:14-CV-235-D, 2016 WL 917318, at *5 (E.D.N.C. Mar. 8, 2016) (citing Frontier-Kemper v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 528 (S.D.W. Va. 2007); Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.D. 255, 258 (M.D.N.C. 2001)). Accordingly, the Court **FINDS** that Defendant Xcentric waived its relevance objection and has not stated good cause for excusing that waiver, and thus, the Court need not address that issue.

4

The prejudice objection is more closely tied to the actual objection, which concerns the scope of the Iowa protective order. It does not appear that the Iowa protective order prevents any disclosure in this case, as it states that "[b]y entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case." Id., Ex. C ¶ 22. The issue, then, is whether this Court should order production of the documents. It appears that some of the Iowa documents are privileged, and others involve sensitive financial information that is not generally producible at this stage. See Doc. 101 at 3; see also infra Part III.B (discussing the timing for financial information). The Court **GRANTS** the Motion to Compel **IN PART**, compelling production of all non-privileged documents requested by this RFP other than those containing sensitive financial information. The Court further **ORDERS** that Defendant Xcentric file any responsive documents containing sensitive financial information **IN CAMERA UNDER SEAL** for this Court's review of whether it must produce those documents. The Court additionally **ORDERS** that Defendant Xcentric prepare a privilege log for any documents protected by attorney-client privilege or the attorney work product doctrine and file such documents **IN CAMERA UNDER SEAL** for this Court's review of whether it must produce those documents.

In the related Motion for a Protective Order, Defendants Xcentric and Magedson seek an Order limiting discovery to communications between any Defendants in this matter related to the allegations in the Amended Complaint. See Doc. 103 at 6–7. They argue that full production is not proportional to the needs of the case. Id. Plaintiffs respond in opposition, citing their argument under the Motion to Compel that the documents are relevant to how Defendant Xcentric conspired with others. Doc. 109 at 2. The instant Motion for a Protective Order is

5

attempting to raise a proportionality objection that Defendant Xcentric should have raised with its other objection, and it is another attempt to raise an untimely objection. The Court need not address whether Rule 26(c) permits such a request, as the Court **FINDS** that these documents are proportional to the needs of the case because Xcentric's alleged conspiratorial and extortionate activities are the alleged primary cause of the large injury at issue in this matter, and the documents concern Xcentric's alleged conspiratorial and extortionate activities. Thus, the Court **DENIES** the instant Motion for a Protective Order.

### B. RFP 20: Tax Returns

The Parties essentially agree that a claim for punitive damages must survive summary judgment before a plaintiff is entitled to tax returns, see Doc. 101 at 6–8, Doc. 104 at 8, and the only issue here is whether to strike the objection, see Doc. 104 at 8. Defendant Xcentric cites authority from other Districts in this Circuit granting a plaintiff leave to renew a motion to compel after a ruling on summary judgment. Doc. 101 at 6 (citing Nix v. Holbrook, No. 5:13cv1273, 2015 WL 791213, at *3 (D.S.C. Feb. 25, 2015) (citations omitted)). This Court will follow that approach, **GRANTING** the instant Motion to Compel **IN PART** to the extent it seeks to strike the relevance objection, but **DENYING** it **IN PART WITH LEAVE** to renew the Motion regarding this RFP when the punitive damages claim survives a summary judgment motion or the time for summary judgment motions expires.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to Compel, Doc. 93, **IN PART**, compelling production of all non-privileged documents requested by RFP 19 other than those containing sensitive financial information and striking the relevance objection to RFP 20, but otherwise **DENIES** the Motion to Compel **IN PART WITH LEAVE** to renew the Motion

to Compel regarding this RFP when the punitive damages claim survives a summary judgment motion or the time for summary judgment motions expires. The Court further **ORDERS** that Defendant Xcentric file any responsive documents containing sensitive financial information or privileged documents **IN CAMERA UNDER SEAL** for this Court's review of whether it must produce those documents. The Court **DENIES** the Motion for a Protective Order, Doc. 102.

The Clerk is **REQUESTED** to send a copy of this Opinion & Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 12, 2017