**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Newport News Division)**

| | |
|---|---|
| JOHN M. PITMAN, III, *et al.*, <br><br>    **Plaintiffs,** <br><br> **vs.** <br><br> XCENTRIC VENTURES, LLC, *et al.*, <br><br>    **Defendants.** | **Civil Action No. 4:16-cv-00179** |

**Family Defendants' Opposition to**
**Plaintiffs' Motion for An Extension of**
**Time to Disclose Expert Opinions**

Plaintiffs identified experts solely to testify as to their economic damages. These damages will be based on the financial information possessed by the Plaintiffs themselves. Indeed, Defendants Anna Richter, Bert Richter, and Tracey Richter ("Family Defendants") are unaware of any outstanding discovery requests that Plaintiffs' experts would require to opine on the economic situation of Dr. Pitman or PPS, and Plaintiffs have not identified the specific missing discovery that they require for their experts. Moreover, by again failing to meet and confer with the Family Defendants prior to filing their motion, the Family Defendants do not know what discovery Plaintiffs need and whether a short extension could be agreed upon without the need for a contested motion. Even if Plaintiffs did need such information, they have not acted diligently in pursuing discovery and moving to compel responses. For these reasons and

because the Family Defendants would be prejudiced by an extension, the Plaintiffs' Motion for an Extension of Time should be denied.

### Standard of Review

The dates specified in a scheduling order are binding on parties and counsel and no extension will be granted "in the absence of a showing of good cause. Mere failure on the part of counsel to proceed promptly with the normal processes of discovery shall not constitute good cause for an extension or continuance." L. R. 16(b).

### I.     Plaintiffs Alone Have The Information Their Experts Need

Plaintiffs have identified two experts: Dr. Larry Lynch and Dr. Tim Carpenter. Exhibit 1. Dr. Lynch's proffered expertise is in "forensic economics, business valuation, lost profit calculations/damages, loss of business goodwill and financial evaluation(s) of individuals and businesses." Dr. Carpenter's proffered expertise is identical. These are both damages experts that have been engaged to opine on the supposed economic losses of the Plaintiffs.

The Plaintiffs would, apparently, have the Court believe that Dr. Pitman and PPS need discovery to determine their own financial condition. They have not alleged that any of the Defendants or Ben Smith ever managed the Plaintiffs' money or possess any documents related to the Plaintiffs' financial condition. They do not seek disgorgement, which might require knowledge of the profits of another. In fact, they do not even attempted to explain why they would need discovery from others to calculate their own economic damages.

The Family Defendants acted diligently in responding to Plaintiffs' discovery requests and supplementing their responses when appropriate. This does not matter, because none of the requests go to the financial situation of the Plaintiffs. The same cannot be said for the Plaintiffs, who have failed to fully respond to the Family Defendants' discovery requests about their financial condition and alleged losses amounting to $15 million, as recently recognized by the Court when it granted the Family Defendants' Motion to Compel. Indeed, the Family Defendants are left to wonder if Plaintiffs and their counsel currently have financial data and documents to support their claim of damages, and, if they do not, what their factual basis was for claiming such extraordinary damages when they filed their complaint and amended complaint.

## II.    The Plaintiffs' Motion Is A Byproduct Of Their Lack Of Diligence

Local Rule 16(b) is clear: failure of a party to act promptly in the normal process of discovery shall not constitute good cause for a continuance. As the Family Defendants previously explained in successfully opposing the Plaintiffs' motion for a continuance, the Defendants did not act diligently in pursuing discovery and moving to compel responses that they believed were insufficient. Just as this lack of diligence did not amount to good cause for a continuance, it is not good cause for the extension requested here. *See* Order Denying Motion for A Continuance, Dkt. 126.

### III.    The Family Defendants Would Be Prejudiced By An Extension

The Family Defendants need to know the basis of the Plaintiffs' alleged financial losses to prepare their defense. This may require rebuttal experts, expert discovery, and depositions. Discovery is about to close. If the Plaintiffs are granted an extension, the Family Defendants will have insufficient time to properly prepare their defense and obtain rebuttal expert testimony.

### IV.    Plaintiffs Failed To Meet And Confer Before Filing This Motion

As the Court has previously explained, the parties must meet and confer, in person or by telephone, before filing motions concerning discovery matters. L. R. 37(E). Such motions must also be accompanied by a statement by counsel that the parties conferred in good faith or the Court will not hear the motion. This motion concerns discovery and is subject to that rule. Plaintiffs did not confer with the Family Defendants prior to filing this motion. Had the Plaintiffs conferred on such an extension, the Family Defendants could have inquired as to what information was needed by the experts and what actions could be taken to obtain such information so that the motion would not be necessary. Moreover, the Family Defendants may have agreed to a brief extension (as they have previously done in this case) so as to make this motion unnecessary.

The deadline for providing expert reports has now passed by 14 days, at the time of this brief. The Plaintiffs have not acted diligently in designating their experts. The Family Defendants will be prejudiced if the Plaintiffs are allowed to disclose expert reports at this late date. The Motion for an Extension

of Time to Disclose Expert Reports should be denied.


Dated: September 21, 2017

Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930


By: /s/ Louise Gitcheva
Jesse R. Binnall (VSB # 79292)
jbinnall@harveybinnall.com
Louise T. Gitcheva (VSB # 86200)
lgitcheva@harveybinnall.com

*Counsel for Anna Richter, Bert Pitman & Tracey Richter*

## **Certificate of Service**

I hereby certify that on September 21, 2017, I filed the foregoing using the Clerk's CM/ECF system, which will provide notice to all counsel of record.

The foregoing was also sent via electronic mail to:

Darren Meade
DarrenMichellMeade949@gmail.com

By:___/s/ Louise T. Gitcheva___
Louise T. Gitcheva (VSB # 86200)
HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, VA 22314
Tel: (703) 888-1943
lgitcheva@harveybinnall.com
*Counsel for Anna Richter, Bert*
*Pitman & Tracey Richter*