IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | | |
|---|---|---|
| JOHN M. PITMAN, III, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 4:16-cv-00179 |
| | ) | |
| XCENTRIC VENTURES, LLC, *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Plaintiffs, John M. Pitman ("Pitman") and Peninsula Plastic Surgery Center, LTD.

("PPS') (collectively the "Plaintiffs"), by counsel, submit the following Memorandum in Support

of Plaintiffs' Motion for Leave to Amend.

## FACTUAL BACKGROUND

This action was initiated by the Plaintiffs on October 5, 2016 with a Complaint in the

Circuit Court for Williamsburg/James City County, Virginia.  (ECF No. 1).  The original

Complaint contained claims for tortious interference, statutory business conspiracy and common

law civil conspiracy.  This Complaint was dismissed during a motions hearing on May 11, 2017

(ECF No. 65) and an Amended Complaint was filed on May 22, 2017.  An Opinion and Order

setting forth the Court's rulings on the first series of Motions to Dismiss was also filed on May

22, 2017.  (ECF No. 66).  The Amended Complaint was also challenged via various Motions to

Dismiss.

The second round of Motions to Dismiss were denied on August 29, 2017 (ECF No.

107).  Defendants Anna Richter, Tracey Richter and Bert Pitman (collectively the "Richter

Defendants") filed their Answer to the Amended Complaint on September 12, 2017 (ECF Nos.

117, 118 and 119).   Defendants Xcentric Ventures, LLC ("Xcentric") and Edward Magedson

("Magedson") missed the deadline for filing their Answers to the Amended Complaint and have

sought leave to file a late Answer.  The Plaintiffs do not oppose their request for leave.

Over the summer, the parties exchanged written discovery requests, objections and

Motions to Compel.[1]  On September 13, 2017, the Court issued its rulings with regard to the

Motions to Compel (ECF Nos. 124 and 125).  That same day, the Court also extended the

discovery deadline in its original scheduling order.  (ECF No. 126).  In response, to that ruling

the Plaintiffs supplemented their discovery responses on September 23, September 24, and

September 25, 2017.

Despite the ruling on Plaintiffs Motion to Compel discovery issues still abound.  For

example, Magedson was issued discovery requests on August 4, 2017, but has failed to respond.[2]

Recently, the parties have exchanged additional written discovery requests.  Xcentric, who had

not previously propounded any discovery requests, issued its first discovery requests on

September 22, 2017.  To date, no depositions have been taken and only three have been

scheduled.

During the discovery process, the Plaintiffs realized the need to amend its Amended

Complaint.  The Plaintiffs now seek leave to amend to remove the claim for tortious interference,

---

[1] A full recitation of the Plaintiffs efforts to gather discovery are contained in the Plaintiffs
Memorandum in Support of Motion for a Continuance of the Trial of this Matter (ECF No. 106)
and Reply Memorandum in Support of Plaintiffs' Motion for a Continuance of the Trial of this
Matter.  (ECF No. 115).  Plaintiffs incorporate those factual allegations herein.

[2] During a meet and confer telephone call, counsel for Magedson and Xcentric advised counsel
for the Plaintiffs that all outstanding discovery requests would be fully answered by September
27, 2017.

reduce the ad damnum, and to remove other claims consistent with the Court's Opinion and

Order dated August 29, 2017.

**ARGUMENTS & AUTHORITIES**

### I. LIBERAL STANDARD FOR LEAVE TO AMEND

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P.

15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 277, 230 (1962). This mandate is to be

heeded. *Foman*, 371 U.S. at 182. Adhering to this unequivocal holding of the United States

Supreme Court, the Fourth Circuit commands a "liberal reading of the rule's direction for 'free'

allowance," *Ward Elec. Serv. Inc. v. First Com. Bank*, 819 F.2d 496, 497 (4th Cir. 1987), and has

declared that "the law is well settled that leave to amend a pleading should be denied only when

the amendment would be prejudicial to the opposing party, there has been bad faith on the part of

the moving party, or the amendment would be futile." *Edwards v. City of Goldboro*, 178 F.3d

231, 242 (4th Cir. 1999) (internal citations and quotations omitted).

The Second Amended Complaint does not fall within any of the three exceptions noted

by the Fourth Circuit in *Edwards*. As explained below, granting the Plaintiffs' motion adheres to

the pro-amendment ethos of Rule 15(a), United States Supreme Court precedent, controlling

Fourth Circuit authority, and the fundamental policy that "[i]f the underlying facts or

circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to

be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. There exists

no reason why leave to amend should not be granted in this matter.

### II. PLAINTIFFS HAVE NOT UNDULY DELAYED FILING FOR LEAVE TO AMEND

Plaintiffs have not delayed in bringing this amendment and has moved for leave to amend

prior to the close of discovery and before any depositions have been taken. In fact, Plaintiffs

3

seek leave to amend before both Xcentric and Magedson have fully responded to written discovery requests. Moreover, neither Xcentric and Magedson have properly filed an Answer to the Amended Complaint. Likewise, the Richter Defendants and the Plaintiffs are still exchanging written discovery. For all intents and purposes, this litigation is still in its infancy. In any event, "delay alone is not a sufficient reason to deny a party leave to amend its pleading" unless the delay is "undue." *Atlantic Bulk Carrier Corp., v. Milan Express Co., Inc.*, 2010 WL 2929612 *4 (E.D. Va. 2010) (internal citation omitted).

For delay to be "undue" it must be "accompanied by bad faith on the part of the movant, futility of the proposed amendment, or prejudice to the non-movant." *Id.* (internal citation omitted); *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (reversing district court's denial of leave to amend complaint to add additional count where there was no showing of purposeful dilatoriness or bad faith by plaintiffs, nor material prejudice to defendants.) Without delay, Plaintiffs proposed Second Amended Complaint *removes* claims against the Defendants and substantially reduces its damages demand. This will undoubtedly streamline the litigation, assist with limiting outstanding discovery and cannot prejudice the Defendants in any way. *See also Ambrose v. Southworth Prods. Corp*., 953 F. Supp. 728, 732 (W.D. Va. 1997) (Delay alone, without prejudice, does not support the denial of a motion for leave to amend) (internal citations and quotations omitted).

## III.     GRANTING THE PLAINTIFFS LEAVE TO AMEND WILL NOT PREJUDICE THE DEFENDANTS

Granting leave to amend will not interfere with the Defendants rights or prejudice their ability to prepare for trial. "Absent prejudice to the opposing party, the mere fact that an amendment is offered late in the case is not enough to bar it." *Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1044 (4th Cir. 1984). In the instant matter, granting leave to

amend will not prejudice the Defendants or impair the Defendants' right to a fair trial. From the

inception of this case through the parties' recent motions to compel, the parties have been aware

of the Plaintiffs claims and they have been tested through vigorous litigation. Plaintiffs are not

seeking to assert new claims or additional damages. In fact, if anything, the proposed Second

Amended Complaint helps the Defendants. Moreover, the Defendants are aware of the

remaining and, except for the Richter Defendants, are in possession of, the majority of evidence

that the Plaintiffs will use to support its Second Amended Complaint (i.e. the documents secured

by Ben Smith in the Iowa litigation).

Given that the Defendants have, at all times relevant to this dispute, been aware of the

facts and issues upon which Plaintiffs Motion for Leave to Amend is based, granting Plaintiffs'

Motion will not prejudice the Defendants preparation for trial on the merits or the Defendants

ability to seek an early dismissal of the case through summary judgment. Likewise, the

Defendants have already addressed and contemplated certain legal issues associated with the

contract in its recent filings with this Court. Finally, the Defendants do not oppose the filing of

the Second Amended Complaint.

The Fourth Circuit has repeatedly reversed district courts that deny a plaintiff the right to

amend when the amendment involves an issue of which the defendant was aware. *See, e.g.,*

*Edwards*, 178 F.3d at 243 ("Pure speculation" defendant would suffer prejudice when amended

allegation derived from discovery regarding matters already contained in the complaint in some

form and amended factual allegations "ar[o]se from the same controversy as the balance of the

complaint"); *Island Creek Coal Co.,* 832 F.2d at 280 (4th Cir. 1987) ("The facts on which the

count which the plaintiffs sought to add to the complaint… was well known to the defendant…

The motion did not, therefore, take the defendant by surprise or require it to investigate a claim

of which it was not already cognizant."); *Foman*, 371 U.S. at 182 ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case."); *see also* 6 Charles Allan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1487 at 629-32 (2d 1990) ("courts have allowed amendments when it was established that doing so would not unduly increase discovery or delay the trial, and when the opponent could not claim surprise, but effectively should have recognized that the new matter included in the amendment would be at issue."). Given these facts, the Defendants cannot possibly suffer any prejudice if this Court grants the Plaintiffs leave to amend.

Again, the Motion is brought to clarify the Plaintiffs' damages and to remove a now unnecessary claim. The reduction in the ad damnum also limits the Defendants exposure and is a product of the Plaintiffs discovery efforts. The proposed amendment does not alter the allegations about the Defendants conduct. Since Xcentric and Magedson have not even answered the First Amended Complaint, they are unable to claim any prejudice by having to answer a Complaint with less claims.

**IV.     PLAINTIFFS' REMAINING CLAIMS ARE NOT FUTILE**

In the Fourth Circuit, leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (internal citations omitted); *see also Foman,* 371 U.S. at 182-183 ("Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations,… conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.").

The remaining claims in the Plaintiffs proposed Second Amended Complaint are identical to those which have already survived the Defendants' Motions to Dismiss. It is obvious on the face of Plaintiffs' amended pleading that the claims are not futile, but state a viable claims for conspiracy based upon the collective actions of the Defendants.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that their Motion for Leave to Amend be granted.

Respectfully Submitted,

By: ___/s/ Aaron B. Houchens___
Aaron B. Houchens (VSB #80489)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, Virginia 24121
(540) 721-6028
(540) 721-6405 (facsimile)
ahouchens@shg-law.com

Aaron B. Houchens, Esq. (VSB #80489)
Seth D. Scott, Esq. (VSB #80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy.
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com
sscott@shg-law.com
*Counsel for Plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David A. Warrington, Esq.
Shalin R. Sood, Esq.
LeClair Ryan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com
  *Counsel for Defendant Xcentric Ventures, LLC and Edward Magedson*

Jesse R. Binnall, Esq.
Louise T. Gitcheva, Esq.
717 King Street, Suite 300
Alexandria, Virginia 22314
Phone: (703) 888-1930
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com
  *Counsel for Defendants Anna Richter, Bert Pitman, and Tracey Richter*

Darren M. Meade
darrenmitchellmeade949@gmail.com

                    ____/s/ Aaron B. Houchens_____
                    Aaron B. Houchens (VSB #80489)
                    STANLEY & HOUCHENS, LLC
                    13508 Booker T. Washington Highway
                    Moneta, Virginia 24121
                    (540) 721-6028
                    (540) 721-6405 (facsimile)
                    ahouchens@shg-law.com