**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| **JOHN M. PITMAN, III,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Civil Action No.: 4:16-cv-00179 |
| ) | |
| **XCENTRIC VENTURES, LLC,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs, John M. Pitman ("Pitman") and Peninsula Plastic Surgery Center, LTD. ("PPS') (collectively the "Plaintiffs"), by counsel, submit the following Memorandum in Support of Plaintiffs' Motion to Compel. In support thereof, Plaintiffs state as follows:

**BACKGROUND REGARDING XCENTRIC'S DISCOVERY FAILURES**

*A. Documents Required to be Produced Pursuant to This Court's Order Dated September 13, 2017*

On March 28, 2017, Plaintiffs propounded their First Set of Requests for Production of Documents on Xcentric Ventures, LLC ("Xcentric"). Request numbers 19 sought the following:

> 19. All documents and things produced by Ben Smith and/or Sac County in discovery or via a subpoena regarding the case styled *Xcentric Ventures, LLC and Ed Magedson v. Ben Smith*, No.: CL15-4008 pending in the United States District Court for the Northern District of Iowa, Western Division.

On April 12, 2017, Xcentric filed its objections to the Plaintiffs' Requests for Production of Documents. The objections were challenged via a Motion to Compel. (ECF. No 93). The Court's Order regarding the Motion to Compel, granted the Motion with regard to Request number 19 and ordered the production of all non-privileged documents responsive to Request number 19. (ECF No. 125). Pursuant to Local Rule 37(c), Xcentric's responsive documents

1

were due on or before September 24, 2017. After entry of the Order, Plaintiffs counsel inquired with counsel for Xcentric regarding when the responsive documents would be produced. Xcentric's counsel advised that all responsive documents would be produced by September 27, 2017. No responsive documents have been produced and Xcentric is in violation of its obligations under this Court's Order and its agreement with Plaintiff's counsel.

## BACKGROUND REGARDING XCENTRIC'S OTHER DISCOVERY DEFICIENCIES

### A. Plaintiffs' First Interrogatories

Plaintiffs served their First Interrogatories on March 28, 2017, Xcentric responded, but the following interrogatories are deficient and/or the objections should be overruled. Plaintiffs need sufficient answers to the following interrogatories:

Interrogatory #6

> 6. Identify each and every posting on the Ripoff Report referencing, mentioning, and/or referring to Pitman, PPS and/or the Plaintiffs, including in your answer (i) the date of each post; (ii) the content of each post; (iii) the author of each post; (iv) whether or not the post has been redacted and if so the redaction and date thereof; and (v) identify each person(s) or entities that participated directly or indirectly to the posting of any post identified in response to this interrogatory.

In the main, Xcentric responded as follows:

**OBJECTION:** Only the postings related to the subject matter of this action are discoverable. Discovery related to any other postings not related to the subject matter of this litigation is not necessary or proportional to the needs of this case. Xcentric further objects to this interrogatory to the extent it seeks information not known or in the possession of Xcentric.

**RESPONSE:** Without waiving objections, Xcentric identifies the following postings on Ripoff Report that are about Pitman or PPS, which list is not exhaustive, and investigation continues:

Reports # 1000888, 1049232, 1005913

Interrogatory #8

8. Describe your relationship with Meade and identify all dates of employment Meade had with your business (whether or not this was formal employment or an independent contractor relationship) and identify in your answer (i) all payments you made to Meade or any of Meade's affiliates, agents, companies, or otherwise; (ii) the date of payment; (iii) the amount of any payment, and (iv) what the payment was for.

Xcentric responded as follows:

**OBJECTION:** Only those payments related to the subject matter of this action, or which are close in time to the subject matter of this action, are discoverable. Discovery related to any other payments is not necessary or proportional to the needs of this case.

**RESPONSE:** Xcentric states the following in response to interrogatory #8: Darren Meade did contract work for Xcentric including research, video editing, and promoting video on the internet related to rebuttal of a video created by John F. Brewington known as "the Put Put Video." Meade was not contracted or paid to post statements about Plaintiffs.

Interrogatory #13

13. Identify all communications with the following: Meade, A. Richter, B. Pitman, T. Richter and Sac County relating to PPS and/or Pitman from July 25, 2011 through the date of response. Identify in your answer (i) the date of any communication(s); (ii) the parties to the communication(s); and (iii) the substance of the communication(s).

Xcentric answered as follows:

**OBJECTION:** Only communications related to the subject matter of this action are discoverable. Discovery related to any other communications is not related to the subject matter of this litigation is not necessary or proportional to the needs of this case. Xcentric objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege or work product doctrine.

**RESPONSE:** Without waiving objections, Xcentric states the following in response to Interrogatory #13:

Relevant documents responsive to this request, such as copies of electronic mail or other correspondence, will be produced and identified by Bates number. Information regarding other communications is being investigated and gathered and the response to this interrogatory will be supplemented.

**B. Plaintiffs' First Requests for Production of Documents**

Plaintiffs made the following requests for production of documents to Xcentric, but Xcentric's responses (included below) are wholly insufficient.

Request #5

5. All documents received by you from non-parties relating to the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.

Xcentric produced various documents which included communications between Xcentric founder Magedson and Darren Meade indicating that Xcentric was purchasing documents from Darren Meade relating to Tracey Richter. Xcentric did not provide any of these documents or information in responses to Plaintiffs' requests for production of documents.

Requests #7 and #8

> 7. Any and all communications between you and A. Richter regarding the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.
> 8. Any and all communications between you and B. Pitman regarding the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.

Xcentric responded to both requests that Xcentric will produce responsive non-privileged documents and identify such document by bates number. No privilege exists between Xcentric and Anna Richter and Xcentric and Bert Pitman. Xcentric's document production did not include a single communication to or from Anna Richter or Bert Pitman.

Request #9

> 9. Any and all communications between you and Meade regarding the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.

Xcentric responded that it would produce responsive non-privileged documents and identify such document by Bates number. While Xcentric's supplemental response did contain communications with Darren Meade, it is unclear from Xcentric's response if it was a complete response. There were no communications to or from Darren Meade with regard to his work for Ripoff Report. Rather, most of the communications are related to threats of litigation and the potential resolution thereof. Further, Xcentric's document production included communications from Darren Meade that included attachments that were not produced.

**BACKGROUND REGARDING MAGEDSON'S DISCOVERY FAILURES**

On August 4, 2017, Plaintiffs propounded its First Discovery Requests to Magedson. *See* **Exhibit A** attached hereto. On August 18, 2017, Magedson filed his objections to these requests, but did not propound any answers. To date, Magedson has not answered the first discovery requests.

5

## MEET AND CONFER EFFORTS

Plaintiffs have diligently attempted to resolve these disputes without Court intervention. On August 17, 2017, Plaintiffs sent Xcentric's counsel a deficiency letter outlining the purported deficiencies to many of the deficient responses outlined above. *See* **Exhibit B** attached hereto. No supplemental responses were received.

Two days after the Court's ruling on the Plaintiffs' first Motion to Compel, counsel for Plaintiffs resubmitted its August 17, 2017 deficiency letter and requested that Xcentric produce responsive documents. At that time, the Plaintiffs also requested that Magedson answer the Plaintiffs' first discovery requests. *See* **Exhibit C** attached hereto. Plaintiffs requested that both Magedson and Xcentric respond by September 22, 2017. Counsel for Xcentric and Magedson responded that that he thought Magedson's responses were due by September 25, 2017, but advised that he would try to get responses by September 22, 2017. Shortly thereafter, Plaintiffs provided Magedson's counsel with another copy of the Plaintiff's first discovery requests via e-mail. *See* **Exhibit D** attached hereto.

After the exchange of this correspondence, the parties discussed the outstanding discovery responses via the telephone and counsel for Xcentric and Magedson advised that responses would be provided by September 27, 2017. As of the filing of this Motion, Magedson has not responded to discovery and Xcentric has not supplemented its responses.

**ARGUMENTS & AUTHORITIES**

**A. DEFENDANTS SHOULD BE COMPELLED TO PROVIDE COMPLETE DISCOVERY RESPONSES**

**I.    Legal Standard**

It is well established that the rules of discovery are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); and *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Under Federal Rule of Civil Procedure 37, a motion to compel is proper when a party fails to answer an interrogatory, and an evasive or incomplete answer must be treated as a failure to answer. Fed.R.Civ.P. 37(a)(3)(B), (a)(4). District courts have broad discretion in resolving discovery problems, including motions to compel. *See, e.g., Mylan Labs., Inc. v. Akzo*, N.V., 2 F.3d 56, 64 (4th Cir.1993); *LaRouch v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir.1986).

Federal Rule of Civil Procedure 33 states that an interrogatory addressed to a party corporation must be answered "by any officer or agent, who must furnish the information available to the party." Fed.R.Civ.P. 33(b)(1)(B). The United States Court of Appeals for the Fourth Circuit has said, " '[A]vailability' and 'control' are both 'words of art' and are 'used to express the same thought.' " *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 513 (4th Cir.1977) (*quoting Commonwealth v. Happnie*, 326 N.E.2d 25, 28–29 (Mass.App.Ct.1975)). It is well established that the rules of discovery are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); and *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Under Rule 34, the party responding to a production request must provide responsive documents which are in the possession, custody or control of the party. *See* Fed.R.Civ.P. 34(a)(1).

7

## II. Xcentric's Responses

**Request 19**

The Court has already ordered the production of responsive documents. Xcentric has failed to comply with this Court's Order and its discovery obligations. An appropriate sanction should be warranted for Xcentric's failure to comply.

**Interrogatory #6**

The interrogatory requested information concerning the posts which reference the Plaintiffs and dates of removal. Xcentric's objection is non-responsive to the request and should be overruled. Its answer, fails to address any of the requested information, ignores the request to identify the author(s) of the post and fails to discuss the redactions. This information is vital to the Plaintiffs' claims as Xcentric removed and/or redacted the posts. The Plaintiffs are not in possession of the information and without it cannot adequately prepare their expert reports. Moreover, many of the posts were authored under fictitious names, but Xcentric (a highly technical internet company) should be in the possession of the IP address of the authors- the interrogatory requests that information.

**Interrogatory #8**

This interrogatory seeks information about Xcentric's relationship with Darren Meade ("Meade"). Meade received information from Anna Richter and Bert Pitman concerning the Plaintiffs. This information, in part, appeared on the Ripoff Report posts referencing the Plaintiffs. Meade also authored various posts concerning Tracey Richter's criminal trial. It is important that the Plaintiffs have information concerning Meade's relationship with Xcentric.

The Plaintiffs requested Xcentric describe its relationship with Meade and identify all dates of Meade's employment with Xcentric (whether formal employment or independent

contractor relationship). Further, the Plaintiffs requested Xcentric identify (1) all payments Xcentric made to Meade or any of Meade's affiliates, agents, companies, or otherwise, (2) the date of payment, (3) the amount of payment, and (4) what the payment was for.

Xcentric responded that Darren Meade did contract work for Xcentric including research, video editing, and promoting video on the internet related to rebuttal of a video created by John F. Brewington known as "the Put Put Video." Xcentric went on to state that Meade was not contracted or paid to post statements about Plaintiffs. Xcentric's document production tells a different story.

Xcentric's document production included emails from employees and/or officers of Xcentric offering to pay Meade for research related to Tracey Richter. It also includes references to payments to Meade's landlord for his rent in Laguna Beach, California. There are other references to (1) payments and (2) control exerted over Darren Meade's work throughout the document production. How can Xcentric have documents relating to payments to Meade but not identify them in response to the interrogatory on the very same topic? Xcentric has simply failed to adequately and completely answer the interrogatory.

**Interrogatory #13**

The Plaintiffs requested Xcentric identify all communications with Darren Meade, Anna Richter, Bert Pitman, Tracey Richter, and Sac County, including Ben Smith. Xcentric responded that relevant documents will be produced and identified by Bates number in a supplement. Xcentric's document production to date only included communications with Darren Meade. No communications with the remaining Defendants and/or the other identified individuals were produced.

**Request #5**

This request governed documents received by third parties. As set out above, Xcentric failed to adequately respond to this request.

**Requests #7 and #8**.

These requests sought communications between Xcentric and Defendants Anna Richter and Bert Pitman. As indicated above, only communications with Meade were produced. If Xcentric has these communications (which it does) they should be produced. Moreover, the privilege object should be overruled as no specific privilege was identified and no privilege exists between these Defendants.

**Request #9**

This request governed communications between Meade and Xcentric. As set out above, Xcentric failed to adequately respond to this request.

### III. Magedson's Lack of Discovery Responses

Rules 33 and 34 of the Federal Rules of Civil Procedure require parties responding to interrogatories and requests for production to do so "within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 33(b)(2). Rule 5 allows for service of papers and pleadings other than the original complaint, by "electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served." Fed. R. Civ. P. 5(b)(2)(E). Thus, Plaintiffs' email propounding their discovery requests on August 4, 2017 triggered the running of the time period for Magedson's responses.

No answers have been served as of the filing of this Motion and Magedson is in violation of his discovery obligations under the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, this Court should grant the Plaintiffs' Motion to Compel and enter an order: (i) compelling Defendant Xcentric Ventures, LLC to provide a full and complete response to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents; (ii) compelling Defendant Edward Magedson to provide a full and complete response to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents; (iii) that the Court impose an appropriate sanction for the Defendants failures to comply with the Order of this Court and their discovery obligations; and (iv) for all other relief the Court deems necessary and proper.

                                              Respectfully submitted,

                                              JOHN M. PITMAN, III, and
                                              PENINSULA PLASTIC SURGERY
                                              CENTER, LTD

                                              By:     /s/ Seth D. Scott
                                              Seth D. Scott (VSB #80907)
                                              STANLEY & HOUCHENS, LLC
                                              13508 Booker T. Washington Highway
                                              Moneta, Virginia 24121
                                              (540) 721-6028
                                              (540) 721-6405 (facsimile)
                                              sscott@shg-law.com

Aaron B. Houchens, Esq. (VSB #80489)
Seth D. Scott, Esq. (VSB#80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy.
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com
sscott@shg-law.com
*Counsel for Plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David A. Warrington, Esq.
Shalin R. Sood, Esq.
LeClair Ryan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com
*Counsel for Defendant Xcentric Ventures, LLC and Edward Magedson*

Jesse R. Binnall, Esq.
Louise T. Gitcheva, Esq.
717 King Street, Suite 300
Alexandria, Virginia 22314
Phone: (703) 888-1930
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com
*Counsel for Defendants Anna Richter, Bert Pitman, and Tracey Richter*

    /s/ Seth D. Scott_____
Seth D. Scott (VSB #80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Highway
Moneta, Virginia 24121
(540) 721-6028
(540) 721-6405 (facsimile)
sscott@shg-law.com