

Seth D. Scott
sscott@shg-law.com

13508 Booker T. Washington Highway
Moneta, VA 24121
Telephone: 540/721-6028
Facsimile: 540/721-6405
www.shg-law.com

William M. Stanley, Jr.
Diane D. Stanley
Aaron B. Houchens

August 4, 2017

**Via Email and First Class Mail**
**David A. Warrington, Esq.**
**LeClairRyan**
**2318 Mill Road, Suite 1100**
**Alexandria, Virginia 22314**

      Re:    *John M. Pitman, III, et al. v. Xcentric Ventures, LLC, et al.*
             Civil Action No.: 4:16-cv-00179

Dear Mr. Warrington:

    Please find enclosed Plaintiffs' First Discovery Requests to Defendant Edward Magedson. If you have any questions, please do not hesitate to contact me, until then I remain;

Very truly yours,

Seth D. Scott

SDS/
Enclosure

cc:    Jesse Binnall, Esq. (via email and First Class Mail)
       Louise Gitcheva, Esq. (via email only)

Roanoke/Salem Office:
113 E. Main Street, Salem, VA 24153
Phone - 540/389-4498
Facsimile - 540/389-5040

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| JOHN M. PITMAN, III, *et al.* )<br>)<br>*Plaintiffs,* )<br>)<br>v. )<br>)<br>XCENTRIC VENTURES, LLC, *et al.* )<br>)<br>*Defendants.* ) | Civil Action No.:<br>4:16-cv-00179-HCM-DEM |

### PLAINTIFFS' FIRST DISCOVERY REQUESTS TO DEFENDANT EDWARD MAGEDSON

Plaintiffs, John M. Pitman, III ("Pitman") and Peninsula Plastic Surgery Center, Ltd. ("PPS") (collectively the "Plaintiffs"), by counsel, and request that Defendant, Edward Magedson ("Magedson"), answer the following Interrogatories and respond to the following Requests for Production of Documents in accordance with the Federal Rules of Civil Procedure:

### DEFINITIONS AND INSTRUCTIONS

1. The term "Pitman" means John M. Pitman, III.

2. The term "PPS" means Peninsula Plastic Surgery Center, Ltd.

3. The term "Plaintiffs" means both John M. Pitman, III and Peninsula Plastic Surgery Center, Ltd.

4. The pronoun "you" refers to the party to whom these discovery requests are addressed.

5. "Xcentric" means Defendant Xcentric Ventures, LLC.

6. "Ripoff Report" means the website located at www.ripoffreport.com, which is owned and operated by Xcentric.

1

7. "Meade" means Defendant Darren M. Meade.

8. "T. Richter" means Defendant Tracey Richter.

9. "B. Pitman" means Defendant Bert Pitman a.k.a Bert Richter.

10. "A. Richter" means Defendant Anna Richter.

11. "Sac County" means any representative, official, employee and/or agent of any agency which is involved with the governance of Sac County, Iowa, including but not limited to the Sac County Sheriff's Office, the Sac County Clerk of Court, the Sac County Attorney (specifically including Sac County Attorney Ben Smith and any of employee or agent of his office).

12. "Including" means including without limitation.

13. "Identify" or "identity" means to state or a statement of:

(1) in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

(2) in the case of a natural person, his or her name, address and telephone number, employer, and title or position;

(3) in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

2

  (4) in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

  (5) in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

  14. "Document" means any tangible thing in your possession, custody, or control by which information can be perceived by humans, with or without the aid of a machine, including, without limitation, letters, messages sent in any medium (including e-mail and text messages), agreements and contracts, notes and memoranda (whether made separately or added to other items), notebooks, computer files, mechanical and electronic sound recordings or transcripts thereof, photographs, micrographs, scanning electron micrographs, formal or informal drawings or diagrams, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, studies, reports, intra-office communications, bulletins, circulars, brochures, catalogs, advertisements, manuals, books, bills, spreadsheets and minutes of meetings.

  15. "Communication" means all oral, visual, or other sensory means of transmitting information, messages, or statements.

  16. "Relating to" and "relate to" mean containing, comprising, constituting, stating, setting forth, recording, describing, discussing, reflecting, interpreting, identifying, concerning, supporting, contradicting, referring to, or in any way pertaining to, in whole or in part, that subject to which it refers.

17. The term "or" shall mean either "and" or "or," whichever shall be the more inclusive in the context in which it is used.

18. Use of the plural shall include the singular, and use of the singular shall include the plural, whichever shall be more inclusive in the context in which it is used.

19. Unless otherwise indicated, the relevant time period for these discovery requests is from December 12, 2001 to present and include the time, place, and circumstances of the subject matter mentioned or complained of in the pleadings.

20. These discovery requests are continuing in nature and require you to supply such further or different information relative thereto that you may receive or of which you become aware before trial.

21. Where the name or identity of a person is requested, please state the full name, home address, and business address, if known.

22. Where knowledge, information, or possession of a party is indicated, such request includes the knowledge of the party's agents, representatives, and, unless privileged, his attorneys.

23. Where appropriate, the masculine gender may be considered to be substituted for the feminine gender and vice versa, and the singular may be considered substituted for the plural and vice versa.

24. If additional space is required to fully answer any discovery request, please continue the answer on a separate sheet of paper labeled in the upper left hand corner as a continuation of the answer to the specific discovery request (_e.g.,_ "continuation of answer to Interrogatory number 7").

25. In answering the discovery requests, please furnish all such information as is available to you and your agents, employees, representatives, including your attorneys, unless such information is claimed to be privileged from discovery. If you assert a claim of privilege (including any claim of work product doctrine), please set forth in detail in your answers grounds for the claim. If you consider any document to be privileged, then, with regard to each such document, provide the following information:

(1) Describe the document generally;

(2) Explain fully the basis for the claimed privilege;

(3) Identify the author and all signatories to the document;

(4) Identify the custodian of the original and all copies of the document.

(5) Identify the date of the document.

## INTERROGATORIES

1. Identify all persons having knowledge of the facts relating to the allegations set forth in the pleadings, and describe, in detail, the information that you believe each person possesses.

**ANSWER:**

2. Identify all persons who might be called as witnesses at trial, and describe in detail the substance of their expected testimony.

**ANSWER:**

3. Identify all documents, tangible things, or other materials you intend to introduce as exhibits at trial, or use for demonstrative purposes.

**ANSWER:**

4. Identify each person you expect to call as an expert witness at trial or any evidentiary hearing in this action, and with respect to each set forth the following:

   a. The subject matter on which the expert is expected to testify;
   b. The substance of the facts and opinions to which the expert is to testify; and
   c. A summary of the grounds for each opinion, including the documents and information reviewed by the expert and the qualifications, experience and prior testimony of the expert.

**ANSWER:**

5. Identify all communications with the following: Meade, A. Richter, B. Pitman, T. Richter and Sac County relating to PPS and/or Pitman from July 25, 2011 through the date of response. Identify in your answer (i) the date of any communication(s); (ii) the parties to the communication(s); and (iii) the substance of the communication(s).

**ANSWER:**

6. Identify all documents you received from the following: Meade, A. Richter, B. Ricther, T. Richter, and Sac County relating to PPS and/or Pitman from July 25, 2011 through the date of responses. Identify in your answer (i) the date you received the document(s); (ii) the parties providing the document(s); and (iii) the substance of the document(s).

**ANSWER:**

7. State with specificity all actions you took using the communications and/or documents identified in your responses to Interrogatories #6 and #7.

**ANSWER:**

8. Identify any and all Ripoff Report posts, that reference either of the Plaintiffs, which contain information you received from the communications and/or documents identified in your responses to Interrogatories #6 and #7.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents viewed by, relied upon, or referred to in answering any Interrogatory set for above or any Request for Production herein.

2. All documents or other tangible things identified in response to any Interrogatory set forth above.

3. All exhibits or things you intend to introduce at the trial of this action.

4. All documents produced in response to a subpoena issued by you in this case.

5. All documents received by you from non-parties relating to the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.

6. Any and all communications between you and Pitman, PPS and/or the Plaintiffs regarding the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.

7. Any and all communications between you and A. Richter regarding the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.

8. Any and all communications between you and B. Pitman regarding the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.

9. Any and all communications between you and Meade regarding the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.

10. Any and all communications between you and T. Richter regarding the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.

11. Any and all communications between you and Sac County regarding the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.

12. Any and all email communications to and/or from any party to this lawsuit from December 1, 2011 to present.

13. All documents and tangible things, including reports, models, or data compilations, which have been provided to, reviewed by, or prepared by or for any expert witness you have retained.

14. Produce a CV or resume for any individual you plan to call as an expert witness in this matter as well as any written reports prepared by such experts relating to this lawsuit and a history prior cases in which such individual has been retained as an expert.

15. Please provide a copy of any and all statements taken from any person and/or company known to have knowledge of the allegations set forth in the pleadings filed in this case.

16. Produce any and all insurance policies and declaration pages applicable to this claim.

17. Produce any and all documents and things concerning each and every affirmative defense that you have raised in this matter.

9

18. All documents and things produced by Ben Smith and/or Sac County in discovery or via a subpoena regarding the case styled *Xcentric Ventures, LLC and Ed Magedson v. Ben Smith*, No.: CL15-4008 pending in the United States District Court for the Northern District of Iowa, Western Division.

19. All personal tax returns (state and federal) and tax statements for 2013, 2014 and 2015 with all schedules and attachments.

          Respectfully submitted,

          JOHN M. PITMAN, III, and
          PENINSULA PLASTIC SURGERY
          CENTER, LTD

          By: _/s/ SD Scott_____
                Of Counsel

Aaron B. Houchens, Esq. (VSB #80489)
Seth D. Scott, Esq. (VSB #80907)
STANLEY & HOUCHENS, LLC
13508 Booker T. Washington Hwy
Moneta, Virginia 24121
540-721-6028 (telephone)
540-721-6405 (facsimile)
ahouchens@shg-law.com
sscott@shg-law.com

*Counsel for Plaintiffs John M. Pitman, III and Peninsula Plastic Surgery Center, LTD.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was sent to the following, via e-mail and first class mail, postage prepaid, this 4th day of August, 2017.

David A. Warrington, Esq.
LeClairRyan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Fax: (703) 647-5966
david.warrington@leclairryan.com
    *Counsel for Defendant Xcentric Ventures, LLC and Edward Magedson*

Jesse R. Binnall, Esq.
Louise T. Gitcheva, Esq.
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, Virginia 22314
Tel: (703) 888-1930
jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com
    *Counsel for Defendants Anna Richter, Bert Pitman and Tracey Richter*

_____