

**STANLEY & HOUCHENS**
——————————— LLC

Seth D. Scott
sscott@shg-law.com

13508 Booker T. Washington Highway
Moneta, VA 24121
Telephone: 540/721-6028
Facsimile: 540/721-6405
www.shg-law.com

William M. Stanley, Jr.
Diane D. Stanley
Aaron B. Houchens

August 17, 2017

**<u>Via E-Mail and First Class Mail</u>**
David A. Warrington, Esquire
LeclairRyan
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314

> *Re:   John M. Pitman, et al. v. Xcentric Ventures, LLC, et al.*
> *Case No. 4:16-cv-00179*

Dear Mr. Warrington:

I am writing with regard to your responses to the Plaintiffs' First Discovery Requests.  Our Motion to Compel, filed on August 3, 2017, addressed many of these issues, but we felt that additional clarification is necessary to ensure that your client has a clear understanding of what we are seeking in discovery.  We request that you address the following and/or supplement your responses by August 24, 2017.

*Interrogatory #6*

The Plaintiffs requested Xcentric identify each and every posting on the Ripoff Report referencing, mentioning, and/or referring to Pitman, PPS, and/or the Plaintiffs.  Further, the Plaintiffs requested Xcentric provide (1) the date of each post, (2) the content of each post, (3) the author of each post, (4) whether or not the post has been redacted and if so the redaction and date thereof, and (5) identifies of each person(s) or entities that participated directly or indirectly to the posting of any post identified in response to the interrogatory.

Xcentric's response included only the report numbers and the search terms used.  Further, Xcentric indicated it was continuing to search for responsive reports.  Xcentric has a duty to supplement its response and provide the following information:

1. Please properly identify the authors of the reports.

2. Please identify each person or entity that participated, directly or indirectly, in posting any of the reports identified in response to Interrogatory #6.

3. Please address subpart (iii) regarding redaction of the posts.

4. Please supplement your response with additional report numbers.

If the author the any post is unknown, we request that Xcentric identify the IP address of the author and any other identifying information maintained by Xcentric.

*Interrogatory #8*

The Plaintiffs requested Xcentric describe its relationship with Meade and identify all dates of Meade's employment with Xcentric (whether formal employment or independent contractor relationship). Further, the Plaintiffs requested Xcentric identify (1) all payments Xcentric made to Meade or any of Meade's affiliates, agents, companies, or otherwise, (2) the date of payment, (3) the amount of payment, and (4) what the payment was for.

Xcentric responded that Darren Meade did contract work for Xcentric including research, video editing, and promoting video on the internet related to rebuttal of a video created by John F. Brewington known as "the Put Put Video." Xcentric went on to state that Meade was not contracted or paid to post statements about Plaintiffs.

Oddly, Xcentric's document production included emails from employees and/or officers of Xcentric offering to pay Darren Meade for research related to Tracey Richter. *See* Bates # 54, 443. It also includes references to payments to Darren Meade's landlord for his rent at 22318 3rd Avenue in Laguna Beach, California. *See* Bates #436-37, 440. There are other references to (1) payments and (2) control exerted over Darren Meade's work throughout the document production. Based on the documents, it appears that Xcentric's answer to Interrogatory #8 was either incorrect or disingenuous. We respectfully request that you provide a full response to this interrogatory which includes (1) dates of all payments, including to Darren Meade's landlord(s), (2) amount of all payments, and (3) the reason for the payment.

*Interrogatory #9*

The Plaintiffs requested Xcentric identify all communications it had with Pitman, PPS, the Plaintiffs and/or an employee, agent, or independent contractor to the Plaintiffs regarding any post concerning the Plaintiffs on Ripoff Report.

Xcentric responded that it would provide a recording from a telephone communication dated October 25, 2013. The Plaintiffs have been unable to locate this recording in Xcentric's responses. Please provide the recording.

*Interrogatory #13*

The Plaintiffs requested Xcentric identify all communications with Darren Meade, Anna Richter, Bert Pitman, Tracey Richter, and Sac County, including Ben Smith.

Xcentric responded that relevant documents will be produced and identified by Bates number in a supplement. Xcentric's document production to date only included communications with Darren Meade. Accordingly, Xcentric has a duty to supplement its response and provide the following information:

1. Please identify all communications with Anna Richter.

2. Please identify all communications with Tracey Richter.

3. Please identify all communications with Bert Pitman.

4. Please identify all communications with Sac County.

5. Please supplement Xcentric's response with regard to Darren Meade.

6. Please update your document production with regard to the same.

*Interrogatory #14*

The Plaintiffs requested Xcentric identify all money payments to or received from Darren Meade, Tracey Richter, Bert Pitman, and Anna Richter.

Xcentric responded that it made payments to Darren Meade and that documentation of the payments would be produced and identified by Bates number. Xcentric has failed to provide any documentation of the payments to Darren Meade. Please supplement Xcentric's response to this interrogatory.

*Request for Production #5*

The Plaintiffs requested all documents received by you from non-parties relating to the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in the case.

Xcentric responded that it had no responsive documents. However, Xcentric received documents relative to its participation in *Xcentric Ventures, LLC and Ed Magedson v. Ben Smith*, Case No. C15-4008-MWB, which is still pending in the United States District Court for the Northern District for Iowa. Again, it appears that this response was incorrect. This information is critical to this litigation and Xcentric has been avoiding providing the requested documents for far too long. Our Motion to Compel directly addresses this issue, but we would prefer to avoid have the Court adjudicate this issue. We request the following information:

1. Please provide the documents provided to Xcentric as a result of the aforementioned litigation.

2. If you claim a privilege or other protective status of any of the documents, please provide the basis for claiming the privilege or protective status.

3. If you claim a privilege or other protective status of any of the documents, please properly identify and/or classify the documents.

*Requests for Production #7 and #8*

The Plaintiffs requested any and all communications between Xcentric and Anna Richter (#7) and Xcentric and Bert Pitman (#8) regarding the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.

Xcentric responded to both requests that Xcentric will produce responsive non-privileged documents and identify such document by bates number. No privilege exist between Xcentric and Anna Richter or Xcentric and Bert Pitman. Xcentric's document production did not include a single communication to or from either Anna Richter or Bert Pitman. However, in an email dated July 14, 2014, Darren Meade informs Ed Magedson that Anna Richter has been advised to "no longer speak with" Darren Meade or Ed Magedson. *See* Bates #58. Please provide all communications between Xcentric and Anna Richter and Xcentric and Bert Pitman.

*Request for Production #9*

The Plaintiffs requested any and all communications between Xcentric and Darren Meade regarding the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.

Xcentric responded that it would produce responsive non-privileged documents and identify such document by Bates number. While Xcentric's supplemental response did contain communications with Darren Meade, it is unclear from Xcentric's response if it was a complete response. There were no communications to or from Darren Meade with regard to his work for Ripoff Report. Rather, most of the communications are related to threats of litigation and the potential resolution thereof. Further, Xcentric's document production included communications from Darren Meade that included attachments that were not produced. *See* Bates # 131, 312-313, 412. Finally, an email from Ed Magedson to Darren Meade requested Darren Meade provide information relative to Tracey Richter. *See* Bates # 443. Xcentric needs to produce the documents as requested, which includes the following:

1. Please state whether Xcentric has fully responded to this request.

2. If you claim a privilege or other protective status of any of the documents, please provide the basis for claiming the privilege or protective status.

3. If you claim a privilege or other protective status of any of the documents, please properly identify and/or classify the documents.

4. Please provide the attachments mentioned in the communications at Bates ## 131, 312-313, and 412.

5. Please provide any information relative to Tracey Richter provided to Xcentric by Darren Meade.

*Request for Production #11*

The Plaintiffs requested any and all communications between Xcentric and Sac County regarding the allegations contained in the pleadings or that are otherwise related to the facts or legal issues in this case.

Xcentric objected because the communications were subject to an injunction or protective order in *Xcentric Ventures, LLC and Ed Magedson v. Ben Smith,* Case No. C15-4008-MWB. Xcentric advised that it would respond to the request at such time as a protective order in the Iowa litigation was entered. We understand that Xcentric's counsel in Iowa has not objected to the disclosure of these documents and that the Iowa litigation has resolved. Regardless, Xcentric has a duty to comply with its discovery obligations in this matter. Xcentric must produce the following:

1. Please provide all documents responsive to this request.

2. If you claim a privilege or other protective status of any of the documents, please specifically provide the basis for claiming the privilege or protective status. Identify the provisions in the injunction or protective order that prevent Xcentric from producing all documents responsive to this request.

3. If you claim a privilege or other protective status of any of the documents, please properly identify and/or classify the documents.

*Request for Production #12*

The Plaintiffs requested any and all email communications to and/or from any party to this lawsuit from December 1, 2011 to the present.

Xcentric responded that it would produce responsive non-privileged documents, excluding those subject to the protective order identified in response to Request #11 and identify such document by Bates number. To date, the only email communications produced have been between employees of Xcentric and Darren Meade. We request the following:

1. Please provide all documents responsive to this request.

2. If you claim a privilege or other protective status of any of the documents, please specifically provide the basis for claiming the privilege or protective status. Identify the provisions in the injunction or protective order that prevent Xcentric from producing all documents responsive to this request.

3. If you claim a privilege or other protective status of any of the documents, please properly identify and/or classify the documents.

*Request for Production #18*

The Plaintiffs requested all documents evidencing, referencing, and/or relating to Pitman, PPS, and/or the Plaintiffs on the Ripoff Report, including any redactions thereof.

Xcentric responded that it would produce responsive non-privileged documents and identify such documents by Bates number. We request the following:

1. Please state whether the documents contained in Xcentric's supplemental response are fully responsive to this request.

2. If you claim a privilege or other protective status of any of the documents, please provide the basis for claiming the privilege or protective status.

3. If you claim a privilege or other protective status of any of the documents, please properly identify and/or classify the documents.

4. Please describe how you searched for documents responsive to this request.

*Request for Production #19*

The Plaintiffs requested all documents and things produced by Ben Smith and/or Sac County in discovery or via a subpoena regarding the case styled *Xcentric Ventures, LLC and Ed Magedson v. Ben Smith,* Case No. C15-4008-MWB pending in the United States District Court for the Northern District of Iowa.

Xcentric objected to the request on the ground that the documents were subject to a protective order and injunction in the aforementioned case. Xcentric stated all documents responsive to the request were subject to the protective order. Xcentric advised that it would respond to the request at such time as a protective order in the Iowa litigation was entered. As indicated above, this objection now lacks all merit. Moreover, we now have a Protective Order in this case which directly addresses any documents which would have been produced in the Iowa litigation. These documents are vital to this litigation and Xcentric must produce the following:

1. Please provide all documents responsive to this request.

2. If you claim a privilege or other protective status of any of the documents, please specifically provide the basis for claiming the privilege or protective status. Identify the provisions in the injunction or protective order that prevent Xcentric from producing all documents responsive to this request.

3. If you claim a privilege or other protective status of any of the documents, please properly identify and/or classify the documents.

*Miscellaneous*

In Xcentric's supplemental document production, Bates ##4, 5, 6, and 282 contained blacked out portions.  Further, Bates ##127 and 325 contain blacked out portions that are labeled "redacted".

1. Please state whether each of the above identified redactions were done intentionally.

2. Please state the reason for the redactions.

3. Please properly identify and/or classify the redacted portion(s) of the documents.

*Deposition*

On August 2, 2017, we requested deposition dates for Edward Magedson.   To date, you have failed to respond to our request.  Please confirm that Mr. Magedson will be available for his deposition during the week of September 18 – 22, 2017.

Please address the above deficiencies by August 24, 2017 in order to avoid Plaintiffs filing a Motion to Compel.  If you have any questions, do not hesitate to contact me.

Sincerely,

Seth D. Scott

SDS/

**Roanoke/Salem Office:**
113 E. Main Street, Salem, VA 24153
Phone – 540/389-4498
Facsimile – 540/389-5040